UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES GLITZ, et al., on behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANDRIDGE ENERGY, INC., et al.,<br><br>Defendants. | No. 5:12-cv-01341-W<br><br>CLASS ACTION |
| LOUIS CARBONE, on behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SANDRIDGE ENERGY, INC., et al.,<br><br>Defendants. | No. 5:13-cv-00019-W<br><br>CLASS ACTION |

THE SANDRIDGE INVESTOR GROUP'S MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

## MOTION

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Vladimir and Angelica Galkin (collectively, the "SandRidge Investor Group") hereby move this Court for an order: (1) consolidating the two related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing the SandRidge Investor Group as Lead Plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approving the  SandRidge Investor Group's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the class and Derryberry & Naifeh, LLP as Liaison Counsel . This Motion is made on the grounds that the SandRidge Investor Group is the "most adequate plaintiff" to serve as Lead Plaintiff and is accompanied by a Memorandum of Law and Declaration filed concurrently herewith.

## MEMORANDUM OF LAW

## I.      INTRODUCTION

Presently pending in this district are two securities class action lawsuits (the "Related Actions") on behalf of all purchasers of SandRidge Energy, Inc. ("SandRidge" or the "Company") securities between February 24, 2011 and November 8, 2012 (the "Class Period") against SandRidge, and its senior executives for violations of the Securities Exchange Act of 1934 (the "1934 Act"). In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii).  The

lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The SandRidge Investor Group should be appointed as Lead Plaintiff because: (1) it timely filed this Motion; (2) to its counsel's knowledge, it has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the SandRidge Investor Group's selection of Robbins Geller as Lead Counsel and Derryberry & Naifeh, LLP as Liaison Counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     STATEMENT OF FACTS

SandRidge, together with its subsidiaries, operates as an independent natural gas and oil company in the United States and is headquartered in Oklahoma City.  The Company engages in the exploration, development, and production of oil and gas properties.  Its Exploration and Production segment explores for, develops, and produces natural gas and oil reserves with focus on the Mid-Continent (a/k/a "Mississippian formation") and the Permian Basin.  This segment also operates leasehold positions in the West Texas Overthrust, Gulf Coast, and Gulf of Mexico.  The Company's Drilling and Oil Field Services segment is involved in the contract drilling of oil and natural gas wells primarily in the west Texas region.  Its Midstream Gas Services segment engages in purchasing, gathering, treating, and selling natural gas in west Texas.

Seeking to differentiate SandRidge from Chesapeake Energy and its heavily reliance on less profitable natural gas exploration, throughout the Class Period, defendants maintained that SandRidge had successfully transformed itself from being a primarily low-margin, natural gas producing company to a primarily high-margin, oil producing company.  As a result, as relayed by SandRidge's Chairman and Chief Executive Officer, defendant Tom L. Ward ("Ward"),  in an April

2012 interview with *Seeking Alpha.com*, the Company promised much stronger earnings and returns on investor capital:

> ***The important thing to understand is that we have a three-year strategy that no other company in the U.S. has; and that's that we're going to triple EBITDA, we're going to double our oil production, and we are going to increase production. And by the end of 2014, we'll be doing it all within our cash flow. And all the while, we'll be improving our credit metrics.***

Based on defendants' bullish mantra concerning SandRidge's successful conversion to being primarily a high-margin, oil producer rather than a low-margin, natural gas producer throughout the Class Period, and its purported strong business metrics, oil reserves and forward earnings guidance, the Company's stock traded at inflated prices throughout the Class Period, trading above $13 per share in intraday trading by April 1, 2011.  Meanwhile, defendants' bullish statements allowed them to significantly monetize the Company's Mississippian formation assets, *raising more than $5 billion*, by:

- ***Selling $2.75 billion in three private placements of SandRidge notes***, promising investors the Company would later register those notes for resale;

- Obtaining $1.5 billion in partially-funded joint venture commitments; and

- ***Raising $928.7 million*** by transferring certain Mississippian formation assets to two trusts and selling common units in those two trusts in two underwritten public offerings.

However, defendants shocked the market between November 8, 2012, after the close of trading, and November 9, 2012, before the opening of trading, by disclosing that they had been grossly overstating the proportion of oil-producing assets versus natural gas producing assets in the Company's Mississippian formation throughout the Class Period.  Defendants also disclosed that they intended to sell the remaining interest in the Company's Permerian Basin assets, though those assets were the Company's highest-margin, oil producing assets.  As the market absorbed this and other disclosures made by one of the Company's substantial shareholders concerning compensation

paid to and self-dealing by defendant Ward on November 8, stock analysts significantly downgraded the Company's stock valuation and SandRidge's stock price was hammered.

On this news, SandRidge's stock fell precipitously from its November 8, 2012 closing price of $6.10 per share to close at $5.51 per share on November 9, 2012, or 9%, on extremely high volume of more than six times the average daily trading volume over the prior three month period.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a).  Here, the Related Actions assert claims on behalf of purchasers of SandRidge securities for alleged violations of the 1934 Act.  Each of the Related Actions name the Company and additional executive officers as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased SandRidge securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements and whether defendants' conduct violates §10(b) and §20(a) of the 1934 Act and SEC Rule 10b-5.  Thus, the Related Actions should be consolidated.  *See generally In re SemGroup Energy Partners, L.P.*, No. 08-CV-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *2-*3 (N.D. Okla. Oct. 28, 2008) (noting that "consolidation, at least for pretrial proceedings, will serve to promote an orderly progression of this litigation, especially since discovery necessarily involves overlapping defendants and a common core of facts and legal issues that all relate to a purported scheme and course of conduct of deception").

