IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**
MAR - 6 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| JAMES GLITZ and RODGER A. THORNBERRY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SANDRIDGE ENERGY, INC., TOM L. WARD, JAMES D. BENNETT and MATTHEW K. GRUBB,<br><br>    Defendants. | No. CIV-12-1341-W |
| LOUIS CARBONE, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>SANDRIDGE ENERGY, INC., TOM L. WARD, JAMES D. BENNETT and MATTHEW K. GRUBB,<br><br>    Defendants. | No. CIV-13-19-W |

## ORDER

These two matters were brought by purchasers of, and on behalf of all purchasers of, securities of defendant SandRidge Energy, Inc. ("SandRidge"), between February 24, 2011, and November 8, 2012, for alleged violations of federal securities laws arising out of the dissemination of allegedly false and misleading statements concerning SandRidge's business and operational status and financial projections. Named as defendants are SandRidge and three (3) individuals: Tom L. Ward, SandRidge Chairman and Chief

Executive Officer, Matthew K. Grubb, SandRidge President and Chief Operating Officer, and James D. Bennett, SandRidge Senior Vice President and Chief Financial Officer.

The matters now come before the Court on the following pending motions. In Glitz v. SandRidge Energy, Inc., No. CIV-12-1341-W ("Glitz"), the Court has under consideration the Motion for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of His Selection of Counsel [Doc. 25] filed on February 4, 2013, by movant Jeff Nance,[1] the Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. 29] filed on February 4, 2013, by movants Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, Vladimir Galkin and Angelica Galkin (collectively "SandRidge Investor Group"), and the Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel [Doc. 30] filed on February 4, 2013, by movant Henry Jovanelly.[2]

In Carbone v. SandRidge Energy, Inc., No. CIV-13-19-W ("Carbone"), the Court has under consideration the Motion for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of His Selection of Counsel [Doc. 12] filed on February 4, 2013, by movant Nance[3] and the Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. 16] filed on February 4, 2013, by

---

[1] On February 25, 2013, Nance withdrew his request in Glitz for appointment as Lead Plaintiff and advised the Court that he supports the appointment of Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, Vladimir Galkin and Angelica Galkin (collectively "SandRidge Investor Group") as Lead Plaintiffs. See Doc. 54.

[2] On February 22, 2013, Jovanelly advised the Court in Glitz that he did not oppose the appointment of SandRidge Investor Group as Lead Plaintiff. See Doc. 52.

[3] On February 25, 2013, Nance withdrew his request in Carbone for appointment as Lead Plaintiff and advised the Court that he supports the appointment of SandRidge Investor Group as Lead Plaintiff. See Doc. 34.

movant SandRidge Investor Group.

Upon review of the record, the Court

(1) pursuant to Rule 42, F.R.Civ.P.,[4] and by agreement of the named plaintiffs and all movants, FINDS in its discretion that these two cases should be and are hereby CONSOLIDATED for all pretrial proceedings and for trial;

(2) FINDS that this consolidated action shall be designated as In re SandRidge Energy, Inc. Securities Litigation and ORDERS that all pleadings and papers hereafter filed shall bear the following caption and that such pleadings and papers shall only be filed in Case No. 12-1341-W:

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC.<br>SECURITIES LITIGATION | )<br>) | No. CIV-12-1341-W |

(3) ORDERS that all pleadings and papers previously served and filed in Glitz and Carbone shall be deemed a part of the record in the consolidated action;

(4) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15

---

[4]Consolidation is warranted "[i]f actions before the court involve a common question of law or fact . . . ." Rule 42(a), F.R.Civ.P. Both Glitz and Carbone involve claims on behalf of purchasers of SandRidge securities for alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j, 78t, and Securities and Exchange Commission ("SEC") Rule 10b-5 and name as defendants SandRidge, Ward, Bennett and Grubb. Both cases are grounded on the same factual and legal issues: whether the plaintiffs purchased SandRidge securities at artificially inflated prices as a result of the defendants' allegedly false and misleading statements and whether the defendants' conduct violated sections 10(b) and 20(a), e.g., 15 U.S.C. § 78j(b); id. § 78t(a), and SEC Rule 10b-5. See Glitz, Doc. 1; Carbone, Doc. 1.

U.S.C. § 78u-4(a)(3)(B),[5] hereby APPOINTS as "Lead Plaintiff"[6] in this consolidated action the SandRidge Investor Group;[7]

---

[5]The PSLRA, inter alia, sets forth the procedure for the appointment of a lead plaintiff. E.g., 15 U.S.C. § 78u-4(a)(3). It provides that no "later than 20 days after the date on which the [first] complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." Id. § 78u-4(a)(3)(A)(i).

The PSLRA further provides that no "later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." Id. § 78u-4(a)(3)(B)(i).

The Court is statutorily mandated to "adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that—

    (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

    (bb) . . . has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

Id. § 78u-4(a)(3)(B)(iii)(I). This presumption, however, "may be rebutted . . . upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—

    (aa) will not fairly and adequately protect the interests of the class; or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

Id. § 78u-4(a)(3)(B)(iii)(II).

