# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE SANDRIDGE ENERGY, INC.  )
SECURITIES LITIGATION  )  No. 12-CV-1341
  )

## JOINT STATUS REPORT AND DISCOVERY PLAN

**Date of Status Conference:**   November 1, 2017

**Appearing for Plaintiffs:**

**ROBBINS GELLER RUDMAN & DOWD LLP**
SAMUEL H. RUDMAN (admitted *pro hac vice*)
EVAN J. KAUFMAN (admitted *pro hac vice*)
SAMUEL J. ADAMS (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com; ekaufman@rgrdlaw.com; sadams@rgrdlaw.com
*Lead Counsel for Plaintiffs*

**DERRYBERRY & NAIFEH, LLP**
DARREN B. DERRYBERRY (OBA No. 14542)
4800 North Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405/708-6784
405/528-6462 (fax)
dderryberry@derryberrylaw.com
*Liaison Counsel*

**ZELDES HAEGGQUIST & ECK, LLP**
AMBER L. ECK
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)
ambere@zhlaw.com
*Additional Plaintiffs' Counsel*

**Appearing for Defendants:**

    **COVINGTON & BURLING LLP**
    C. William Phillips (admitted *pro hac vice*)
    Mark P. Gimbel (admitted *pro hac vice*)
    Swati R. Prakash (admitted *pro hac vice*)
    The New York Times Building
    620 Eighth Avenue
    New York, New York 10018-1405
    (212) 841-1000

    Joanne Sum-Ping (admitted *pro hac vice*)
    One Front Street
    San Francisco, CA 94111-5356
    (415) 591 7046

    **CROWE & DUNLEVY**
    Thomas B. Snyder, OBA #31428
    Braniff Building
    324 N. Robinson Ave., Ste. 100
    Oklahoma City, OK  73102
    (405) 234-3254

    *Counsel for James Bennett and Matthew Grubb*

**LATHAM & WATKINS, LLP**
J. Christian Word (admitted *pro hac vice*)
555 Eleventh Street, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Steven M. Bauer (admitted *pro hac vice*)
Margaret A. Tough (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8085

**CORBYN HAMPTON LAW FIRM**
George S. Corbyn, Jr., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
Facsimile: (405) 702-4348

*Counsel for Tom L. Ward*

**CONNER & WINTERS, LLP**
Kiran A. Phansalkar, OBA #11470
Mitchell D. Blackburn, OBA #12217
211 N. Robinson, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email: kphansalkar@cwlaw.com
mblackburn@cwlaw.com

*Attorneys for SandRidge Energy, Inc.*

   **JURY TRIAL DEMANDED** ☑    **Non-Jury Trial** ☐

1.  **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

The Plaintiffs assert claims on behalf of a putative class of persons who purchased SandRidge Energy Inc. ("SandRidge") common stock between February 24, 2011 and November 8, 2012, inclusive (the "Class Period") under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.[1]  Plaintiffs allege that defendants overstated the economic value of, and misrepresented and omitted materially false and misleading information concerning, the oil and natural gas production and reserves in SandRidge's holdings in the Mississippian play.

The operative pleading is Plaintiffs' Third Consolidated Amended Complaint for Violations of Federal Securities Laws (the "TAC") which was the subject of the Court's August 1, 2017 Order on defendants' motions to dismiss (the "8/1/17 Orders").  The 8/1/17 Orders sustained plaintiffs' Section 10(b) claims against defendants Tom Ward and Matthew Grubb, dismissed the Section 10(b) claim against James Bennett, and sustained Plaintiffs' Section 20(a) claims against all defendants.

Specifically, in the 8/1/17 Order, the Court sustained Plaintiffs' claims based on statements and omissions concerning SandRidge's production and reserves in the Mississippian play, but held that the TAC failed to adequately allege that defendants' capital expenditure ("CapEx") guidance statements were actionable and failed to adequately allege loss causation with respect to the TAC's claims related to misrepresentations concerning land acquisitions by entities related to Tom L. Ward. Accordingly, Plaintiffs' operative claims relate to Defendants' alleged misrepresentations and omissions concerning the production, reserves and economic value of the Company's holdings in the Mississippian play.

The Defendants deny all allegations of wrongdoing and deny any liability to Plaintiffs or the putative class. The parties respectfully refer the Court to the TAC (ECF No. 225), the Answers filed by Defendants (ECF Nos. 242-244), and the Court's August 1, 2017 orders denying in part and granting in part Defendants' motions to dismiss (ECF Nos. 239-240) for a more comprehensive description of their claims and defenses.

---

[1] As a result of SandRidge's previously filed bankruptcy proceedings, all claims against SandRidge have been discharged.  SandRidge is a nominal defendant in this action, named solely to the extent necessary to recover from available insurance coverage under any applicable insurance policy providing coverage to SandRidge for the claims asserted therein.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

- This Court has subject-matter jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. §78a], and 28 U.S.C. §§1331 and 1337.

- This Court has personal jurisdiction over Defendants because SandRidge's principal executive office is located in this District; Messrs. Bennett, Grubb and Ward are citizens of Oklahoma; and all Defendants have conducted business in this District relating to the alleged misconduct described in the TAC.

- There are no known objections to either personal or subject matter jurisdiction.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

- This Court has jurisdiction over this action pursuant to Section 27 of the Exchange Act [15 U.S.C. §78a], and 28 U.S.C. §§1331 and 1337.

- Venue in this court is proper.

- Nominal Defendant SandRidge is a corporation organized under Delaware law. SandRidge's headquarters is located at 123 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102. SandRidge's stock trades on the New York Stock Exchange under the symbol "SD." SandRidge is named as a nominal defendant.

- The SEC filings referenced in the TAC were disseminated directly or indirectly through instrumentalities of interstate commerce.

- There were approximately 415.3 million shares of SandRidge common stock outstanding as of February 17, 2012.

- On May 16, 2016, SandRidge filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). On September 20, 2016, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the chapter 11 plan (the "Plan") of SandRidge and its debtor affiliates (collectively, on and after the effective date of the Plan, which occurred on October 4, 2016, the

"Reorganized Debtors"). As a result of the bankruptcy proceedings, all claims against SandRidge were released, acquitted and discharged. The Plan provided, however, that SandRidge could be named as a nominal defendant in this action solely to the extent necessary to recover on any claims from available remaining coverage under any applicable insurance policy. In addition, the Plan does not prevent Plaintiffs from seeking discovery from SandRidge in connection with this action, including but not limited to, seeking production of documents in the possession, custody, or control of SandRidge or its agents or their respective transferees, subject to all rights of the Reorganized Debtors under applicable non-bankruptcy law.

- Mr. Ward was SandRidge's Chairman and CEO during the Class Period.

- Mr. Bennett served as SandRidge's Executive Vice President during the Class Period.

- Mr. Grubb served as SandRidge's President and Chief Operating Officer during the Class Period.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. **Plaintiffs**:

Plaintiffs respectfully refer the Court to the TAC (ECF No. 225) and the Court's August 1, 2017 orders denying in part and granting in part Defendants' motions to dismiss (ECF Nos. 239-240) for a description of Plaintiffs' contentions and claims for damages.

   b. **Defendants**:

Defendants deny the claims asserted against them, ask that judgment be entered in their favor dismissing all such claims, and respectfully refer the Court to the Answers filed by Defendants (ECF Nos. 242-244) for their specific affirmative defenses and contentions.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a

federal or state statute where notice is required under 28 U.S.C. §2403 or Fed. R. Civ. P. 5.1?

                 ☐ Yes   ☑   **No**

6.    **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

At this time there are no motions pending before the Court, and none are anticipated to be filed.

7.    **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes   ☑ **No**

If "no," by what date will they be made?

Per the attached discovery schedule, agreed to by all parties, Rule 26(a)(1) Initial Disclosures shall be exchanged on November 15, 2017.

8.    **PLAN FOR DISCOVERY**.

     A.    The discovery planning conference was held on October 10, 2017. A proposed discovery schedule was discussed and the parties have agreed to comply with the deadlines set forth in the Discovery Schedule attached hereto as Appendix A.

     B.    The parties anticipate that fact discovery should be completed within approximately 12 months (by October 11, 2018), and that expert discovery should be completed within 17 months (by March 26, 2019).

     C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

The parties do not believe that discovery is necessary prior to alternative dispute resolution efforts.

     D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☑ **Yes** ☐ No

During the parties' conference pursuant to Rule 26(f) of the Federal Rules of Civil

Procedure, the parties discussed issues relating to discovery of ESI, including production protocols. The parties anticipate timely meeting and conferring upon service of discovery requests to agree on an ESI protocol.

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        ☐ Yes  ☑  **No**

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties are currently negotiating and anticipate submitting an agreed upon protective order, subject to the Court's approval, that will, among other things, address a procedure to assert claims of privilege/protection after production.

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Even though merits fact discovery and class certification discovery will occur concurrently, the parties propose conducting discovery to permit the completion of class certification motion practice prior to July 15, 2018.

9.    **ESTIMATED TRIAL TIME**:    <u>   10-15 Trial Days   </u>

10.    **BIFURCATION REQUESTED**:    ☐ Yes    ☑  **No**

11.    **POSSIBILITY OF SETTLEMENT**:    ☐ Good  ☑  **Fair**    ☐ Poor

12.    **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☑  **Yes**    ☐ No

    B.    The parties request that this case be referred to the following ADR process:

        ☑    Court-Ordered Mediation subject to LCvR 16.3

    ☐ Judicial Settlement Conference
    ☐ Other _____
    ☐ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes  ☑ **No**

14. <u>Type of Scheduling Order Requested</u>. ☐ Standard  ☑ **Specialized**
  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

  In light of the complex claims asserted in this litigation, and the need for a determination on class certification, the parties' respectfully request a specialized scheduling order, as summarized in Section 8 above, and detailed in Appendix A.

Submitted this 25th day of October, 2017.

            Respectfully submitted,


            <u>s/Evan J. Kaufman</u>

            ROBBINS GELLER RUDMAN
             & DOWD LLP
            SAMUEL H. RUDMAN (admitted *pro hac vice*)
            EVAN J. KAUFMAN (admitted *pro hac vice*)
            SAMUEL J. ADAMS (admitted *pro hac vice*)
            58 South Service Road, Suite 200
            Melville, NY  11747
            Telephone: 631/367-7100
            631/367-1173 (fax)
            srudman@rgrdlaw.com;
            ekaufman@rgrdlaw.com;
            sadams@rgrdlaw.com

            *Lead Counsel for Plaintiffs*

DERRYBERRY & NAIFEH, LLP
DARREN B. DERRYBERRY (OBA No. 14542)
4800 North Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405/708-6784
405/528-6462 (fax)
dderryberry@derryberrylaw.com

*Liaison Counsel*

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)
ambere@zhlaw.com

*Additional Plaintiffs' Counsel*


Respectfully submitted,

*s/Thomas B. Snyder*

CROWE & DUNLEVY
Thomas B. Snyder, OBA #31428
The Braniff Building
324 N. Robinson, Ste. 100
Oklahoma City, OK 73102
(405) 235-7700

Of Counsel
COVINGTON & BURLING LLP
Mark P. Gimbel (admitted *pro hac vice*)
C. William Phillips (admitted *pro hac vice*)
Swati R. Prakash (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

Joanne Sum-Ping (admitted *pro hac vice*)
One Front Street
San Francisco, CA 94111-5356
(415) 591 7046

*Attorneys for Defendants James D. Bennett and Matthew K. Grubb*

Respectfully submitted,

*s/George S. Corbyn, Jr.*

CORBYN HAMPTON, PLLC
George S. Corbyn, Jr., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, OK 73102
(405) 239-7055

Of Counsel
LATHAM & WATKINS, LLP
J. Christian Word (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Steven M. Bauer (admitted *pro hac vice*)
Margaret A. Tough (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8085

*Attorneys for Defendant Tom L. Ward*

Respectfully submitted,

*s/ Kiran Phansalkar*

CONNER & WINTERS, LLP
Kiran A. Phansalkar, OBA #11470
Mitchell D. Blackburn, OBA #12217
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK  73102
(405) 272-5711

*Attorneys for SandRidge Energy, Inc.*

## Appendix A: In re SandRidge Energy Inc. Securities Litigation
### PROPOSED DISCOVERY DATES

| Action | Date |
| --- | --- |
| Exchange of Rule FRCP 26 Initial Disclosures | November 15, 2017 |
| Class Certification Motion | February 16, 2018 |
| Opposition to Class Certification Motion | May 15, 2018 |
| Reply in support of Class Certification Motion | July 15, 2018 |
| Substantial completion of document production (with the exception of documents relating to class certification, which shall be produced earlier on a schedule to be negotiated by the parties) | May 31, 2018 |
| Deadline to join additional parties and amend pleadings | July 20, 2018 |
| Fact Discovery Cutoff | October 11, 2018 |
| Deadline for Opening Expert Reports | November 16, 2018 |
| Deadline for Opposing Expert Reports | January 18, 2019 |
| Deadline for Rebuttal Expert Reports | February 19, 2019 |
| Earliest date for expert depositions (with the exception of class certification depositions, which shall be conducted earlier on dates to be negotiated by the parties) | February 26, 2019 |
| Expert Discovery Cutoff | March 26, 2019 |
| Deadline to file Dispositive Motion(s) and motions to exclude expert testimony under Daubert and/or FRE 702 | May 15, 2019 |
| Opposition(s) to Dispositive Motion(s) and motions to exclude expert testimony under Daubert and/or FRE 702 | July 15, 2019 |
| Reply in support of Dispositive Motion(s) and Daubert motions to exclude expert testimony under Daubert and/or FRE 702 | August 15, 2019 |
| Tentative date for hearing on dispositive motions (if ordered) | September 16, 2019 |
| Final Pretrial Conference  The parties will confer with the Court regarding trial date, trial schedule, and pre-trial motions at the Final Pretrial Conference. | October 15, 2019 |