# EXHIBIT 1

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In re SANDRIDGE ENERGY, INC., SECURITIES LITIGATION )
*Plaintiff* )
v. ) Civil Action No. 5:12-cv-01341-LRW
)
)
*Defendant* )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: WCT Resources, L.L.C., 428 Dean A. McGee Ave., Oklahoma City, OK 73102

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Schedule A.

| Place: Derryberry & Naifeh, LLP<br>4800 North Lincoln Blvd.<br>Oklahoma City, OK 73105 | Date and Time:<br>04/09/2018 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/06/2018

*CLERK OF COURT*

_____  OR  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lead Plaintiffs Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Vladimir Galkin and Angelica Galkin , who issues or requests this subpoena, are:

Evan J. Kaufman, Esq., Robbins Geller Rudman & Dowd, LLP, 58 South Service Road, Suite 200, Melville, NY 11747
631/367-7100  ekaufman@rgrdlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:12-cv-01341-LRW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## (WCT RESOURCES, L.L.C.)

**I. DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

1. "192 Investments" refers to 192 Investments, L.L.C., and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether written or recorded in any manner and is included within the scope of the term "Document" (as that term is defined below).

3. "Complaint" refers to the Third Consolidated Amended Complaint for Violations of Federal Securities Laws filed with the Court by Lead Plaintiffs in this matter on or about October 21, 2016.

4. "Concerning" and "regarding" mean relating to, referring to, describing, evidencing, or constituting.

5. "Defendant" or "Defendants" refers to SandRidge Energy, Inc., Tom L. Ward, James D. Bennett, and Matthew K. Grubb, and any of their representatives, agents, attorneys, and all other persons acting or purporting to act on their behalf.

6. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of

this term. The term "Document" includes, without exception, "Communication" (as that term is defined above).

7. "Financial statements" means, but is not limited to, the following (whether audited or unaudited and whether final, interim, *pro forma*, complete, or partial): consolidated and non-consolidated balance sheets, statements of earnings, additional paid in capital, retained earnings, source and application of funds, cash flow, projections, and notes that pertain to the applicable Defendant's past or present financial condition, including accountants' work papers.

8. "Identify," when referring to a document, means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9. "Identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. "Meeting" or "meetings" refers to the contemporaneous presence, telephonic or electronic connection among natural persons, whether or not such presence was by chance or pre-arranged, and whether or not the meeting was formal or informal, or occurred in connection with some other activity.

11. "Mississippian" or the "Mississippian play" refers to the geological formation that extends hundreds of miles across northern Oklahoma and south-central Kansas, and as described in the Complaint.

12. "SandRidge" or the "Company" means SandRidge Energy, Inc. and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing.

13. "SandRidge Derivative Action" refers to *In re SandRidge Energy, Inc. Shareholder Derivative Litigation*, No. CIV-13-102-W, and as referenced in SandRidge's Form 8-K dated April 20, 2016.

14. "TLW Land & Cattle" refers to TLW Land & Cattle, L.P., and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing.

15. "Ward-Related Entities" means 192 Investments, L.L.C., WCT Resources, L.L.C., TLW Land & Cattle, L.P., and any other entity in which Defendant Ward has an ownership interest that operates in the same business and locations as SandRidge.

16. "WCT Resources" refers to WCT Resources L.L.C. and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, and all other persons acting or purporting to act on behalf of the foregoing.

17. "You" or "Your" means the person or entity responding to these requests, together with any of its representatives, agents, accountants, attorneys, advisors, partners (limited, general or otherwise), and all others acting or purporting to act on behalf of any of the foregoing.

18. The use of the singular form of any word includes the plural and vice versa.

## II. INSTRUCTIONS

1. For the purpose of interpreting or construing the scope of the following requests, the terms used herein shall be given their most expansive and inclusive interpretation, unless otherwise specifically limited in a particular request. This includes, without limitation, the following: (a) construing the terms "and" and "or" in the disjunctive or conjunctive as necessary to make the request more inclusive; (b) construing the terms "all," "any" and "each" to include any and all; (c) construing the singular form of a word to include the plural and the plural form to include the singular; and (d) construing the term "concerning" to include any connection whatsoever, direct or indirect, with the specified object of the request.

2. If any document requested was at any time in existence, but is no longer in existence, please state the following with respect to each such document: (a) the type of document; (b) a description of its contents and subject matter, including the type of information contained therein; (c) the date on which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the contents of such documents; (f) the preparer(s) of the document; (g) the

addressor(s) of the document, if different from the preparer(s); (h) the addressee(s) of the document; and (i) each recipient of the document.

3. If any document requested herein has been lost, discarded, or destroyed, such document should be identified as completely as possible, including, without limitation, the following information: (a) date of disposal; (b) manner of disposal; (c) reason of disposal; (d) person authorizing the disposal; and (e) person disposing of the document.

4. If You claim that any document requested is not in Your possession, custody or control, then You are directed to identify: (a) the nature of the document; (b) the name, address and telephone number of any person who has or may have possession, custody or control of the requested item; and (c) whether and how You presently have access to the document and can obtain a duplicate of it.

5. The selection of documents from files and other sources shall be performed in such a manner as to insure that the source from which a document is obtained may be identified.

6. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

7. You are instructed to produce all documents in Your possession, custody or control. A document is deemed to be within Your control if You have ownership, possession or custody of the document or a copy thereof, or You have the right to secure the document or a copy thereof.

8. If You withhold any documents due to the attorney-client privilege, the work product doctrine or any other potential privilege or protection, You should identify each such document in writing and disclose: (a) the document's date, author(s) and actual and intended recipient(s); and (b) a reasonably particularized description of the document's contents, without revealing the information You claim is privileged or otherwise protected from disclosure, that reveals the basis on which You claim such privilege or protection applies.

9. Because these requests are continuing in nature, You must amend or otherwise supplement Your responses if, subsequent to the date of service of Your responses, You obtain additional or different relevant information.

### III. FORM OF PRODUCTION

1. Hard copy documents should be produced as follows:

(a) Documents should be scanned using a high quality setting and saved as PDF or single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file. Distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records. If the producing party chooses to apply unique identifiers (*i.e.*, Bates Numbers), then the unique identifier should be applied to each page and a delimited database load file containing the beginning and ending identifier should accompany the production.

2. Electronically Stored Information ("ESI") should be produced either:

(a) In the format in which it is ordinarily stored in the usual course of business (*i.e.*, native format). Email should be exported by custodian in PST format. All

ESI should be copied in a manner which preserves the file path and file metadata, including, but not limited to, date and time stamps. All documents produced should be produced in a manner in which the custodian and source can be identified.

(b) In single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet type files, presentation file types, source code, audio and video files, which should be produced in native format. If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. If a document is produced in native, a single-page, Bates stamped image slip sheet stating the document has been produced in native format should also be provided. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this section, should be produced in native format, the parties should meet and confer in good faith. Each party shall remove exact duplicate documents based on MD5 or SHA-256 hash values, at the family level. A delimited database load file containing the following fields should be provided: BEGNO; ENDNO; BEGATTACH; ENDATTACH; RECORDTYPE; SENTDATE; SENTTIME; RECEIVEDDATE; RECEIVEDTIME; CREATEDATE; CREATETIME; LASTMODDATE; LASTMODTIME; FILEPATH; AUTHOR; LASTEDITEDBY; FROM; TO; CC; BCC; SUBJECT; MESSAGE TYPE; TITLE; CUSTODIAN-ALL;

FILEEXT; FILENAME; FILESIZE; HASH; CONVERSATION INDEX; NATIVELINK; EXTRACTED TEXT.

3. To the extent a response to discovery requires production of electronic information stored in a database, including the production of text messages or similar Communications, or in a format in which proprietary software is required, the parties will meet and confer regarding methods of production.

## IV. RELEVANT TIME PERIOD

The Relevant Time Period, unless otherwise indicated, shall be from January 1, 2010 through the present, and shall include all documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period (the "Relevant Time Period").

## V. DOCUMENTS REQUESTED

REQUEST NO. 1:

All Documents concerning Your issuance, sale, purchase or disposition of any land and mineral rights owned, controlled or leased in the Mississippian, in connection with transactions involving SandRidge and/or other entities, as described in ¶¶91 – 101 of the Complaint.

REQUEST NO. 2:

All Documents concerning the Mississippian formation, including, without limitation, all Documents related to SandRidge wells, leases, oil and gas reserves, or interests within the Mississippian play.

REQUEST NO. 3:

All Documents concerning the financial performance, financial condition, or strategic plans, goals and prospects, including, without limitation, financial statements, financial budgets, forecasts, business plans, or investor or Board presentations relating to WCT Resources' actual or contemplated land and mineral rights owned, controlled or leased in the Mississippian.

REQUEST NO. 4:

Documents sufficient to identify the reasons for Your actual or contemplated acquisitions, purchases, sales, or dispositions of land and mineral rights in the Mississippian.

REQUEST NO. 5:

All Documents concerning all due diligence performed by You in connection with Your anticipated or actual acquisition, sale or disposition of land and mineral rights in the Mississippian.

REQUEST NO. 6:

Documents sufficient to identify Your organizational structure and hierarchy.

REQUEST NO. 7:

All Documents concerning the value, or the change in value, of any interest held by WCT Resources in the Mississippian.

REQUEST NO. 8:

All Documents constituting or concerning Communications between You and any of the Defendants concerning SandRidge or the Mississippian. The relevant time period for this request is January 1, 2011 through June 30, 2013.

REQUEST NO. 9:

All Documents concerning any investigations of Defendant Ward by SandRidge Energy, its Board of Directors, or anyone acting on behalf of SandRidge Energy, during 2013, including all Documents provided by You in connection with such investigation.

REQUEST NO. 10:

Documents sufficient to identify the nature, scope and terms of any business or personal relationship between You and any Director, officer, customer, investor, shareholder, service provider or advisor of SandRidge.

REQUEST NO. 11:

All Documents constituting or concerning Communications between You and any other Ward-Related Entities relating to the issuance, sale, purchase or disposition of any land and mineral rights owned, controlled or leased in the Mississippian.

REQUEST NO. 12:

All Documents concerning any land or mineral rights owned, controlled, leased, acquired, or disposed of, by Defendant Ward, any member of Defendant Ward's family, or any entity in which Defendant Ward's family had any financial or beneficial interest or control including, without limitation, the Ward-Related Entities.

REQUEST NO. 13:

All amounts earned or benefits received by Defendant Ward, or any member of his family, from WCT Resources.

REQUEST NO. 14:

All Documents concerning all WCT Resources meetings related to SandRidge or the Mississippian, including any notes or minutes thereof.

REQUEST NO. 15:

All Documents and Communications provided by You to the plaintiffs and/or any objectors in the SandRidge Derivative Action.

REQUEST NO. 16:

The Articles of Organization, Bylaws, operating agreements, and any other documents or agreements governing the affairs of WCT Resources, including, without limitation, all amendments or changes thereto.

REQUEST NO. 17:

Documents sufficient to identify each person or entity that had an actual or beneficial interest in WCT Resources, including, without limitation, their names and contact information, the form of their interests, the amount of their interests, and their involvement with WCT Resources.

REQUEST NO. 18:

Documents sufficient to identify any monetary or non-monetary benefits received by any person or entity that had an actual or beneficial interest in WCT Resources.