**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re SANDRIDGE ENERGY, INC.<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | ) No. 5:12-cv-01341-LRW<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION FOR RELIEF
FROM ORDERS PURSUANT TO FED. R. CIV. P. 60(b)(6)**

**TABLE OF CONTENTS**

    **Page**

I.    PRELIMINARY STATEMENT ............................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.    Plaintiffs Have Diligently Pursued the Securities Act Claims ...................... 2

    B.    Plaintiffs Were Not Obligated to Predict the Outcome
          of the *ANZ* Decision ...................................................................................... 4

    C.    Defendants Will Not Suffer Undue Prejudice if the Motion Is Granted ....... 6

    D.    Defendants' Futility Arguments Are Without Merit ..................................... 7

III.  CONCLUSION ..................................................................................................... 10

Plaintiffs, by their undersigned attorneys, respectfully submit this reply memorandum of law in further support of their motion for relief from the Dismissal Orders.[1]

## I. PRELIMINARY STATEMENT

When this Court dismissed the Trust Plaintiffs' Securities Act Claims without prejudice based upon an inadequate PSLRA notice, it could not have anticipated that two years later, the Supreme Court would overrule controlling Tenth Circuit authority that had previously tolled the three-year limitations period for other shareholders. *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042 (2017). Prior to *ANZ*, *Joseph v. Wiles*, 223 F.3d 1155, 1166 (10th Cir. 2000) had permitted the three-year limitations period in §13 of the Securities Act to be tolled under *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), such that other shareholders were able to bring timely Securities Act claims following the Dismissal Orders, even though more than three years had passed from the dates of the Trust Offerings.

Shortly after the Dismissal Orders were issued, the Related Action was filed asserting identical Securities Act claims, and the Trust Plaintiffs and other members of the class relied upon the lead plaintiffs in that action to litigate the claims on their behalf. In light of the Supreme Court's holding in *ANZ* that the three-year limitations period is not subject to *American Pipe* tolling (137 S. Ct. at 2055), the Securities Act claims in the Related Action have now been dismissed as untimely and the Trust Plaintiffs have become the *only* class members who can maintain Securities Act claims on behalf of the class, since they are the

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiffs' opening memorandum of law. "Def. Mem." refers to pages of Defendants' memorandum of law in opposition to the motion. Citations are omitted and emphasis is added.

only class members who brought those claims within the three-year limitations period.

In the absence of the requested relief, the Trust Plaintiffs and other class members will, through no fault of their own, be left without recourse for claims that have never been decided on the merits. As courts in this District have recognized, "the opportunity to revise . . . [an] earlier decision" in light of "a recent and significant Supreme Court decision that is 'outcome determinative' of a cause of action serves 'substantial justice[.]'" *Prof'l Assets Mgmt., Inc. v. Penn Square Bank, N.A.*, 616 F. Supp. 1418, 1421 n.1 (W.D. Okla. 1985). Because substantial justice would be served by granting the motion, and because Defendants have not presented any meritorious arguments to the contrary, Plaintiffs respectfully submit that the Court should reconsider its orders dismissing the Securities Act Claims without prejudice.

## II.     ARGUMENT

### A.     Plaintiffs Have Diligently Pursued the Securities Act Claims

Defendants distort the procedural history of this case in an effort to imply that the Trust Plaintiffs are not entitled to relief because they have "sat on their rights." Def. Mem. at 16; *see also id.* at 9-12. On the contrary, the Trust Plaintiffs have consistently acted in the best interest of the class they sought to represent. Initially, the Trust Plaintiffs had a reasonable basis for not publishing a new PSLRA notice upon filing the CAC because "courts typically disfavor republication when a complaint is amended[.]" *Waldman v. Wachovia Corp.*, 2009 U.S. Dist. LEXIS 83597, at *3 (S.D.N.Y. Sept. 14, 2009). The Trust Plaintiffs did not "suggest[]" republication (Def. Mem. at 11) because by the time the Underwriters raised their notice argument in their October 7, 2013 motion to dismiss (ECF

No. 129), republication was not available, since more than 20 days had elapsed from the filing of the CAC on July 30, 2013. *See* 15 U.S.C. §78u-4(a)(3)(A)(i) (notice shall be published "*[n]ot later than 20 days* after the date on which the complaint is filed").

On June 9, 2015, promptly after the May 11, 2015 Dismissal Order, the Related Action was filed asserting identical claims under the Securities Act, and the Rosen Law Firm published notice of those claims on the same day. *See Duane and Virginia Lanier Trust v. SandRidge Energy, et al.*, No. 5:15-CIV-634-SLP (W.D. Okla.), ECF No. 33-4. At that time, the notice provision of the PSLRA was satisfied and there was no need for the Trust Plaintiffs to publish a separate, identical notice.

Moreover, the Trust Plaintiffs did not seek to be appointed lead plaintiffs in the Related Action because doing so would almost certainly have been futile in light of the PSLRA's presumption that the "most adequate" lead plaintiff is the movant with "the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Trust Plaintiffs sustained minimal losses in comparison to the losses sustained by the lead plaintiff movants represented by the Rosen Law Firm. *Compare* ECF No. 67 at 169-72 *with Lanier Trust*, ECF No. 37-3 (losses exceeding $1,150,000).

Since the Trust Plaintiffs' counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), had also been retained by lead plaintiff movants with larger losses than those of the Trust Plaintiffs (*see Lanier Trust*, ECF No. 34), the Trust Plaintiffs were confident that their interests would be adequately protected by their counsel. The Trust Plaintiffs remained ready, willing and able to serve as class representatives – if doing so was in the best interests of the class – along with the proposed lead plaintiffs represented by Robbins Geller. The

fact that the movants represented by the Rosen Law Firm were appointed as lead plaintiffs in the Related Action confirms that the Trust Plaintiffs made a sound decision.[2]

Likewise, this motion was filed within a reasonable time. Def. Mem. at 13-16. It is completely irrelevant that the motion was filed nearly three years after the first Dismissal Order because the grounds for the Trust Plaintiffs' motion – the dismissal of the Securities Act claims in the Related Action based upon the *ANZ* decision – did not arise until the court in the Related Action entered judgment dismissing those claims. The two month time period between the entry of judgment dismissing the Securities Act claims in the Related Action (December 5, 2017) and the date the Trust Plaintiffs filed this motion (February 7, 2018) simply does not constitute a delay. But even using Defendants' proffered dates of seven months from the issuance of *ANZ* (June 26, 2017) and five months from the dismissal order in the Related Action (August 30, 2017), this motion was still filed within a reasonable time. The Trust Plaintiffs were entitled to a reasonable amount of time to evaluate their litigation strategies – particularly since they were reacting to a complex and rapidly changing legal landscape. Indeed, Defendants have not cited any cases where a purported "delay" of less than 8 months was found to be unreasonable. Def. Mem. at 13 n.7, 14.

### B. Plaintiffs Were Not Obligated to Predict the Outcome of the *ANZ* Decision

Defendants' contention that the Trust Plaintiffs should have predicted how the Supreme Court would rule in *ANZ*, and preemptively reacted to a potential change in the law

---

[2] There is nothing unseemly about the Trust Plaintiffs' efforts to keep the Underwriter Defendants in the case. Def. Mem. at 12-13. Rather, it demonstrates their commitment to maximizing the potential recovery for the class.

before it occurred, is without merit. Def. Mem. at 14-18.[3]  *ANZ* was a 5-to-4 decision by a closely divided Supreme Court, with Justice Ginsburg issuing a vigorous dissent joined by Justices Breyer, Sotomayor and Kagan. 137 S. Ct. at 2056-58. The four dissenting Justices agreed with the Tenth Circuit's statement in *Joseph v. Wiles* that the plaintiff had "effectively been a party to an action against the[] defendants since a class action covering him was requested but never denied." 223 F.3d 1155, 1168 (10th Cir. 2000). Specifically, Justice Ginsberg would have held "that the filing of the class complaint commenced CalPERS' action under §11 of the Securities Act, thereby satisfying §13's statute of repose" and making tolling unnecessary. *ANZ*, 137 S. Ct. at 2058.

Moreover, none of the cases Defendants cite made it "clear" prior to *ANZ* "that *Joseph* was no longer good law." Def. Mem. at 17. The Supreme Court's statement in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014), that a statute of repose "*generally* may not be tolled" did not overrule *Joseph*. If it had, there would have been no reason for the Supreme Court to grant *certiorari* in *ANZ*. In the passage of *CTS* cited by Defendants, the Supreme Court was discussing "equitable tolling" (134 S. Ct. at 2183), whereas *Joseph* held that the three-year limitations period in §13 of the Securities Act could be tolled under *American Pipe* because that doctrine was "*legal rather than* equitable in nature." 223 F.3d at 1166.[4]

---

[3]  Likewise, the Trust Plaintiffs were not obligated to preemptively react to the potential dismissal of the Securities Act claims in the related action before those claims were actually dismissed. Def. Mem. at 15.

[4]  *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 794 (6th Cir. 2016) and *Dusek v. JP Morgan Chase & Co.*, 832 F.3d 1243, 1248-49 (11th Cir. 2016) also did not "recognize[] that *CTS* had overruled *Joseph*" as Defendants assert. Def. Mem. at 17. Those decisions merely reflected a split with the Tenth Circuit on the issue of "whether the tolling rule of *American Pipe* applies to the 3 year time bar in §13." *ANZ*, 137 S. Ct. at

*Joseph* remained controlling law in the Tenth Circuit until it was overruled by the Supreme Court's decision in *ANZ* – an outcome that was by no means inevitable.[5]

### C. Defendants Will Not Suffer Undue Prejudice if the Motion Is Granted

As explained in Plaintiffs' opening brief, any prejudice to Defendants is minimal and is outweighed by the interest of the Trust Plaintiffs and the class in having their Securities Act Claims adjudicated on the merits. *See Kurka v. Iowa County*, 628 F.3d 953, 959 (8th Cir. 2010) (noting that "prejudice to the defendant" must be weighed against "the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process"). Defendants have been on notice of the Securities Act Claims since the CAC was filed in 2013. They have twice opposed motions to dismiss those claims – first in this Action and subsequently in the Related Action – and thus are thoroughly familiar with the issues they would raise in any subsequent motion to dismiss. Moreover, SandRidge, Ward and Bennett are currently named as defendants in the Exchange Act claims pending in this Action and are responding to discovery requests in connection with those claims. If the Securities Act Claims are reinstated, any additional burden on Defendants will be minimal because discovery will undoubtedly involve many of the same documents already produced by SandRidge, Ward and Bennett in connection with the Exchange Act claims.

Moreover, Defendants' "interest in finality" is not implicated because the Dismissal

---

2048 (citing *Joseph*, *Stein* and *Dusek* and noting the Circuit split). Additionally, in *Stein*, the Tenth Circuit simply found that the Second Circuit's position that the three year limitations period could not be tolled by *American Pipe* was "*more* consistent with the Supreme Court's subsequent decision in *CTS*[.]" 821 F.3d at 793.

[5] The fact that Robbins Geller was counsel of record for the petitioner CalPERS in *ANZ* underscores that counsel believed there were meritorious arguments in favor of tolling the three-year limitations period in §13.

Orders were interlocutory orders pursuant to Rule 54(b), since the Court did not enter a final judgment on those claims. Def. Mem. at 14. *See* Fed. R. Civ. P. 54(b) ("any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities). "[C]oncerns [regarding] finality" are not "implicated when a district court reconsiders one of its own interlocutory orders." *SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148, 1218 (N.D. Okla. 2017). *C.f. Prof'l Assets Mgmt., Inc. v. Penn Square Bank, N.A.*, 616 F. Supp. at 1421 n.1 (vacating a dismissal order under Rule 60(b) "does not run afoul of the interest in finality" where the suit "has not reached judgment").[6]

### D. Defendants' Futility Arguments Are Without Merit

Defendants' argument that Plaintiffs' motion is "futile" because the Securities Act Claims are barred by the one-year statute of limitations and the three-year statute of repose is

---

[6] While Plaintiffs' motion is styled as a request for relief from the Dismissal Orders under Rule 60(b), Rule 54(b) provides an additional basis for relief. Pursuant to Rule 54(b), "[a] court's disposition of a single claim in a suit involving multiple claims is subject to reconsideration until the entry of judgment on all of the claims, absent an explicit direction for the entry of judgment on the single claim." *First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005). Thus, district courts have "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008). *See also Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("district courts generally remain free to reconsider their earlier interlocutory orders"). "In such a case, the district court is not bound by the strict standards for altering or amending a judgment encompassed in . . . [Rule] 60(b)." *Fye*, 516 F.3d at 1223 n.2. *See also A. Passmore & Sons, LLC v. Premier Carriers, LLC*, 2009 U.S. Dist. LEXIS 137153, at *4-*5 (W.D. Okla. Mar. 10, 2009) (construing motion seeking relief under Rule 60(b) "as a motion for reconsideration under Rule 54(b)" where final judgment had not been entered, and noting that "the court is not bound by the stricter standard[] . . . under . . . Rule 60(b)"). Here, Plaintiffs have satisfied the criteria for relief under both Rule 54(b) and Rule 60(b)(6).

without merit. Def. Mem. at 19-22. Those claims were timely brought within both the limitations and repose periods of §13 of the Securities Act, which provides that an action asserting claims under §§11 and 12(a)(2) must be "***brought*** within one year after . . . discovery"; but "[i]n no event shall any such ***action be brought*** . . . more than three years after" the offering or sale at issue. 15 U.S.C. §77m. Plaintiffs are not seeking to "bring" new claims or a new "action" – they are asking the Court to reconsider its interlocutory orders dismissing the Securities Act Claims without prejudice. Therefore, the relation-back doctrine set forth in Fed. R. Civ. P. 15(c)(1)(B), which permits "a claim or defense" to "relate[] back to the date of the original pleading" when it "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," is not implicated here.[7]

But even if the Court finds it necessary to invoke relation-back, there are sound reasons for doing so here. Unlike both of the cases cited by Defendants,[8] in which the plaintiffs had sought to add entirely new claims under §12(a)(2) to actions asserting claims under §11 and §15 of the Securities Act after the statute of repose had expired, the Trust Plaintiffs are seeking to revive claims that are ***identical*** to those in the CAC. Thus, there is no question that the claims "arose out of the conduct, transaction, or occurrence set out" in the CAC. Fed. R. Civ. P. 15(c)(1)(B).[9]

---

[7] Because relation-back is unnecessary, the Trust Plaintiffs' claims also do not need to "relate back" to the Exchange Act claims. Def. Mem. at 21 n.9.

[8] *See F.D.I.C. v. First Horizon Asset Secs. Inc.*, 2018 WL 1157961, at *4 (S.D.N.Y. Mar. 2, 2018); *Silvercreek Management, Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 451 (S.D.N.Y. 2017).

[9] Although the courts in *First Horizon* and *Silvercreek* concluded that the statute of repose supersedes Rule 15(c)'s relation-back provision (2018 WL 1157961, at *4; 248 F. Supp. 3d 428, 451), this Court is not bound by those decisions. The *Silvercreek* court noted that "the

Defendants' assertion that the Trust Plaintiffs' were "deprived . . . of standing" to bring the Securities Act Claims because they did not publish an amended PSLRA notice makes no sense and does not withstand scrutiny. Def. Mem. at 20. The Trust Plaintiffs were named plaintiffs in the CAC, and as purchasers in the Trust Offerings, they had standing to bring the Securities Act Claims. *See* ECF No. 75 at ¶¶23-25. Defendants do not even attempt to explain how the Trust Plaintiffs' decision not to publish an amended PSLRA notice deprived them of constitutional standing, and the case on which they rely involved an entirely different situation. *See Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013).[10]

Defendants' contention that the class the Trust Plaintiffs seek to represent is "empty because . . . putative class members' claims are barred by the statute of repose" is equally nonsensical. Def. Mem. at 20-21. If that were so, the time limit for concluding a class action would be equivalent to the time period in the applicable statute of repose. Any class member who did not file their own action under the Securities Act would be barred from recovery if, at the time the class action was concluded, more than three years had passed

---

Second Circuit has not decided" the issue (248 F. Supp. 3d at 451), and it appears that the Tenth Circuit has not either.

[10] *In IndyMac*, class members *not named as plaintiffs* in the complaint sought to intervene to revive claims that had been dismissed for lack of constitutional standing because the lead plaintiffs had not purchased securities in the offerings at issue. *Id*. at 103. The Second Circuit held that "that the Rule 15(c) 'relation back' doctrine does not permit members of a putative class, *who are not named parties*, to intervene in the class action as named parties in order to revive claims that were dismissed from the class complaint for want of jurisdiction." *Id*. at 110. Since the intervenors' claims were not "independently timely," the court affirmed dismissal. *Id*. at 112. Here, because the Trust Plaintiffs *were* named plaintiffs in the CAC, timely brought the Securities Act Claims, and are not seeking to intervene, *IndyMac* is completely inapposite.

from the date of the offering. That is clearly not the law. Rather, the claims of putative class members are timely just as the Trust Plaintiffs' claims are timely.

Finally, because the Trust Plaintiffs are not seeking to bring new claims, but rather are asking the Court to reconsider its dismissal of the Securities Act Claims, it is also unnecessary for the Court to evaluate whether *American Pipe* tolled the one-year statute of limitations. The Securities Act Claims were "brought" on July 23, 2013, "within one year after the discovery of the untrue statement[s] [and] omission[s]" on November 8, 2012. 15 U.S.C. §77m. *See* ECF No. 75 at ¶¶321-30. At that time, 257 days had run on the one-year limitations period and the claims were timely.

But even under Defendants' superfluous invocation of *American Pipe* tolling, the Securities Act Claims are still timely because – at most – a total of 350 days have run on the one-year statute of limitations. Twenty nine additional days elapsed between the date of the first Dismissal Order (May 11, 2015) and the date that the Related Action was filed (June 9, 2015), and an additional 64 days elapsed between the entry of judgment dismissing the Securities Act claims in the Related Action (December 5, 2017) and the date that this motion was filed (February 7, 2018), leaving 15 days remaining in the limitations period. *See Brady v. UBS Fin. Servs.*, 2013 U.S. Dist. LEXIS 42252, at *38-*39 (N.D. Okla. Mar. 26, 2013) (tolling statute of limitations under *American Pipe* during pendency of motion for reconsideration). Accordingly, the Securities Act Claims are timely.

### III. CONCLUSION

For the reasons set forth above and in their opening memorandum of law, Plaintiffs respectfully request that the Court grant the motion in its entirety.

DATED: April 4, 2018
ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN (admitted *pro hac vice*)
EVAN J. KAUFMAN (admitted *pro hac vice*)
CHRISTOPHER T. GILROY (admitted *pro hac vice*)

*/s/ Evan J. Kaufman*
EVAN J. KAUFMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com
cgilroy@rgrdlaw.com

*Lead Counsel for Plaintiffs*

DERRYBERRY & NAIFEH, LLP
DARREN B. DERRYBERRY
(OBA No. 14542)
4800 North Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405/708-6784
405/528-6462 (fax)
dderryberry@derryberrylaw.com

*Liaison Counsel*

HAEGGQUIST & ECK, LLP
AMBER L. ECK
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone: 619/342-8000
619/342-7878 (fax)
ambere@haelaw.com

*Additional Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 4, 2018.

*/s/ Evan J. Kaufman*
EVAN J. KAUFMAN