## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE SANDRIDGE ENERGY, INC.  )
SECURITIES LITIGATION            )        Case No. CIV-12-1341-G

## <u>AMENDED SCHEDULING ORDER</u>

Now before the Court is the Plaintiffs' Unopposed Motion to Extend the Fact Discovery Deadline (Doc. No. 398).  For good cause shown, the Court GRANTS the motion and ESTABLISHES the following deadlines in this matter:

| | |
|---|---|
| Plaintiffs to file final list of expert witnesses and provide expert reports | March 1, 2019 |
| Defendants to file final lists of expert witnesses and provide expert reports | March 21, 2019 |
| Parties to complete fact discovery | March 29, 2019 |
| Plaintiffs to file list of rebuttal expert witnesses and provide rebuttal expert reports | April 15, 2019 |
| Parties to begin expert witness depositions | May 1, 2019 |
| Parties to complete expert discovery | May 15, 2019 |
| Parties to file dispositive motions and motions to exclude expert testimony under *Daubert* and/or Federal Rule of Evidence 702 | June 14, 2019 |
| Parties to file responses to opposing parties' dispositive motions and motions to exclude expert testimony under *Daubert* and/or Federal Rule of Evidence 702 | August 15, 2019 |

| | |
|---|---|
| Parties to file replies, if any, in support of their dispositive motions and motions to exclude testimony under *Daubert* and/or Federal Rule of Evidence 702[1] | September 16, 2019 |
| Parties to file final lists of witnesses[2] and final lists of exhibits[3] | November 8, 2019 |

By agreement, the Court STRIKES the pretrial conference now set on October 15, 2019, and ADVISES the parties that they will be notified of the date and time of the rescheduled conference by separate order.  Seven days before the pretrial conference, the parties shall file a joint memorandum that proposes a trial date and deadlines (a) for filing objections to a party's final list of witnesses and final list of exhibits, (b) for filing the Final Pretrial Report, and (c) for filing and responding to all other final pretrial papers, including designations of deposition testimony to be used at trial, motions in limine, trial briefs, requested voir dire, and proposed jury instructions.

---

[1] If a hearing is necessary to resolve a dispositive motion or a motion to exclude expert testimony under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702, the parties will be advised of the date and time of that hearing by separate order.

[2] Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(i), each party's final list of witnesses should "separately identify[ ] those [witnesses] the party expects to present and those it may call if the need arises[.]"  Absent good cause, no witness shall be permitted to testify in a party's case-in-chief if the witness is not included on that party's final list of witnesses.

[3] Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(iii), each party's final list of exhibits shall "separately identify[ ] those [exhibits] . . . the party expects to offer and those it may offer if the need arises."  Absent good cause, no exhibit shall be admitted in a party's case-in-chief if the exhibit is not included on that party's final list of exhibits.

IT IS SO ORDERED this 18th day of January, 2019.

CHARLES B. GOODWIN
United States District Judge