# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) ) | Case No. CIV-12-1341-G |

## ORDER

Now before the Court is Defendants' Motion to Strike (Doc. No. 415) portions of the rebuttal report of Plaintiffs' expert Bjorn L. Steinholt, as well as a brief in support (Doc. No. 416). Defendants have responded (Doc. Nos. 419, 420, 421), and this matter is now at issue. Also at issue is Plaintiffs' Motion to Supplement (Doc. No. 422) and Defendants' response thereto (Doc. No. 425).

*I.     Background*

On March 1, 2019, Plaintiffs timely submitted two expert reports to Defendants, including a report by Mr. Steinholt in which he opined: (i) allegedly false or misleading statements about SandRidge's Mississippian wells caused the price of SandRidge stock to be artificially inflated throughout the putative class period; and (ii) the price impact on November 9, 2012, of the disclosure of the alleged corrective information after the market closed on November 8, 2012, was 9.9%, or $0.60 per share, when the inflation is assumed constant on each day of the putative class period. Defs.' Mot. to Strike Ex. 1 (the "March Report") ¶¶ 12, 24, 63, 67, 72, 80-81 & Ex. D (Doc. No. 416-1); *see* Fed. R. Civ. P. 26(a)(2)(B); Am. Sched. Order (Doc. No. 399). Mr. Steinholt's March Report noted that Plaintiffs' operative pleading presented allegations about a SandRidge stock-price drop in August 2011 but expressly declined to analyze that event or any damages resulting

therefrom.  *See* Mar. R. ¶ 73 ("I may supplement my report related to SandRidge's August 2011 stock price decline after fact discovery is completed.").

On April 4, 2019, Defendants timely submitted a report from their expert Steven Grenadier, PhD.  *See* Defs.' Mot. to Strike Ex. 2 (the "Grenadier Report") (Doc. No. 416-2); Second Am. Sched. Order (Doc. No. 410).  This report criticized Mr. Steinholt's March Report in various respects, and like the March Report, Dr. Grenadier's Report focused upon the drop in SandRidge stock price that occurred on November 9, 2012.  Dr. Grenadier noted Mr. Steinholt's reference to "eight 'fraud-related event days,'" which had included August 5, 2011, but Dr. Grenadier did not address the August 2011 stock-price drop or any loss associated with that drop.  Grenadier R. ¶ 27.

On April 29, 2019, Plaintiffs submitted a "Rebuttal Expert Report" by Mr. Steinholt (the "April Report").  *See* Defs.' Mot. to Strike Ex. 3 (Doc. No. 416-3); Fed. R. Civ. P. 26(a)(2)(D)(ii).  Much of the April Report directly replied to Dr. Grenadier's critique of the March Report and defended the findings and methodology of that Report.  *See* Apr. R. ¶¶ 1-64.  In Paragraphs 65-83 and Exhibit A, however, Mr. Steinholt "supplement[ed]" the March Report "to include damages related to the August 5, 2011 disclosure" made by SandRidge prior to the opening of the market on that date and the drop in stock price that followed, calculated using a changing rate of inflation for each day of the putative class period.  *See id.* ¶¶ 63-83 & Ex. A.

*II. Discussion*

Defendants now seek to strike the paragraphs and appendix of Mr. Steinholt's April Report pertaining to August 2011 damages, asserting that this portion is an unauthorized late expert disclosure rather than a proper rebuttal report.[1] The Court agrees.

The Federal Rules of Civil Procedure prescribe that an expert rebuttal report is permitted if the evidence therein "is intended solely to contradict or rebut evidence on the same subject matter" identified by another party's expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). "Rebuttal is not an opportunity for the correction of any oversights in the plaintiff's case in chief." *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-PJC, 2009 WL 1065668, at *1 (N.D. Okla. Apr. 17, 2009) (internal quotation marks omitted). Nor may a party "use a rebuttal expert to introduce new legal theories." *Stephenson v. Wyeth LLC*, No. 04-2312-CM, 2011 WL 4900039, at *1 (D. Kan. Oct. 14, 2011). Rebuttal experts may not properly "present[] new arguments" or "put forth their own theories"; expert reports that address the same subject matter as a prior report "but do not directly contradict or rebut the actual contents of that prior report" are not proper rebuttal reports. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *3 (D. Colo. Apr. 21, 2016) (internal quotation marks omitted).

As described above, the disputed portion of Mr. Steinholt's April Report does not contradict or rebut Dr. Grenadier's conclusions or methodology. It instead "attempt[s] to

---

[1] Defendants additionally argue that this portion of the April Report improperly attempts to analyze damages associated with legal claims that were dismissed by the Court in August 2017. *See* Defs.' Mot. to Strike at 16-17 (ECF pagination). Based upon the disposition herein, the Court finds it unnecessary to reach this argument.

3

bolster [Plaintiffs'] case-in-chief" and thus is not a proper rebuttal report under Rule 26(a)(2)(D)(ii). *Ashike v. Mullen Crane & Transp., Inc.*, No. 2:12-CV-0011, 2014 WL 61142, at *3 (D. Utah Jan. 8, 2014); *cf. Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) ("Rebuttal evidence is evidence which attempts to 'disprove or contradict' the evidence to which it is contrasted.").

Having found that the disputed portion of the April Report does not qualify as a proper rebuttal report, the resulting question is what relief the Court should order. Defendants correctly note that the offending portion of the April Report is subject to being stricken. *See* Fed. R. Civ. P. 37(c)(1); *see, e.g.*, *Barcus v. Phoenix Ins. Co.*, No. 17-2492-JWL-KGG, 2018 WL 6933299, at *2 (D. Kan. Aug. 17, 2018) (striking purported rebuttal report that "only support[ed] [the plaintiff's] primary contentions" without "rebut[ting] any new elements of the defense expert claims"); *cf. D'Andrea Bros. LLC v. United States*, No. 08-286C, 2012 WL 644010, at *3-4 (Fed. Cl. Feb. 10, 2012) (striking new damages calculations in expert rebuttal report). Plaintiffs have filed a Motion to Supplement, requesting that rather than having the disputed portion stricken, the Court consider that aspect of the April Report as a supplemental report or allow it to be filed as a supplemental report. *See* Pls.' Mot. to Suppl. at 1-2. According to Plaintiffs, key depositions and discovery analysis took place after Mr. Steinholt issued his March Report, and so Mr. Steinholt was able to supplement that Report "with the benefit of a fully developed factual record." *Id.* at 2; *accord* Pls.' Resp. to Defs.' Mot. to Strike (Doc. No. 419) at 11-14.

Pursuant to Federal Rule of Civil Procedure 26(e)(1), a party must supplement or correct its disclosures "in a timely manner" "if the party learns that in some material respect

4

the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see also id.* R. 26(a)(2)(E). But the Rule does not permit parties to "create[e] a 'new and improved' expert report in order to gain tactical advantage." *Rodgers v. Beechcraft Corp.*, No. 15-CV-129-CVE-PJC, 2016 WL 7888048, at *2 (N.D. Okla. Sept. 20, 2016). Paragraphs 65 through 83 of the April Report are not reasonably construed as a completion or correction of the March Report; rather, they present "additional opinions or rationales" that should have been presented as part of that initial Report or in an additional (timely) report. *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006); *see, e.g.*, Apr. R. ¶ 83 (describing an "$0.81 per share impact" "used as the inflation . . . until the disclosure . . . after market close on August 4, 2011" that "is in addition to the inflation estimated in [the March Report] relating to the November 9, 2012 corrective information").

Reliance upon these late-offered opinions must be prohibited unless Plaintiff's failure to timely disclose the opinions "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Cook*, 580 F. Supp. 2d at 1169. Whether that was the case is a determination "entrusted to the broad discretion of the district court," with such discretion guided by factors including the prejudice or surprise to the other party and the extent to which allowing such evidence would disrupt the court's schedule. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (internal quotation marks omitted). District courts also consider whether a party has shown good cause and excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B) when considering a

tardy request to disclose under Rule 26(a). *See, e.g.*, *Kehler v. Bridgestone Ams. Tire Operations, LLC*, No. 15-CV-127-J, 2016 WL 6080230, at *4 (D. Wyo. Aug. 3, 2016).

The Court agrees with Defendants that Plaintiffs' inclusion of this content in their "rebuttal" report was not substantially justified. Plaintiffs' argument that Mr. Steinholt was required to supplement his first Report based upon later-taken depositions and discovery responses is belied by the April Report itself, as Mr. Steinholt does not cite to or rely upon such depositions or discovery anywhere in those Paragraphs or in Exhibit A. *See* Apr. R. ¶¶ 65-83 & nn.109-20; *id.* Ex. A.

The Court also agrees with Defendants that allowing Plaintiffs to use Mr. Steinholt's new opinions at this late stage cannot be excused as harmless. Dr. Grenadier did not have the opportunity to address the new material in his primary report. Further, Plaintiffs did not "take[] any steps to ameliorate the prejudice to [Defendants] as a result of the submission of these new opinions," instead waiting to suggest supplementation until after extensive briefing on the Motion to Strike. *STS Software Sys., Ltd. v. Witness Sys., Inc.*, No. 1:04-CV-2111-RWS, 2008 WL 660325, at *2 (N.D. Ga. Mar. 6, 2008). Under the parties' present scheduling order, Defendants have no opportunity to respond to the new opinions within the April Report. Although the parties' deadlines could be amended, allowing a new Plaintiffs' expert report (and, presumably, a counter-report from Defendants and a rebuttal report from Plaintiffs) "at this late date" "would unduly increase the cost of this litigation and delay its ultimate resolution." *Tyson Foods*, 2009 WL 1065668, at *1; *see also Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 531 (D.N.M. 2007) ("There is nothing in the rules that requires the Court to abandon the schedule the

6

parties created and the Court entered—even if, with considerable effort, reimbursement, and re-briefing, prejudice can be eliminated—merely because new counsel want to present new expert theories."). And "[t]he presumed lack of prejudice . . . does not satisfy the good cause requirement" of Rule 6(b)(1)(B). *Spindler v. Baker & Daniels, LLP*, No. 1:09-cv-5, 2010 WL 3119540, at *3 (N.D. Ind. Aug. 6, 2010) (denying untimely request to extend expert discovery deadline where the plaintiffs failed to demonstrate excusable neglect or good cause).

### III. Conclusion

For all of these reasons, Defendants' Motion to Strike (Doc. No. 415) is GRANTED. Paragraphs 65-83 and Appendix A of Mr. Steinholt's April Report (Doc. No. 416-3) are hereby deemed STRICKEN and shall not be considered in further proceedings in this lawsuit. Plaintiffs' Motion to Supplement (Doc. No. 422) is DENIED.

IT IS SO ORDERED this 13th day of June, 2019.

*[Signature]*
CHARLES B. GOODWIN
United States District Judge