UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | ) | |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. | ) | |
| SECURITIES LITIGATION | ) | Case No. CIV-12-1341-G |
| | ) | |

**ORDER**

Now before the Court is Plaintiffs' Motion to Reconsider (Doc. No. 428) and supporting papers (Doc. Nos. 429, 430, 431), asking that the Court revisit its Order (Doc. No. 426) granting Defendants' Motion to Strike (Doc. No. 415) and denying Plaintiffs' Motion to Supplement (Doc. No. 422). Defendants have responded (Doc. No. 436), and the Motion is now at issue. For the reasons outlined below, Plaintiffs' Motion is DENIED.

*I.     Background*

As outlined in the Court's previous Order, in March 2019 Plaintiffs submitted an expert report to Defendants authored by Bjorn L. Steinholt (the "March Report" (Doc. No. 416-1)). Defendants then submitted a report from their expert Steven Grenadier, PhD (the "Grenadier Report" (Doc. No. 416-2)), which criticized Mr. Steinholt's March Report in various ways. Finally, Plaintiffs submitted a "Rebuttal Expert Report" by Mr. Steinholt (the "April Report" (Doc. No. 416-3)).

Defendants moved to strike certain portions of the April Report, arguing that Mr. Steinholt offered two new opinions therein that were not proper rebuttal.

> First, Mr. Steinholt opined for the first time that Plaintiffs could recover damages resulting from a second stock drop on August 5, 2011. Second, he introduced a new variable methodology for calculating alleged inflation during the putative class period, abandoning the constant 60 cents per share inflation theory in his initial report in favor of a new calculation in which the

amount of alleged price inflation varies on every day of the putative class period.

Defs.' Mot. to Strike Br. (Doc. No. 416) at 6;[1] *see* Apr. R. ¶¶ 65-83 & Ex. A.

The Court's Order found that these opinions were not proper rebuttal evidence. *See* Order at 3-4. The Order further found that supplementation should not be permitted and ordered Paragraphs 65 to 83 and Exhibit A of the April Report stricken. *See id.* at 4-7.

II. Applicable Standard

Motions to reconsider, though "not formally recognized by the Federal Rules of Civil Procedure . . . are routinely entertained, in one form or another, by federal courts." *Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 1770491, at *1 (W.D. Okla. Apr. 12, 2018), *aff'd*, 763 F. App'x 740 (10th Cir. 2019) (citing Fed. R. Civ. P. 59(e)). Reconsideration may be predicated on one or more of three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable," or "(3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

---

[1] References to the parties' filings use the ECF pagination.

III. *Discussion*

Plaintiffs' Motion asserts that the Court misapprehended the facts as to the first disputed portion of the April Report and misapplied the controlling law as to the second portion. *See* Pls.' Mot. to Reconsider Br. (Doc. No. 429) at 4-13.

A. *Paragraphs 65 to 69 and Exhibit A*

First, Plaintiffs argue that in striking the disputed material from the April Report, the Court failed to appreciate that Paragraphs 65 to 69 and Exhibit A (the "New Calculation" portion) focus upon the new variable-inflation-rate damages calculation, while the remainder (the "New Damages" portion) focuses upon the recovery of damages from the August 5, 2011 stock-price drop. Pls.' Mot. to Reconsider Br. at 4-5, 9-11. Plaintiffs further assert that the New Calculation portion is proper rebuttal material. *Id.* at 9-11.

While parts of the Order did refer to the disputed material collectively, the Order also noted the two aspects of the opinions and ultimately concluded that the entirety of the new material should be stricken. *See, e.g.*, Order at 2, 6-7. More to the point, Plaintiffs have not shown that the Court's directive as to the New Calculation portion constitutes "clear error and manifest injustice." Mr. Steinholt's initial March report calculated damages on the assumption that the level of inflation would remain constant for all days of the putative class period, and Dr. Grenadier criticized this approach. Rather than defend his methodology, or otherwise contradict Dr. Grenadier's critiques, Mr. Steinholt then adopted a new and different methodology to "improve" upon his previous damages analysis. Apr. R. ¶ 65. But "[a] rebuttal report is not the time to change methodologies to

3

account for noted deficiencies; instead, it is to respond to criticisms of such methodologies." *Bowman v. Int'l Bus. Mach. Corp.*, No. 1:11-cv-593-RLY-TAB, 2013 WL 1857192, at *7 (S.D. Ind. May 2, 2013); *accord* Order at 3 (citing cases). Plaintiffs "d[id] not have free [rein] to produce a rebuttal report containing additional analyses on the basis that this is the same subject matter [as] the initial reports." *Bowman*, 2013 WL 1857192, at *7.

Therefore, the Court sees no clear error or manifest injustice in its prior ruling as to the New Calculation portion of the April Report.

### B. Paragraphs 70 to 83

Plaintiffs additionally argue that the Court misapplied Tenth Circuit authority in finding that Plaintiffs should not be allowed to submit the New Damages portion of the April Report as a supplemental expert opinion. More specifically, Plaintiffs allege that the Court failed to properly address the factors contemplated in *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985 (10th Cir. 1999), and that a "full" analysis, including evaluation of recent deposition testimony that "cured" any prejudice from the New Damages material, would show that Defendants would suffer no undue harm from allowing this opinion to stand. Pls.' Mot. to Reconsider Br. at 5, 11-13.

The Court disagrees. As to form, the previous Order cited *Woodworker's Supply* and other authorities, addressed multiple relevant criteria, and made express findings as to why Plaintiffs' failure was not substantially justified and why such supplementation would not be harmless. *See* Order at 4-7. This analysis is sufficient under Tenth Circuit authority. *See Woodworker's Supply*, 170 F.3d at 993 (prescribing that the determination of whether

4

a Rule 26(a) violation is justified or harmless (or neither) is committed to the "broad discretion" of the district court and that the court "need not make explicit findings" in reaching that determination).

Moreover, as to substance, Plaintiffs have not shown clear error in the findings of the Court or a manifest injustice in excluding the relevant opinion. Defendants were reasonably required to depose Mr. Steinholt about the New Damages opinion at a deposition held on June 12, 2019, because the Court's Order striking that opinion was not issued until June 13, 2019. Defendants properly note that the taking of this deposition would not "cure[]" the prejudice to Defendants because Defendants still were not allowed the opportunity to rebut the New Damages opinion with their own expert's testimony. *See* Order at 6-7; *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 2245 F.R.D. 524, 531 (D.N.M. 2007).

Plaintiffs also reurge their prior arguments in favor of supplementation. But a motion for reconsideration is not an opportunity "for a losing party's attorney to get a 'second bite at the apple'" using arguments that were considered and rejected by the Court. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Plaintiffs have not shown that reconsideration is warranted.

## CONCLUSION

Accordingly, Plaintiffs' Motion for Reconsideration (Doc. No. 428) is DENIED.

IT IS SO ORDERED this 17th day of July, 2019.

_____
CHARLES B. GOODWIN
United States District Judge