**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | No. 5:12-cv-01341-G |
| | CLASS ACTION |
| This Document Relates To: | |
| ALL ACTIONS. | |

**DECLARATION OF EVAN J. KAUFMAN IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

I, Evan J. Kaufman, do declare and state as follows:

1. I am a partner at the law firm of Robbins Geller Rudman & Dowd LLP, counsel for Lead Plaintiffs Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, Vladimir and Angelica Galkin (collectively, "Plaintiffs") in the above-captioned case. I am licensed to practice law in New York and am admitted *pro hac vice* to this Court. I have personal knowledge of the facts stated in this declaration.

2. I submit this declaration and the recitation of certain relevant facts in opposition to Defendants' filed Motion for Reconsideration Under Rule 54(b) (the "Motion for Reconsideration" or "Def. Mem.," ECF No. 483), which was filed jointly in both the above-captioned action (the "Securities Action" or the "*Glitz* Action") and the coordinated,

yet entirely separate action captioned *Duane & Virginia Lanier Trust, et al. v. SandRidge Mississippian Trust I, et al.*, No. 5:15-cv-00634-G (W.D. Okla.) (the "Trust Action" or the "*Lanier* Action").

3. The allegations pled in the Third Consolidated Amended Complaint for Violations of Federal Securities Laws (ECF No. 225, the "TAC") were supported by three former employees ("FEs") of SandRidge Energy, Inc.: (1) Kirk Kolar, FE1; (2) Michael Hale, FE2; and (3) Maggie Silvertooth, FE3 (collectively, the "*Glitz* FEs").

4. Based on my reading of the *Lanier* Consolidated Amended Complaint (ECF No. 78), the Plaintiffs in the *Lanier* Action supported their claims by referencing two groups of witnesses: (i) three witnesses referred to as confidential witnesses; and (ii) three people referred to as former employees. It appears that the *Lanier* complaint relied on the allegations from the *Glitz* Action for purposes of their allegations about the three former employees.

5. Defendants' Motion for Reconsideration was filed as a single motion against the Plaintiffs in the *Glitz* Action and the Plaintiffs in the *Lanier* Action. They combined their arguments pertaining to the information provided, and allegations supported, by FEs of SandRidge Energy, Inc. To be clear, the allegations in the *Lanier* Action were also supported by a separate group of confirmed witnesses.

6. This is a significant fact in that the distinctiveness among the witnesses relied on between the two actions – even to the extent that the *Lanier* Action relies on one or more of the *Glitz* FEs – renders certain statements or arguments by Defendants as completely false or, at a very minimum, inapplicable as to the Securities Action.

7. As counsel in the *Glitz* Action, I can attest only to the information alleged about the *Glitz* FEs and their deposition testimony. My personal knowledge and the statements made in this Declaration are, therefore, limited to and specifically applied to FEs 1, 2 and 3.

8. Defendants made global statements as to all former employees. As applied to FEs 1, 2 and 3 or, more specifically, as applied to the *Glitz* Action, these blanket statements are incorrect and appear to be made to misinform this Court. Defendants argue, for example:

(a) Defendants state that "[n]o witness confirmed the allegations attributed to him or her and none testified that anyone at SandRidge did anything wrong." Def. Mem. at 3. As detailed in the accompanying memorandum of law, that statement by Defendants is patently untrue. By way of example, FE2 was questioned by defense counsel about the allegations attributed to him, including paragraph 128 of the TAC, which FE2 confirmed. Hale Tr. (defined below) at 39:14-40:3.

(b) Defendants state that "[w]hen the witnesses testified, they did not confirm the allegations attributed to them." Def. Mem. at 19. This is equally untrue. By way of example, FE3 testified that she spoke with a representative for counsel about meetings she attended while at SandRidge and that what she relayed appeared in the TAC. Silvertooth Tr. (defined below) at 27:20-28:4.

(c) Defendants state that, at most, only one of FEs were interviewed by counsel. Def. Mem. at 19. Setting aside that this is simply untrue, it is worth noting that Defendants have not pointed to any rule or guidance stating that counsel – as opposed to

counsel's representatives or investigators – are required to personally interview all former employees who may potentially have information to support Plaintiffs' claims. Here, each one of the *Glitz* FEs had numerous conversations with investigators acting at the behest of counsel. FE3, for example, testified a representative for Plaintiffs "called quite a bit." Silvertooth Tr. at 29:16. FE2 also testified to speaking with a representative for Plaintiffs multiple times. Hale Tr. at 15:11-16:4.

9. In addition to the manner in which Defendants misrepresent the procedural history of the *Glitz* Action, what the *Glitz* FEs said to counsel, and the nature of those communications, the timing of Defendants' motion must be scrutinized. Defendants' apparent position is that their Rule 54(b) motion for reconsideration can be brought based on newly obtained evidence, which they claim they could not have known at the time this Court issued its decisions on August 1, 2017. Assuming, arguendo, that is true, Defendants' instant motion is defective based on at least one procedural basis: timeliness.

10. I will outline the facts and background underpinning the untimeliness of the filing of Defendants' Motion for Reconsideration.

11. On November 15, 2017, Plaintiffs in the *Glitz* Action served their Initial Disclosure Statement Pursuant to Federal Rule of Civil Procedure 26(A)(1).[1] In adherence with accepted and common practice in cases involving confidential witnesses, the *Glitz* FEs were listed along with other SandRidge officers, directors, and employees as

---

[1] Thus, contrary to Defendants' false statement that Plaintiffs refused to disclose the identities of the *Glitz* FEs (Def. Mem. at 6-7, 19), Plaintiffs voluntarily disclosed the names of the FEs at the first possible time during discovery.

individuals likely to have specific discoverable information. On May 11, 2018, counsel for Defendants were told the identities of the three *Glitz* FEs. On December 7, 2018, Defendants deposed *Glitz* FE2, identified as Michael Hale. On December 20, 2018, Defendants deposed *Glitz* FE3, identified as Maggie Silvertooth.

12. Succinctly stated, Defendants first became aware of the identities of the *Glitz* FEs on November 15, 2017. They knew the precise identity of the *Glitz* FEs by May 11, 2018. And the last of the depositions of the *Glitz* FEs was taken by Defendants on December 20, 2018.

13. Even using the date most favorable to Defendants, their instant motion was not filed until more than ***15 months*** after Defendants themselves claim to have identified the supposed basis for their Motion for Reconsideration.

14. Setting aside the obvious delay by Defendants, considerable time, money and resources have been expended by the parties and this Court between the time Defendants *could have* filed and the time they ultimately *chose to* file.

15. The following is a snapshot of the work performed by the parties and this Court between December 20, 2018 and April 2, 2020:

(a) more than 25 productions of first- and third-party documents were collected, prepared and served by and between the parties;

(b) more than 2 million pages of first- and third-party discovery material were collected, prepared and served by and between the parties; and

(c) 23 fact and expert depositions were conducted over the course of 32 days.

16. Clearly, Plaintiffs and this Court have been prejudiced by Defendants' purposeful delay. What's more, by waiting well over a year to file their Motion for Reconsideration, Plaintiffs have expended considerable amounts of time and expenses litigating this action. By waiting to file the motion, it also resulted in defendants' counsel depleting the entire $24 million escrow account for their own legal fees that was set up to pay for any settlement or judgment in this action.

17. Attached hereto as Exhibit 1 is a true and correct copy of the Responses and Objections of Defendants James D. Bennett and Matthew K. Grubb to Lead Plaintiffs' First Request for Production of Documents to all Defendants, dated January 19, 2018.

18. Attached hereto as Exhibit 2 is a true and correct copy of the Responses and Objections of Nominal Defendant SandRidge Energy, Inc. to Lead Plaintiffs' First Requests for Production of Documents, dated January 19, 2018.

19. Attached hereto as Exhibit 3 are true and correct copies of excerpts from the Deposition Transcript of Michael Hale, taken on December 7, 2018.

20. Attached hereto as Exhibit 4 are true and correct copies of excerpts from the Deposition Transcript of Maggie Silvertooth, taken on December 20, 2018.

21. Attached hereto as Exhibit 5 are true and correct copies of excerpts from a Final Approval Hearing in *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (ECF No. 502).

22. Attached hereto as Exhibit 6 are true and correct copies of excerpts from a Fairness Hearing in *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2019) (Hellerstein, J.) (ECF No. 1316).

23. Attached hereto as Exhibit 7 are true and correct copies of excerpts from a Conference in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y. May 2, 2016) (Preska, J.) (ECF No. 243).

24. Attached hereto as Exhibit 8 is a true and correct copy of Ex. 27 marked at the Depositions of Tom Ward, taken on March 28-29, 2019.

25. Attached hereto as Exhibit 9 are true and correct copies of excerpts from the Deposition Transcripts of Tom Ward, taken on March 28-29, 2019.

26. Attached hereto as Exhibit 10 is a true and correct copy of Ex. 62 marked at the Depositions of David Lawler, taken on February 21-22, 2019.

27. Attached hereto as Exhibit 11 is a true and correct copy of Ex. 21 marked at the Depositions of Tom Ward, taken on March 28-29, 2019.

28. Attached hereto as Exhibit 12 are true and correct copies of excerpts from the Deposition Transcript of Craig Johnson, taken on March 5, 2019.

29. Attached hereto as Exhibit 13 is a true and correct copy of Ex. 36 marked at the Deposition of Craig Johnson, taken on March 5, 2019.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 24th day of July 2020.

*/s/ Evan J. Kaufman*

EVAN J. KAUFMAN

## CERTIFICATE OF SERVICE

I, Evan J. Kaufman, certify that on July 24, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system for filing. Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of July, 2020, at Melville, New York.

*/s/ Evan J. Kaufman*
EVAN J. KAUFMAN