UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC.<br>SECURITIES LITIGATION | )<br>)<br>)<br>) | Case No. CIV-12-1341-G |

## ORDER

Now before the Court is the Motion to Compel (Doc. No. 463) filed by Plaintiffs.[1] *See also* Doc. Nos. 464, 465, 466, 467, 468, 469. Defendant SandRidge Energy, Inc. ("SandRidge") has responded (Doc. No. 496), and the matter is now at issue.

A. *Requests for Admission*

Plaintiffs object to SandRidge's responses to Request for Admission ("RFA") Nos. 2, 3, 6, 7, 10, and 11. Under Rule 36(a)(1)(A) of the Federal Rules of Civil Procedure, parties "may serve upon any other party a written request to admit" the truth of matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The answering party must provide (1) an admission, (2) a specific denial, or (3) a detailed statement as to "why the answering party cannot truthfully admit or deny it." *Id.* R. 36(a)(4). Any grounds for objection "must be stated." *Id.* R. 36(a)(5).

The RFAs at issue focus upon selected documents that were produced by SandRidge during discovery and whether they qualify as: (1) business records not excluded by the rule against hearsay pursuant to Federal Rule of Evidence 803(6); or (2) opposing-party

---

[1] Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin.

statements not excluded by the rule against hearsay pursuant to Federal Rule of Evidence 801(d)(2).  *See* Pls.' Mot. to Compel; *id.* Ex. K (Doc. No. 468) at 8-11, 13-15, 17-19.

The business-record RFAs (RFA Nos. 2, 6, and 10) asked SandRidge to admit that the relevant documents "were prepared and kept by SandRidge during the course of a regularly conducted activity of SandRidge's business, as defined in Federal Rule of Evidence 803(6)."  Pls.' Mot. to Compel Ex. K at 8, 13, 17; *see* Fed. R. Evid. 803(6)(B). SandRidge responded to RFA Nos. 2 and 10 by citing multiple objections and then denying the request, "except to admit that" certain documents—identified by their Bates numbers— "were prepared and kept by SandRidge during the course of a regularly conducted activity of SandRidge's business, as defined in Federal Rule of Evidence 803(6)."  Pls.' Mot. to Compel Ex. K, at 8-9, 17-18.  SandRidge responded to RFA No. 6 by citing objections and then admitting the relevant documents "were prepared and kept by SandRidge during the course of a regularly conducted activity of SandRidge's business," "except for" certain documents that SandRidge identified on an attachment to its discovery responses.  *Id.* at 13-14.

For the opposing-party-statement RFAs (Nos. 3, 7, and 11), Plaintiffs asked SandRidge to admit that the listed documents "constitute an opposing party's statement, as defined in Federal Rule of Evidence 801(d)(2)."  *Id.* at 9, 14, 18.  SandRidge responded to RFA Nos. 3 and 7 by citing objections and then admitting the request, with the exception of certain identified documents.  *See id.* at 9-11, 14-15.  SandRidge responded to RFA No. 11 by citing objections and then denying the request, except to admit that certain identified

documents "would constitute opposing party's statements, as defined in Federal Rule of Evidence 801(d)(2), if offered into evidence against SandRidge." *Id.* at 18-19.

Plaintiffs complain about these responses to the extent they deny the requested admissions, arguing that all of the relevant documents fit within the cited hearsay exceptions and that SandRidge should be compelled "to . . . admit" that the documents "constitute opposing party statements or are otherwise admissible" under the cited Rules. Pl.'s Mot. to Compel at 5, 11-15.

The undersigned assumes for purposes of the Motion to Compel that these RFAs are otherwise proper—i.e., that they asked SandRidge to admit the truth of matters relevant to a "claim or defense" and "relating to . . . the application of law to fact" rather than improperly inquiring on a legal matter "unrelated to the facts of the case." Fed. R. Civ. P. 26(b)(1), 36(a)(1)(A); *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 551, 554 (D.N.M. 2011) (internal quotation marks omitted). And certainly it is apparent that a failure to acknowledge the admissibility of documents that may be shown—but only through testimony—to fall within a hearsay exception will cause significant inefficiency and expense. Even so, "'one party cannot demand that the other party admit the truth of a legal conclusion.'" *Stark-Romero*, 275 F.R.D. at 554 (quoting *Disability Rights Council v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006)). Plaintiffs' request that SandRidge "should be compelled to admit [the documents] into the factual record under the Federal Rules" seeks an improper, impossible remedy: "admit[ing]" evidence into the record is a matter for the Court, governed by the rules for the proceeding for which admission is sought (e.g., summary judgment, trial), and is not an action that a party can

3

unilaterally undertake during discovery. Pls.' Mot. to Compel at 12; *see Ash Grove Cement v. Emp'rs Ins. of Wausau*, No. 05-2339-JWL, 2007 WL 2333350, at *2 (D. Kan. Aug. 16, 2007).

Moreover, a motion to compel is not a proper vehicle to challenge responses to RFAs. Federal Rule of Civil Procedure 37 provides that for certain discovery requests— not including RFAs—a party may move for an order compelling a response. *See* Fed. R. Civ. P. 37(a); *see also Thymes v. Verizon Wireless, Inc.*, No. CV-16-66-KG/WPL, 2017 WL 4534838, at *4 (D.N.M. Feb. 9, 2017) ("Federal Rule of Civil Procedure 37 does not provide a mechanism by which parties may dispute responses to Requests for Admission."). As to RFAs, Federal Rule of Civil Procedure 36 allows the requesting party to "move to determine the sufficiency of" the responding party's answer or objection. *Id.* R. 36(a)(6). Plaintiffs fail to cite Rule 36 or to show that SandRidge's responses do not comply with Rule 36(a)(4)-(5).[2]

---

[2] Rule 37 is not completely inapplicable here, though, as it supplies a strong incentive for SandRidge to seriously consider the inefficiency and expense caused by any disingenuous response regarding the admissibility of the documents referenced in Plaintiffs' RFAs. Rule 37(c)(2) states that "[i]f a party fails to admit what is requested" on a request for admission under Rule 36, and "the requesting party later proves a document to be genuine or the matter true," the requesting party may move for reasonable expenses, including attorney's fees, incurred in making that proof. Fed. R. Civ. P. 37(c)(2); *cf. Salazar v. Bocanegra*, No. 12cv0053-MV/LAM, 2012 WL 12903998, at *1 (D.N.M. July 27, 2012) (noting that the court cannot force a party to admit any fact in the case and that the requesting party's remedy lies in Rule 37(c)(2) if the fact is later found to be true).

*B. Interrogatories*

Plaintiffs object to SandRidge's responses to Interrogatory Nos. 10 and 13. *See* Pls.' Mot. to Compel at 7, 13-19. Under Rule 33 of the Federal Rules of Civil Procedure, parties may serve on any other party written interrogatories that "relate to any matter that may be inquired into under Rule 26(b)."[3] Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory, "to the extent it is not objected to," "separately and fully in writing under oath." *Id.* R. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." *Id.* R. 33(b)(4).

In Interrogatory No. 10, Plaintiffs asked SandRidge to "[i]dentify all presentations made to SandRidge's Executive Committee during the Class Period concerning the status of SandRidge's reserves in the Mississippian, including, without limitation, the meetings described in ¶ 120 of the Complaint." Pls.' Mot. to Compel Ex. J (Doc. No. 467-8) at 9.[4]

---

[3] Under Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information that fits within this scope "need not be admissible in evidence to be discoverable," however. *Id.*

[4] Paragraph 120 of the Third Amended Complaint alleges that a SandRidge SEC registration statement stated that each quarter a certain SandRidge executive "presents the status of SandRidge's reserves . . . to the Executive Committee, which subsequently approves all changes." Third Am. Compl. ¶ 120 (Doc. No. 225) (emphasis omitted); *see also id.* ¶ 72.

5

SandRidge did not provide a substantive answer, instead objecting that Interrogatory No. 10: (1) was overly broad; (2) was unduly burdensome; (3) was not reasonably calculated to lead to the discovery of admissible evidence; (4) was not proportional to the needs of the case; and (5) exceeded the number of permissible interrogatories. *See id.* SandRidge additionally objected "that the terms 'presentations' and 'Executive Committee' as used in the Interrogatory are vague and ambiguous." *Id.*

In Interrogatory No. 13, Plaintiffs requested SandRidge to "[i]dentify all participants, presentations, Documents and meeting minutes relating to the Mid-Year PUD Review meeting held on or around July 12, 2012, as referred to in SD-SECURITIES-0443266." *Id.* at 10.[5] Again, SandRidge did not answer, raising the same five objections as listed first above. *See id.* at 10-11. SandRidge additionally objected that "the terms 'participants' and 'presentations'" were "vague and ambiguous" and that the Interrogatory was actually multiple interrogatories due to its having subparts. *Id.* at 11.

Plaintiffs argue that SandRidge should be compelled to answer these Interrogatories and that SandRidge's objections are unfounded. According to Plaintiffs, Interrogatory No. 10 "goes toward the key allegations of the case" and that the additional information sought by Interrogatory No. 13 "should bolster Plaintiffs' scienter claims concerning Defendants' reckless disregard of the true state of the Mississippian during the Class Period." Pls.' Mot. to Compel at 16-17, 18-19.

---

[5] The document labeled SD-SECURITIES-0443266 is an email dated July 10, 2012, inviting multiple participants to the July 12, 2012 "mid-year PUD review." Pls.' Mot. to Compel Ex. X (Doc. No. 469-7) at 2.

SandRidge's response is difficult to parse. In it, SandRidge abandons most of the objections it had stated previously. SandRidge offers no specific, reasoned dispute as to the relevance of the information sought in these Interrogatories, beyond its contention that Plaintiffs should be satisfied with what they already have received, which was the result of lengthy and extensive e-discovery. Rather, SandRidge argues that requiring a substantive answer would be an undue and disproportionate burden, because (1) SandRidge already has conducted an extensive search and produced numerous documents that "would include all of the documents SandRidge could reasonably locate regarding the meetings at issue" and, further, (2) no one knows whether the information sought even exists. Def.'s Resp. at 1, 4-9 (citing Fed. R. Civ. P. 33(d)).

The Court is not persuaded by these circular arguments. While the record does reflect that SandRidge has performed extensive electronic document searches and has produced many documents during discovery, neither its written objections nor the Response reflects that SandRidge has ever "specif[ied] the records that must be reviewed, in sufficient detail to enable [Plaintiffs] to locate and identify" the answers as readily as SandRidge could, as required if business records are produced as an interrogatory answer. Fed. R. Civ. P. 33(d)(1). Finally, it is implausible for SandRidge to argue, concurrently, that it already has answered the Interrogatories via its document production, that it would need to undertake additional searches to answer, and that it does not know whether responsive information exists. On the current record, the Court cannot find that requiring substantive answers to these two queries would be unduly burdensome to SandRidge.

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel (Doc. No. 463) is GRANTED IN PART and DENIED IN PART. Specifically,

1. Plaintiffs' Motion is DENIED as to Request for Admission Nos. 2, 3, 6, 7, 10, 11.

2. Plaintiffs' Motion is GRANTED as to Interrogatory Nos. 10 and 13. The Court OVERRULES the objections raised by SandRidge to Interrogatory Nos. 10 and 13 and FINDS that SandRidge shall be compelled to submit answers to these Interrogatories within 30 days of the date of this Order. If SandRidge is able to certify, pursuant to Federal Rules of Civil Procedure 26(g)(1) and 33(b)(5), that the answers may be determined from business records already produced, and that "the burden of deriving or ascertaining the answer will be substantially the same for either party," then SandRidge may specify those records for review in accordance with Federal Rule of Civil Procedure 33(d). Fed. R. Civ. P. 33(d). If, however, SandRidge determines that it must undertake a new search of its records or otherwise engage in additional efforts to obtain the requested information and properly respond, then the answers should so reflect.[6]

   -and-

---

[6] If the latter situation arises, the Court expects the parties to work together as much as reasonably possible to reach agreement on the procedural details and timetable. *Cf.* Fed. R. Civ. P. 29(b). If the parties are unable to agree, they may seek Court assistance but must provide the meet-and-confer certification described by Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.1.

3. Each party shall bear its own expenses associated with the Motion to Compel. *See* Fed. R. Civ. P. 37(a)(5)(C).

IT IS SO ORDERED this 16th day of October, 2020.

CHARLES B. GOODWIN
United States District Judge