# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | No. CIV-12-1341-G<br>Relating to All Securities Actions |

## DEFENDANT SANDRIDGE ENERGY, INC.'S MOTION TO DISMISS

Defendant SandRidge Energy, Inc., ("SandRidge") by and through its counsel of record, respectfully requests the Court dismiss all claims against it, as the sole condition on which the Court permitted Plaintiffs to maintain their claims—the existence of insurance proceeds from which they could recover—no longer exists. As shown by the evidence submitted with this motion, all insurance proceeds were depleted as of October 25, 2020. Accordingly, without liability insurance there is no longer any reason or basis to maintain SandRidge as defendant in this matter and the Court should dismiss it entirely from this lawsuit.

## STATEMENTS OF FACT

1. SandRidge has been a named party defendant in this action since its initial filing on December 5, 2012. See Complaint, Doc. No. 1, at 1.

2. On May 16, 2016, SandRidge filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. See Notice of Suggestion of Pendency of Bankruptcy, Doc. No. 212, at 1.

1

3. The Court subsequently stayed this action in its entirety. See generally Order, Doc. No. 216.

4. Approximately four months later, the bankruptcy court entered a Confirmation Order stating that Plaintiffs would not be barred from seeking discovery from SandRidge in this action or prosecuting this action against SandRidge for the purpose of recovering from available insurance. See Unopposed Motion to Reopen Administratively Closed Case, Doc No. 217, at 2; see also **Exhibit 1**, Excerpt from Order Confirming Plan of Reorganization, at ¶¶ 114, 146.

5. The Court subsequently reopened the case. Order, Doc. No. 219, at 1.

6. Plaintiffs filed their Third Amended Complaint shortly thereafter. The Third Amended Complaint asserts that "SandRidge is a defendant in this action to the extent necessary to recover from available remaining coverage under applicable insurance policies." Third Amended Complaint, Doc. No. 225, at ¶ 28; see also id. at ¶ 2 n.1.

7. The insurance policies at issue were wasting policies that having been paying the litigation expenses of SandRidge and several other defendants in this action and the companion action. See **Exhibit 2**, Declaration of Salah Gamoudi, at 1.

8. SandRidge has learned that, as of October 25, 2020, all of the funds available under the policies had been exhausted. Id.

## ARGUMENTS AND AUTHORITIES

**I.     Due to the Lack of Remaining Insurance Funds, SandRidge Should Be Dismissed**

Plaintiffs' claims against SandRidge can no longer be maintained, as the limited basis on which they could continue no longer exists. The Court overseeing SandRidge's bankruptcy proceedings had, as part of confirming SandRidge's Chapter 11 reorganization plan, held that the confirmation of the plan would not "release any Debtor as a nominal defendant, or enjoin [Plaintiffs] from pursuing [this action] against [SandRidge] as a nominal defendant, in each case *solely to the extent necessary to recover on any claims . . . or other Causes of Action against the Debtors from available remaining coverage under any applicable insurance policy*, to the extent applicable." See **Exhibit 1**, Excerpt from Order Confirming Plan of Reorganization, at ¶ 146 (emphasis added). In other words, confirmation of the reorganization plan did prohibit Plaintiffs claims against SandRidge to the extent those claims would be beyond the coverage of any applicable insurance policies. Plaintiffs confirmed their understanding of the bankruptcy court's order in their filing of the Third Amended Complaint. In that pleading, Plaintiffs identified SandRidge as a nominal defendant and affirmatively stated that their recovery was limited to proceeds from any available insurance policies. See, e.g., Third Amended Complaint, Doc. No. 225, at 5 n.1 ("As discussed below, SandRidge is a nominal defendant in this action . . . to the extent necessary to recover from available insurance coverage under any applicable insurance policy providing coverage to SandRidge for the claims asserted herein"); id. at 15 ("Accordingly, SandRidge is a defendant in this action

3

to the extent necessary to recover from available remaining coverage under applicable insurance policies.").

That condition no longer exists. As shown by the declaration of Salah Gamoudi, SandRidge's Chief Financial Officer and Chief Accounting Officer, the "available remaining coverage under applicable insurance policies" has been exhausted. While SandRidge did have insurance policies that may have provided coverage for any recovery by Plaintiffs, those policies were wasting policies. See **Exhibit 1**, Declaration of Gamoudi, at 1; see also In re Metro. Mortgage & Sec. Co., Inc., 325 B.R. 851, 853 (Bankr. E.D. Wash. 2005) ("The policies are commonly referred to as 'wasting policies' or 'burning candle policies,' meaning that as the litigation continues, the amount available to a successful plaintiff under the policy is being reduced by the costs of defense of the litigation."). Moreover, the policies covered not only the claims against SandRidge but purportedly also the claims against several other defendants. See Exhibit 1, Declaration of Gamoudi, at 1. SandRidge has recently learned that all of the funds available under the applicable policies have been exhausted as of October 25, 2020. Id. There is no potential for SandRidge's insurer to pay additional amounts based on those policies. Id. Accordingly, there is no longer any remaining insurance proceeds from which Plaintiffs can recover.

## CONCLUSION

Plaintiffs were permitted to maintain their claims against SandRidge solely to seek recovery from any applicable insurance policy, which is in accordance with the bankruptcy court's order approving SandRidge's plan of reorganization. While there

4

were available proceeds as of the filing of Plaintiff's Third Amended Complaint, those proceeds were fully exhausted as of October 25, 2020. Because Plaintiffs can no longer recover any insurance proceeds, the Court should dismiss SandRidge as a nominal defendant.

WHEREFORE Defendant SandRidge Energy, Inc. requests the Court dismiss all claims against it with prejudice.

Respectfully submitted,

s/ J. Christopher Davis
J. Christopher Davis, OBA No. 16639
Jason L. Callaway, OBA No. 31958
JOHNSON & JONES, P.C.
Two Warren Place
6120 S. Yale, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Facsimile: (888) 789-0940
cdavis@johnson-jones.com
jcallaway@johnson-jones.com

and

Herbert Beigel, *admitted pro hac vice*
5641 N. Chieftain Trail
Tucson, Arizona 85739
Telephone: (520) 825-1995
Facsimile: (520) 844-6215
hbeigel@me.com
**Counsel for Defendant
SandRidge Energy, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, a true and correct copy of the foregoing was filed and served via the CM/ECF e-file system and/or U.S Mail upon the following:

Amy H Bond     abond@cov.com
Avital O Malina     amalina@rgrdlaw.com
C Williams Phillips     cphillips@cov.com
Christopher T Gilroy     cgilroy@rgrdlaw.com
Christopher Yuk Lun Yeung     cyeung@cov.com
Darren B Derryberry     dderryberry@derryberrylaw.com
David A Rosenfeld     drosenfeld@rgrdlaw.com
David L Johnson     david.johnson@lw.com,
Elisa S Solomon     esolomon@cov.com
Evan G E Vincent     evan.vincent@crowedunlevy.com
Evan J Kaufman     ekaufman@rgrdlaw.com
Everett C Johnson , Jr     everett.johnson@lw.com
Francis P Karam     fkaram@rgrdlaw.com
George S Corbyn , Jr     gcorbyn@corbynlaw.com
Herbert Beigel     hbeigel@me.com
James C Word     christian.word@lw.com
Joe M Hampton     jhampton@hbplawok.com
John E Barbush     j.barbush@coxinet.net
Jonathan Horne     jhorne@rosenlegal.com
Jordan S Joachim     jjoachim@cov.com
Kiran A Phansalkar     kphansalkar@cwlaw.com
Laurence M Rosen     lrosen@rosenlegal.com
Margaret A Tough     margaret.tough@lw.com
Mario Alba     malba@rgrdlaw.com
Mark P Gimbel     mgimbel@cov.com
Mark S Reich     mreich@rgrdlaw.com
Michael G Capeci     mcapeci@rgrdlaw.com
Mitchell D Blackburn     mblackburn@cwlaw.com
Nicholas G Farha     nick@farhalawfirm.com
Norman G Anderson     norman.anderson@lw.com
Richard W Gonnello     rgonnello@faruqilaw.com
Samuel H Rudman     srudman@rgrdlaw.com
Scott A Graham     scott@lawtulsa.com
Stephen P Barry     stephen.barry@lw.com
Steven M Bauer     steven.bauer@lw.com
Swati R Prakash     sprakash@cov.com, swati-prakash-3569@ecf.pacerpro.com

                                                                  s/J. Christopher Davis