### B.   The SandRidge Investor Group Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented

publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C.

§78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the

most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The SandRidge Investor Group meets each of these requirements

and should therefore be appointed as Lead Plaintiff.

### C.     This Motion Is Timely

The notice published in this action on December 5, 2012 advised class members of: (1) the

pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the

right to move the Court to be appointed as Lead Plaintiff within 60 days, or February 4, 2013.  *See*

Ex. 1 attached to the Declaration of Darren Derryberry in Support of the SandRidge Investor

Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's

Selection of Counsel and Memorandum of Law in Support Thereof ("Derryberry Decl.").  Because

this Motion is timely filed, the SandRidge Investor Group is entitled to be considered for

appointment as Lead Plaintiff.

### D.     The SandRidge Investor Group Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the SandRidge Investor Group collectively expended more than

$8.5 million, purchasing well over a million shares of SandRidge securities at artificially inflated

prices and suffered as the price of SandRidge stock fell during the Class Period.  *See* Derryberry

Decl., Ex. 2.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger

financial interest.  Therefore, the SandRidge Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest.

> **E.      The SandRidge Investor Group Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative and, thus, typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA."  *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) (Miles-LaGrange, J.).  "Typicality is satisfied when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory."  *Id.*  Adequacy, "for purposes of the lead plaintiff determination, is contingent upon both the existence of common interests between the proposed lead plaintiffs and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action."  *Id.* at 613 (citation omitted).  The SandRidge Investor Group satisfies these requirements at this stage of the litigation.

Each member of the SandRidge Investor Group has submitted a sworn certification confirming their desire, willingness and ability to serve as Lead Plaintiff.  *See* Derryberry Decl., Ex. 2.  Like all class members, the SandRidge Investor Group purchased SandRidge securities during the Class Period at allegedly inflated prices and suffered damages when defendants' misconduct came to light.  The SandRidge Investor Group is also not subject to unique defenses and is not aware of any conflicts between its claims and those asserted by the class.  Finally, as discussed below, the SandRidge Investor Group has selected qualified counsel experienced in securities litigation.

The SandRidge Investor Group's common interests shared with the class, its substantial financial interest and its selection of qualified counsel demonstrates that it *prima facie* satisfies the Rule 23 inquiry at this juncture.

**F.      The Court Should Approve the SandRidge Investor Group's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Friedman*, 261 F.R.D. at 615.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation.  *See* Derryberry Decl., Ex. 3.  District courts throughout the country, including courts in this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g., United Food & Commercial Workers Union v. Chesapeake Energy Corp.*, 281 F.R.D. 641,  654 (W.D. Okla. 2012) (DeGiusti, J.) (noting at the class certification stage that "Lead Plaintiff's selection of Robbins Geller to prosecute the claims in this case reflects Lead Plaintiff's understanding of the importance of experienced and competent counsel as well as its intent to provide adequate representation to the class members"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller.  Accordingly, the SandRidge Investor Group's selection of counsel should be approved.  The Court

should also approve of the selection of Derryberry & Naifeh, LLP as Liaison Counsel, a firm that has

substantial experience practicing before this Court.

## IV.     CONCLUSION

The SandRidge Investor Group has satisfied each of the PSLRA's requirements for

appointment as Lead Plaintiff.  As such, the SandRidge Investor Group respectfully requests that the

Court appoint it as Lead Plaintiff, approve its selection of counsel and grant such other relief as the

Court may deem just and proper.

DATED:  February 4, 2013                    Respectfully submitted,

                                            DERRYBERRY & NAIFEH, LLP
                                            DARREN DERRYBERRY, OBA No. 14542


                                            _____s/ DARREN DERRYBERRY_____
                                            DARREN DERRYBERRY

                                            4800 North Lincoln Blvd.
                                            Oklahoma City, OK  73105
                                            Telephone:  405/708-6784
                                            405/528-6462 (fax)
                                            dderryberry@derryberrylaw.com

                                            [Proposed] Liaison Counsel

                                            ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                            SAMUEL H. RUDMAN
                                            DAVID A. ROSENFELD
                                            MARIO ALBA JR.
                                            58 South Service Road, Suite 200
                                            Melville, NY  11747
                                            Telephone:  631/367-7100
                                            631/367-1173 (fax)
                                            srudman@rgrdlaw.com
                                            drosenfeld@rgrdlaw.com
                                            malba@rgrdlaw.com

                                            [Proposed] Lead Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 4, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 4, 2013.

s/ DARREN DERRYBERRY, OBA No. 14542
DARREN DERRYBERRY

DERRYBERRY & NAIFEH, LLP
4800 North Lincoln Blvd.
Oklahoma City, OK  73105
Telephone:  405/708-6784
405/528-6462 (fax)
dderryberry@derryberrylaw.com

723059_1