[6]Notice was published on December 5, 2012, in *Business Wire, Inc.*, a national business-oriented wire service. See Glitz, Doc. 29-3; Carbone, Doc. 16-3. Thus, the deadline for filing a motion for appointment as lead plaintiff in this consolidated action was February 4, 2013, see Rule 6(a), F.R.Civ.P., and all motions now under consideration were timely filed.

[7]In determining lead plaintiff, the Court also considered the requests of the named plaintiffs, Glitz, Thornberry and Carbone, who, although never moved to be appointed lead plaintiff, prayed in their respective complaints that they should be "designat[ed] . . . as Lead Plaintiffs." Glitz, Doc.

(5) pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v),[8] APPROVES the legal counsel SandRidge Investor Group has selected and retained and hereby APPOINTS the law firm of Robbins Geller Rudman & Dowd, LLP ("Robbins Geller"), as "Lead Counsel" and the law firm of Derryberry & Naifeh, LLP ("Derryberry & Naifeh"), as "Liaison Counsel" for the consolidated action;[9]

(6) VESTS Robbins Geller as Lead Counsel with certain responsibilities and duties and DIRECTS Robbins Geller on behalf of, and for, all plaintiffs,

>  (a) to coordinate the preparation and filing of all subsequent pleadings, including a consolidated amended complaint, and to coordinate the preparation and filing of all papers and motions;
>
>  (b) to act as spokesperson at all hearings and conferences;
>
>  (c) to coordinate the briefing and argument of all motions;
>
>  (d) to coordinate and conduct all discovery, including the

---

1 at 33; e.g., Carbone, Doc. 1 at 30.
  Because the presumption has not been rebutted in this instance, the Court FINDS at this stage of the litigation that the SandRidge Investor Group satisfies all statutory and Rule 23 requirements for lead plaintiff: it filed a timely request for appointment as lead plaintiff; it has the largest financial interest in this consolidated action, e.g., Glitz, Doc. 29-4; Carbone, Doc. 16-4; it has claims that are typical of those of the proposed class; and it will fairly and adequately protect the interests of the proposed class.

[8]The PSLRA also governs the selection of lead counsel and provides in pertinent part that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

[9]Robbins Geller's resume, see Glitz, Doc. 29-5; Carbone, Doc. 16-5, and DerryBerry & Naifeh's reputation in this community establish that these firms are both highly qualified to act as Lead Counsel and Liaison Counsel, respectively. See United Food & Commercial Workers Union v. Chesapeake Energy Corp., 281 F.R.D. 641, 654 (W.D. Okla. 2012).

preparation of all written discovery and the examination of all deponents, to consult with and employ experts and to coordinate and conduct all other pre-trial proceedings;

(e) to coordinate all trial preparation and to direct and conduct all trial proceedings;

(f) to initiate and conduct all settlement negotiations;

(g) to coordinate the activities of other counsel to ensure the orderly and efficient prosecution of this litigation and to prevent duplicative and unproductive efforts; and

(h) to supervise all matters concerning the prosecution and/or resolution of the consolidated action, to delegate such tasks as may be necessary and to perform such other duties as required by the Court;

(7) ADVISES the parties that all agreements made with, and by, Lead Counsel shall be binding on all plaintiffs;

(8) accordingly, in Glitz, GRANTS in part and DENIES in part Nance's Motion for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of His Selection of Counsel [Doc. 25] filed on February 4, 2013, GRANTS SandRidge Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. 29] filed on February 4, 2013, and GRANTS in part and DENIES in part Jovanelly's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel [Doc. 30] filed on February 4, 2013;

(9) in Carbone, GRANTS in part and DENIES in part Nance's Motion for

Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of His Selection of Counsel [Doc. 12] filed on February 4, 2013, and GRANTS SandRidge Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. 16] filed on February 4, 2013;

(10) ESTABLISHES the following deadlines[10] in this matter:

(a) within forty-five (45) days of the date of this Order, Robbins Geller on behalf of Lead Plaintiff SandRidge Investor Group shall file a consolidated amended complaint;

(b) defendants SandRidge, Ward, Bennett and Grubb shall answer or otherwise respond to the allegations in the consolidated amended complaint within forty-five (45) days thereafter;

(c) SandRidge Investor Group shall file its response to any motion to dismiss, if such motion is filed by the defendants, forty-five (45) days after the motion is filed; and

(d) the defendants shall file their reply, if any, to SandRidge Investor Group's response within thirty (30) days after such response, if any, is filed; and

(11) DIRECTS the Clerk of the Court to file this Order in Glitz, No. CIV-12-1341-W,

---

[10] On February 7, 2013, the Court advised the parties in Glitz and Carbone that it intended to defer ruling on the parties' requests for a scheduling order until such time as it had resolved the issues of consolidation and appointment of lead plaintiff and lead and liaison counsel. See Glitz, Doc. 41; Carbone, Doc. 22. Having now resolved these issues, the Court GRANTS the Joint Motions for Scheduling Order filed on February 6, 2013. See Glitz, Doc. 40; Carbone, Doc. 21.

and in <u>Carbone</u>, No. CIV-13-19-W.

ENTERED this 6th day of March, 2013.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE