# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | No. 5:12-cv-01341-G |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | STIPULATION AND AGREEMENT OF SETTLEMENT |
| ALL ACTIONS. | |

4848-2747-0334.v7

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Settlement Agreement"), dated as of November 12, 2021, which is entered into by and among: (i) Plaintiffs and Class Representatives Laborers Pension Trust Fund for Northern Nevada ("Northern Nevada"), Construction Laborers Pension Trust of Greater St. Louis ("Greater St. Louis"), and Angelica Galkin (collectively, "Plaintiffs"), on behalf of themselves and on behalf of the Class Members (as defined herein); and (ii) Settling Defendants Tom L. Ward, James D. Bennett, and Matthew K. Grubb (the "Settling Defendants," and with the Plaintiffs, the "Settling Parties"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Persons (as defined herein), subject to the approval of the United States District Court for the Western District of Oklahoma (the "Court").

Throughout this Settlement Agreement, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in §IV.1 below.

## I.    THE LITIGATION

The Litigation is pending before the Honorable Charles B. Goodwin in the United States District Court for the Western District of Oklahoma.  The initial complaint in this action was filed on December 5, 2012.  ECF No. 1.  On March 6, 2013, the Court appointed

4848-2747-0334.v7

Plaintiffs and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Plaintiffs and Lead Counsel, respectively.[1]  ECF No. 60.

Plaintiffs' Corrected Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "AC") was filed on July 30, 2013.  ECF No. 75.  The AC alleged, *inter alia*, that defendants Ward, Bennett, Grubb and SandRidge violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").   Specifically, Plaintiffs alleged that defendants misrepresented and omitted material facts concerning the production, reserves, and economics of SandRidge's core holdings in an area referred to as the Mississippian play (the "Mississippian") throughout the Class Period (February 24, 2011 through November 8, 2012, inclusive).  Plaintiffs allege these misrepresentations and omissions caused the price of SandRidge common stock to trade at artificially inflated prices and that when the market learned of the allegedly false and misleading statements and omissions SandRidge's share price declined.  The AC also brought claims against two entities named SandRidge Mississippian Trust I and SandRidge Mississippian Trust II (collectively, the "Trusts"), and their respective board members and underwriters, alleging violations of §§11 and 12(a)(2) of the Securities Act of 1933 ("Securities Act") and §10(b) of the Exchange Act in connection with the Trusts' Class Period equity offerings.  The AC further alleged Securities Act and Exchange Act claims against defendants SandRidge, Ward and Bennett arising out of these offerings.  Defendants denied the allegations in the

---

[1]   All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

AC and filed motions to dismiss on October 7, 2013, which Plaintiffs opposed. *See* ECF Nos. 128-135, 138-142.

On March 27, 2015, the parties held a mediation before the Honorable Layn R. Phillips (Ret.) ("Judge Phillips") but were unable to resolve the Litigation. On May 11, 2015, the Court issued opinions and orders dismissing Plaintiffs' claims relating to the Trusts' offerings, finding that those claims were not encompassed by Plaintiffs' PSLRA notice.[2] *See* ECF Nos. 179-180. On August 27, 2015, the Court dismissed the AC but granted leave to amend. ECF Nos. 184-85. Plaintiffs filed a Second Consolidated Amended Complaint on October 23, 2015. ECF No. 188.

SandRidge filed for bankruptcy protection on May 16, 2016. *See* ECF No. 212. On May 24, 2016, the Court issued an opinion and order staying the proceedings as a result of SandRidge's voluntary bankruptcy petition. ECF No. 216. After the stay was vacated on October 17, 2016 (ECF No. 219), Plaintiffs filed the Third Consolidated Amended Complaint (the "TAC") on October 21, 2016, to name SandRidge as a nominal defendant. *See* ECF No. 225. Defendants filed motions to dismiss the TAC on October 27, 2016 (ECF Nos. 226-227), and on August 1, 2017, the Court sustained the §10(b) claims against all defendants except Bennett, and sustained the §20(a) claims against all defendants. ECF Nos. 239-240.

---

[2] The claims alleged on behalf of Trust purchasers were thereafter brought by the plaintiffs in the action titled *Duane & Virginia Lanier Trust v. SandRidge Mississippian Trust I*, 15-cv-00634-G (W.D. Okla.) (the "*Lanier* Litigation").

The parties held a second mediation before Judge Phillips on February 9, 2018, but were again unable to resolve the Litigation.  On February 16, 2018, Plaintiffs moved for class certification (ECF No. 268) and the Court heard oral argument on that motion on September 6, 2019.  *See* ECF No. 449.  The Court granted Plaintiffs' class certification motion on September 30, 2019, certifying the class, appointing Northern Nevada, Greater St. Louis and Angelica Galkin as Class Representatives, and naming Robbins Geller as Class Counsel.  ECF No. 453.

The parties conducted extensive fact, class certification and expert discovery, including 29 depositions, the production and review of over 2.4 million pages of documents and the exchange of multiple expert reports.  The parties then held a third mediation before Judge Phillips on December 13, 2019, but were again unable to resolve the Litigation.

On September 22, 2020, briefing was completed on defendants' two summary judgment motions (*see* ECF Nos. 479-480; 489; 514; 520; 525), two motions to exclude Plaintiffs' expert witnesses (*see* ECF Nos. 475; 487; 504; 507; 524; 526), one motion to reconsider the denial of defendants' motion to dismiss the TAC (*see* ECF Nos. 483; 510; 528), and Plaintiffs' motion to exclude one of defendants' expert witnesses (*see* ECF Nos. 477-478; 513; 519) (the "Dispositive Motions").  The Settling Defendants contend that they did not violate §§10(b) or 20(a) of the Exchange Act.  Specifically, the Settling Defendants deny, *inter alia*, that they made any false or misleading statements, that any of the allegedly false or misleading statements were made with scienter, and that Class Members, including Class Representatives, suffered any damages.  Plaintiffs vigorously dispute these arguments and contend the case should proceed to trial.

- 4 -

With the Dispositive Motions pending before the Court, the parties resumed their discussion of settlement proposals as part of an arm's-length negotiation process.  At first, Plaintiffs negotiated with all Settling Defendants collectively, as a group.  Plaintiffs subsequently negotiated with Defendant Ward directly and separately negotiated with Defendants Bennett and Grubb directly.  On June 4, 2021, Plaintiffs executed a confidential term sheet memorializing their agreement in principal to settle the claims asserted against Defendant Ward.  The agreement included, among other things, an agreement to settle the claims and allegations that were or could have been asserted against Defendant Ward in both this Litigation as well as the *Lanier* Litigation (as defined below) in return for a total aggregate cash payment across both cases of $18,750,000 on behalf of Defendant Ward, for the benefit of both the Class (as defined below) and a settlement class in connection with the *Lanier* Litigation, subject to negotiating the terms of this Stipulation and Agreement of Settlement and approval by the Court.  Separately, on June 18, 2021, Plaintiffs and Defendants Bennett and Grubb agreed in principle to accept a mediator's recommendation to settle the claims and allegations that were or could have been asserted against Messrs. Bennett and Grubb in both this Litigation and the *Lanier* Litigation for an aggregate total across both cases of $17 million.  This Stipulation (along with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties with respect to this Litigation.  The terms of the *Lanier* Litigation settlement are documented in a separate but substantively similar stipulation and subject to Court approval.

## II.     PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  Plaintiffs and their counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Settling Defendants through trial and through appeals. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiffs and their counsel also are mindful of the problems of proof and possible defenses to the securities law violations asserted in the Litigation.  Plaintiffs and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.  Based on their evaluation, Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class and is fair, reasonable and adequate.

## III.    SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout the course of the Litigation and in this Settlement Agreement, the Settling Defendants have denied and continue to deny each, any, and all claims and allegations of wrongdoing, fault, or liability that have been asserted against them.  Settling Defendants also have specifically denied and continue to deny, *inter alia*, that Plaintiffs or the Class suffered any damages attributable to the Settling Defendants or have any right to recover from the Settling Defendants for any such purported damages.  Settling Defendants continue to believe the claims asserted in the Litigation are entirely without merit and that

- 6 -

the Litigation itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Settling Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Settlement Agreement, and disclaim any and all wrongdoing and liability whatsoever.

Nonetheless, the Settling Defendants have concluded that further conduct of the Litigation would be protracted and expensive and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. In making this decision, the Settling Defendants considered the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation. In light of these considerations, and without in any way admitting fault, liability, or wrongdoing of any kind, the Settling Defendants have determined that it is desirable and beneficial for them to settle the Litigation on the terms set forth in this Stipulation.

## IV.     STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and all the Class Members) and the Settling Defendants, by and through their respective counsel, that, subject to the approval of the Court, and in consideration of the benefits flowing to the Settling Parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.     Definitions

As used in this Stipulation the following terms have the meanings specified below:

4848-2747-0334.v7

1.1    "Authorized Claimant" means any Class Member whose claim for recovery of payment from the Net Settlement Fund has been allowed pursuant to the terms of the Stipulation.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

1.3    "Claims Administrator" means Epiq Class Action Notice and Administration ("Epiq").

1.4    "Class" means all Persons and entities who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, and were damaged thereby.  Excluded from the Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) members of the immediate family of Defendants; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (v) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the requirements set forth in the Notice to be sent to Class Members pursuant to the Preliminary Approval Order.

1.5    "Class Member" or "Member of the Class" mean a Person who or which falls within the definition of the Class as set forth in ¶1.4 above.

1.6     "Class Period" means the period from February 24, 2011 to November 8, 2012, inclusive.

1.7     "Court" means the United States District Court for the Western District of Oklahoma.

1.8     "Effective Date," or the date upon which this Settlement becomes "effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have occurred or have been waived.

1.9     "Escrow Account" means the interest-bearing account controlled by the Escrow Agent into which the Settling Defendants shall cause their insurance carriers to deposit the sum of $11,437,500 on behalf of Settling Defendant Ward, and $10,370,000 on behalf of Settling Defendants Grubb and Bennett, in consideration for the settlement of this Litigation on the terms set forth herein.

1.10    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP.

1.11    "Final" when referring to an order or judgment means: (1) that the time for appeal or appellate review of the order or judgment has expired, and no appeal has been taken; or (2) if there has been an appeal, (a) that the appeal has been decided by all appellate courts without causing a material change in the order or judgment, (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari, or (c) that the appeal has been dismissed without material modification of the order or judgment, and the order or judgment is no longer subject to appellate review by further appeal or writ of certiorari.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in

connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of Plaintiffs' Counsel's attorneys' fees and expenses, payments to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.12   "Judgment" means a judgment dismissing this Litigation, substantially in the form of the proposed judgment attached as Exhibit B (or in any revised form to which each of the Settling Parties consent in writing).

1.13   "*Lanier* Litigation" means the related case captioned *Duane & Virginia Lanier Trust, et al. v. SandRidge Mississippian Trust I, et al.*, 15-cv-00634-G (W.D. Okla.).

1.14   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.15   "Litigation" means the instant case captioned *In re SandRidge Energy, Inc. Securities Litigation*, No. 5:12-cv-01341-G (W.D. Okla.).

1.16   "Net Settlement Fund" means the Settlement Amount less (i) any attorneys' fees and litigation expenses approved by the Court, (ii) any award to Plaintiffs approved by the Court, and (iii) Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.17   "Notice and Administration Expenses" means costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting Claims, assisting with the submission of Claims, processing Proofs of Claim, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

- 10 -

1.18    "Person" means a natural person, individual, corporation (and all its divisions and subsidiaries thereof), partnership, limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity.

1.19    "Plaintiffs" means Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin.

1.20    "Plaintiffs' Counsel" means Lead Counsel and any attorney or firm who has appeared in the Litigation on behalf of Plaintiffs or the Class.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and neither the Settling Defendants nor the Related Parties shall have any responsibility or liability with respect thereto.

1.22    "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.23    "PSLRA" means the Private Securities Litigation Reform Act of 1995.

1.24    "Related Parties" means each of the Settling Defendants' respective family members, agents, servants, attorneys, accountants, advisors, insurers, and partners; any entity in which any Settling Defendant has or had a controlling interest, including all partners, principals, officers, employees, subsidiaries, affiliates, divisions, predecessors,

- 11 -

successors, assigns, attorneys, stockholders, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of those entities, in their respective capacities as such; any trust of which any Settling Defendant is the settler or which is for any Settling Defendant's benefit and/or that of any Settling Defendant's family members; and the predecessors, successors, administrators, personal representatives and assigns of each of the foregoing.  For the avoidance of doubt, the Related Parties for purposes of this Settlement include, among others, WCT Resources, L.L.C; 192 Investments, L.L.C; and TLW Land & Cattle, L.P.  Notwithstanding the foregoing, in no event shall the term "Related Parties" include any nominal or active defendant in the Litigation or the *Lanier* Litigation other than the Settling Parties themselves.

1.25  "Released Claims" means all rights, liabilities, suits, debts, obligations, demands, damages, costs, expenses, fees, injunctive relief, attorneys' fees, expert consulting fees, prejudgment interest, indemnities, duties, losses, judgments, matters, issues, claims (including Unknown Claims), obligations, and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, known or unknown, whether or not concealed or hidden, anticipated or unanticipated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, that arise out of or in connection with, or otherwise relate to both:

(a)  the purchase or other acquisition of SandRidge common stock during the period from February 24, 2011 to November 8, 2012, inclusive; and

(b)      any of the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation.

Released Claims do not include claims to enforce the Settlement.

1.26    "Released Defendants' Claims" means any and all claims that arise out of, are based upon, or relate to in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.  For the avoidance of doubt, nothing in this Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants under any policy of insurance or any claim that any of the Settling Defendants may have against any insurer under any insurance policy.  The Settling Defendants' releases also shall not apply to any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.  For the avoidance of doubt, nothing in this Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants or any insurer of the Settling Defendants against SandRidge or any predecessor, successor, parent, subsidiary or affiliate of SandRidge.

1.27    "Released Persons" means the Settling Defendants and their Related Parties.

1.28    "SandRidge" means SandRidge Energy, Inc.

1.29    "Settlement" means the resolution of the claims against the Settling Defendants in accordance with the terms and provisions of this Stipulation.

1.30    "Settling Defendants" means Tom L. Ward, James D. Bennett, and Matthew K. Grubb.

4848-2747-0334.v7

1.31    "Settlement Amount" means the sums of $11,437,500 on behalf of Settling Defendant Ward, and $10,370,000 on behalf of Settling Defendants Grubb and Bennett.

1.32    "Settlement Fund" means the Settlement Amount plus all accrued interest.

1.33    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.34    "Settling Defendants' Counsel" means Latham & Watkins LLP, Corbyn Law Firm, Covington & Burling LLP, and Crowe & Dunlevy.

1.35    "Settling Parties" means, collectively, the Settling Defendants and Plaintiffs, on behalf of themselves and the Class.

1.36    "Stipulation" means this Stipulation and Agreement of Settlement, including the recitals and Exhibits hereto.

1.37    "Supplemental Agreement" means the Supplemental Agreement dated November 12, 2021, between the Settling Parties.

1.38    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.39    "Unknown Claims" means: (a) any Released Claims that Plaintiffs or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement or decisions with respect to the Settlement, including, but not limited to, whether to release the Released Claims, object to, or opt out of this Settlement; and

- 14 -

(b) any Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class Members and Plaintiffs' Counsel, which if known by him, her or it, might have affected his, her or its settlement and release of Plaintiffs, the Class Member and Plaintiffs' Counsel. With respect to: (a) any and all Released Claims against the Released Persons; and (b) any and all Released Defendants' Claims against Plaintiffs, the Class Members and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory of the United States or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever settle and release, and each other Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected,

- 15 -

contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## 2.    The Settlement

### a.    The Settlement Amount

2.1    In consideration of the Released Claims and other consideration granted to them in the Settlement, Settling Defendants Ward, Bennett, and Grubb shall cause their insurers to pay the Settlement Amount into the Escrow Account no later than seventeen (17) calendar days after the first date by which each of the following has occurred, but in no event earlier than December 1, 2021: (i) the Court has entered the Preliminary Approval Order preliminarily approving the Settlement of this Litigation; and (ii) the Settling Defendants' Counsel and the Settling Defendants' insurers have been provided with all of information necessary to effectuate a payment of funds, including the beneficiary account name, the U.S. bank name, address, account number and ABA bank code (i.e., routing number), and a completed W-9 for the Escrow Account; and the payment reference (seventeen (17) calendar days after the later of the foregoing (i) and (ii), but in no event earlier than December 1, 2021, being hereinafter referred to as the "Payment Date").

Plaintiffs' Counsel shall provide the above-referenced information on firm letterhead and signed by two representatives of the firm.  These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Settling Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.3     The Settling Defendants and Plaintiffs expressly agree and acknowledge with respect to the Escrow Account and the Settlement Amount that the Settlement Amount is being paid entirely by insurance carriers from the proceeds of available insurance, and not by any of the Settling Defendants themselves or from any of their respective assets or property.  The Escrow Account and all funds on deposit therein from time to time, including but not limited to the Settlement Amount, are not, and shall not be deemed to be, property of the estate of any Person (including but not limited to any of the Released Persons) within the meaning of 11 U.S.C. §541 or any similar provision of any other law, and each of the Settling Defendants hereby disclaims, releases, and waives any right to assert to the contrary in any proceeding in any forum whatsoever.

2.4     The obligations incurred pursuant to this Stipulation shall be in full and final disposition and settlement of all Released Claims.  The Settling Defendants shall have no responsibility for payment of Notice and Administration Expenses, Plaintiffs' attorneys' fees

- 17 -

or expenses, or any out-of-pocket expenses, all of which shall be paid from the Settlement Amount.

### b.   The Escrow Agent

2.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6    The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in the Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and the Settling Defendants' Counsel.

2.7    Subject to further order(s) and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, or distributions of any portion of the Settlement Fund.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund the Notice and Administration Expenses reasonably and actually incurred.  If the Settlement is not approved by the Court or the Settlement is terminated, canceled, or the Effective Date otherwise does not occur, any money paid or incurred for the above purposes shall not be returned or repaid to the Settling Defendants or their insurers.  Subject to ¶2.11 below, the Settling Defendants are not responsible for, and shall not be liable for, any Notice and Administration Expenses, administering the Settlement, and paying Taxes, Tax Expenses, and escrow fees and costs, if any.

### c.     Taxes

2.10    (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely

and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.10(a) hereof) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.10(c) hereof.  The Released Persons shall have no responsibility or liability for the Settlement Fund's tax returns or other filings.

(c)    All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.10) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons, the parties hereto, and their counsel

- 20 -

shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.

### d.    Termination of Settlement

2.11    The Settling Parties agree in good faith to pursue Court approval of the Settlement.  In the event the Settlement is not approved by the Court or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur, the Settlement Amount less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.10 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from the respective Settling Defendants' Counsel in accordance with ¶7.4 herein.  If any Settling Defendant(s) elect(s) to terminate the Settlement in accordance with ¶7.3, the portion of the Settlement Amount paid by or on behalf of such Settling Defendant(s) opting to terminate the Settlement less

that terminating Settling Defendant(s)'s *pro rata* portion of the Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.10 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from the respective Settling Defendants' Counsel in accordance with ¶7.4 herein.

### 3. Preliminary Approval Order, CAFA Notice, and Settlement Hearing

3.1    Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, among other things, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice (the "Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing and notice that the Settlement Hearing may be conducted telephonically.

3.2    Upon entry of the Preliminary Approval Order, the parties shall request that SandRidge provide the Claims Administrator, at no cost to Plaintiffs or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of registered owners of SandRidge common stock

during the Class Period.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  The Settling Defendants shall have no responsibility for giving notice of the Settlement, and Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

3.3    Lead Counsel shall request that after notice is given, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Plaintiffs' request for awards pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

3.4    Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, the Settling Defendants shall serve or cause to be served proper notice of the proposed Settlement (the "CAFA Notice") upon those who are entitled to notice pursuant to CAFA. In accordance with 28 U.S.C. §1715(d), the order giving final approval of the Settlement shall not be issued earlier than ninety (90) days after any such requisite notices are served. The Settling Defendants' insurers are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice.

## 4.    Releases

4.1    Upon the Effective Date, Plaintiffs and each of the Class Members shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and

- 23 -

forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and all of their respective and/or collective Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Settlement Fund.  Claims to enforce the terms of this Stipulation are not released.

4.2     The Proof of Claim to be executed by Class Members shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them (including without limitation each and every one of the Plaintiffs), will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all of their respective and/or collective Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation and the Settlement are not released.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel, and as may be necessary or as circumstances may require, the Court, shall

administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶2.10 hereof;

(c)     to pay attorneys' fees and expenses to Lead Counsel (the "Fee and Expense Award"), and to pay Plaintiffs awards pursuant to 15 U.S.C. §78u-4(a)(4), in each case if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this ¶5.

5.4     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified therein.  Any Person who submits a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.

- 25 -

5.5     All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

5.6     Lead Counsel shall cause to be provided to the Settling Defendants' Counsel copies of all requests for exclusion, and any written revocation of requests for exclusion, as expeditiously as possible, and in any event no later than seven (7) calendar days prior to the Settlement Hearing.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Persons asserting any Released Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against

Plaintiffs, Lead Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.8     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.   If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants, who cash their initial distribution payment and who would receive a distribution of at least $10.00, in an equitable and economic fashion.   Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the Howard University School of Law Investor Justice & Education Clinic.

5.9     This Settlement is not a claims-made settlement.   If all conditions of the Settlement are satisfied and the Effective Date occurs, no portion of the Settlement Fund will be returned to the Settling Defendants or their insurers.   The Settling Defendants and the Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.   No person shall have any claim of any kind against the Settling Defendants or the Related Parties with respect to the matters set forth in ¶¶5.1-5.8 hereof.

5.10    No Person shall have any claim against Plaintiffs, Lead Counsel, the Settling Defendants and/or the respective Settling Defendants' Counsel, the Related Parties, the Claims Administrator or other entity designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  This does not include any claim by any party for breach of this Stipulation.

5.11    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

## 6.    Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Application").  In addition, Plaintiffs may request awards in connection

- 28 -

with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses. Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel, if any, in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     If the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Settlement is not approved by the Court or the Settlement is canceled or terminated, and such reversal, modification, cancellation or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiffs' Counsel who received any portion of the Fee and Expense Award shall be obligated, within ten (10) calendar days from receiving notice from the Settling Defendants' Counsel or from a court of appropriate jurisdiction, whichever is earlier, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such Plaintiffs' Counsel's law firm receiving fees and expenses, as a condition of receiving the Fee and Expense Award, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this provision.

4848-2747-0334.v7

6.4     The procedure for and the allowance or disallowance by the Court of any applications by counsel for the Plaintiffs for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein (including, without limitation, the releases contained herein).  An award of attorneys' fees and/or litigation expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Lead Counsel's application for an award of attorneys' fees and/or litigation expenses is not the subject of any agreement between Settling Defendants and Plaintiffs, and Settling Defendants will take no position on the Fee and Expense Application.  The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.

6.5     Any attorneys' fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  The Settling Defendants and the Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Plaintiffs' Counsel or Plaintiffs.

4848-2747-0334.v7

7.    **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof, substantially in the form set forth in Exhibit A attached hereto;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    the Settling Defendants have not exercised their option to terminate the Settlement pursuant to ¶7.3 hereof;

(d)    the Court has entered the Judgment; and

(e)    the Judgment has become Final.

7.2    Upon the Effective Date, any and all remaining interest or right of the Settling Defendants or the Settling Defendants' insurers in or to the Settlement Amount, if any, shall be absolutely and forever extinguished and the releases herein shall be effective.  If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for the Settling Defendants mutually agree in writing to waive any condition that has not been satisfied and proceed with the Settlement.

7.3    Any of the Settling Defendants, and only the Settling Defendants, shall have the option to terminate the Settlement as to himself (in the case of Ward) or themselves (in the case of Bennett and Grubb) if:

(a)      the Court declines to approve the proposed settlement of the *Lanier* Litigation or the settlement of the *Lanier* Litigation is otherwise terminated, provided that any Settling Defendant electing to terminate the Settlement pursuant to this subparagraph notifies Lead Counsel and the Escrow Agent in writing of such termination within thirty (30) days of the *Lanier* Litigation settlement's disapproval or termination, and such termination shall have no effect on the Settlement as to any Settling Defendant(s) not opting to terminate the Settlement pursuant to this subparagraph; or

(b)      valid requests for exclusion from the Class exceed the criteria set forth in the Supplemental Agreement (the "Opt Out Threshold") executed between Plaintiffs and the Settling Defendants through their respective counsel concurrently with this agreement. The terms of the Supplemental Agreement shall not be disclosed in any other manner other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement, unless and until the Court otherwise directs or a dispute arises between Plaintiffs and the Settling Defendants concerning its interpretation or application; provided, however, that the Settling Defendants may include a copy of the Supplemental Agreement with the Opt Out Threshold redacted in the CAFA Notice.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Court review the Supplemental Agreement *in camera* without filing it on the docket.  If the Court requires that the Supplemental Agreement be filed, the Settling Parties shall request that it be filed under seal or with the Opt Out Threshold redacted.

4848-2747-0334.v7

7.4     Unless otherwise ordered by the Court, if the Settlement is not approved by the Court or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur, within ten (10) calendar days after written notification of such event is sent by Settling Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and 2.10 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and 2.10 hereof, shall be refunded by the Escrow Agent pursuant to written instructions from the respective Settling Defendants' Counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from the Settling Defendants' Counsel.  In the event that any funds received by Lead Counsel consistent with ¶6.3 have not been refunded to the Settlement Fund within ten (10) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the Settling Defendants (or such other Persons as Settling Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶6.3.

7.5     If the Settlement is not approved by the Court or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur, the Settling Parties shall be restored to their respective positions in the Litigation as of June 4, 2021 (as to Settling Defendant Ward), and June 18, 2021 (as to Settling Defendants Bennett and Grubb), accordingly.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.8-2.11, 6.3-6.5, 7.4-7.6, and 8.5-8.6 hereof, shall have no further force and effect with respect to

- 33 -

the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to any of Plaintiffs' Counsel or expenses to the Plaintiffs shall operate to terminate or cancel the Settlement or constitute grounds for cancellation or termination of the Settlement.

7.6    If the Settlement is not approved by the Court or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.10. In addition, any expenses already incurred pursuant to ¶¶2.9 or 2.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.11 and 7.4 hereof.

7.7    The Settling Defendants warrant and represent that they are not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed.  This representation is made by the Settling Defendants and not by Settling Defendants' Counsel. In the event of a Final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of the Settling Defendants to be a voidable preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the United States Code

4848-2747-0334.v7

(Bankruptcy), or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of the Settling Defendants, then, at the election of Plaintiffs, the Settlement may be terminated and the Judgment entered in favor of the Settling Defendants pursuant to the Settlement shall be null and void. Alternatively, at the election of Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Settling Defendants and that the Settling Defendants and Plaintiffs and the Members of the Class shall be restored to their litigation positions as of June 4, 2021 (as to Settling Defendant Ward) and June 18, 2021 (as to Settling Defendants Bennett and Grubb), accordingly, and the Settlement Fund, less any amounts disbursed or incurred pursuant to ¶2.9 and ¶2.10, shall be promptly returned.

### 8.    Miscellaneous Provisions

8.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settlement is contingent upon the Court's entry of provisions in the Judgment containing a bar order, consistent with the PSLRA (15 U.S.C. §78u-4(f)(7)), barring contribution claims against and among the Settling Defendants.  Further, the bar order shall not preclude any Settling Defendant from seeking to enforce any right of indemnification or contribution with respect to the payment of the Settlement Amount or defense costs.

8.3     The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all Released Claims against the Settling Defendants and the Released Persons.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. Consistent with 15 U.S.C. §78u-4(c)(1), the Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with competent legal counsel and the assistance of a professional mediator.

8.4     Plaintiffs and Plaintiffs' Counsel and the Settling Defendants and the Settling Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any Settling Party concerning the prosecution, defense, and resolution of the Litigation, and shall not suggest that the Stipulation or Settlement embodied in this Stipulation constitutes an admission as to the validity of any claim, allegation or defense in the Litigation.  The Settling Parties reserve their right to rebut, in a manner that such party reasonably determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.5     Pending final settlement approval, the Settling Parties shall not directly or indirectly, individually or in concert with others, engage in any conduct or make, or cause

to be made, any statement, observation, or opinion, or communicate any information (whether oral or written) that is calculated to or is likely to have the effect of in any way (i) undermining, defaming, or otherwise in any way reflecting adversely or detrimentally upon Plaintiffs or the Settling Defendants (including any family members of any Settling Defendant or any entities in which any Settling Defendant has a controlling interest); or (ii) accusing or implying that Plaintiffs or the Settling Defendants (including any family members of any Settling Defendant or any entities in which any Settling Defendant has a controlling interest) engaged in any wrongful, unlawful, or improper conduct, except that Settling Parties shall each be free to report truthfully specific facts, information or events, upon subpoena from a third party as required by law.  For the avoidance of doubt, the preceding paragraph does not apply to statements made in court or in briefs and other documents filed or served in the Litigation.

8.6     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, or may be deemed to be evidence of any presumption, concession, or admission of the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, or may be deemed to be evidence of any presumption, concession, or admission of any fault or omission of the Settling Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, arbitration, or other tribunal; or (c) is or may be deemed to be or

- 37 -

may be used as an admission of, or evidence of, or may be deemed to be evidence of any presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial. The Settling Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.7     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.8     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.9     This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.10    The waiver by any party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation or a waiver by any party other than the waiving party.

8.11    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and/or memorialized in such

- 38 -

documents.  Except as otherwise provided herein or in a separate written agreement, each party shall bear its own costs.

8.12    Lead Counsel, on behalf of the Class, warrants and represents that it is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class that it deems appropriate.

8.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

8.14    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or pdf via e-mail shall be deemed originals.

8.15    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  No assignment shall relieve any party hereto of obligations hereunder.

8.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.  Any such actions,

4848-2747-0334.v7

motions, or disputes arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in this Court.

8.17    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.18    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Oklahoma, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Oklahoma without giving effect to that State's choice-of-law principles.   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between all Settling Parties and that all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.19    Computing Deadlines:  For all deadlines under this Stipulation, to compute deadlines (a) exclude the day of the event that triggers the period; (b) count every calendar day, including intermediate Saturdays, Sundays and legal holidays; and (c) include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

8.20    Time for Compliance: If the date for performance of any act required by or under this Stipulation is due to be performed on or by a Saturday, Sunday, or legal holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of November 12, 2021.

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN (admitted *pro hac vice*)
EVAN J. KAUFMAN (admitted *pro hac vice*)
CHRISTOPHER T. GILROY (admitted *pro hac vice*)

_____
EVAN J. KAUFMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com
cgilroy@rgrdlaw.com

*Lead Counsel for Plaintiffs*

DERRYBERRY & NAIFEH, LLP
DARREN B. DERRYBERRY (OBA No. 14542)
4800 North Lincoln Blvd.
Oklahoma City, OK  73105
Telephone:  405/708-6784
405/528-6462 (fax)
dderryberry@derryberrylaw.com

*Liaison Counsel*

- 41 -

HAEGGQUIST & ECK, LLP
AMBER L. ECK
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone:  619/342-8000
619/342-7878 (fax)
ambere@haelaw.com

*Additional Plaintiffs' Counsel*

LATHAM & WATKINS LLP
J. CHRISTIAN WORD (admitted *pro hac vice*)
STEPHEN P. BARRY (admitted *pro hac vice*)
DAVID L. JOHNSON (admitted *pro hac vice*)

*J. Christian Word*
_____
J. CHRISTIAN WORD
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
christian.word@lw.com
stephen.barry@lw.com
david.johnson@lw.com
Telephone:  202/637-2200

LATHAM & WATKINS LLP
STEVEN M. BAUER (admitted *pro hac vice*)
505 Montgomery St., Suite 2000
San Francisco, CA 94111
steven.bauer@lw.com

CORBYN LAW FIRM
GEORGE S. CORBYN, JR., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, OK 73102
gcorbyn@corbynlaw.com
Telephone:  405/239-7055

*Attorneys for Defendant Tom Ward*

- 42 -

COVINGTON & BURLING LLP
C. WILLIAM PHILLIPS (admitted *pro hac vice*)
MARK P. GIMBEL (admitted *pro hac vice*)
CHRISTOPHER Y. L. YEUNG (admitted *pro hac vice*)

_____
MARK P. GIMBEL

The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
cphillips@cov.com
mgimbel@cov.com
cyeung@cov.com
Telephone: 212/841-1000

CROWE & DUNLEVY
EVAN G.E. VINCENT, OBA #22325
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
evan.vincent@crowedunlevy.com
Telephone:  405/239-6696

*Attorneys for Defendants James D. Bennett and Matthew K. Grubb*

- 43 -

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

In re SANDRIDGE ENERGY, INC.
SECURITIES LITIGATION

This Document Relates To:

ALL ACTIONS.

)
)
)
)
)
)
)
)
)

No. 5:12-cv-01341-G

CLASS ACTION

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT
PURSUANT TO FED. R. CIV. P. 23(e)(1)
AND PERMITTING NOTICE TO THE
CLASS

EXHIBIT A

4812-4265-7022.v3

WHEREAS, an action is pending before this Court entitled *In re SandRidge Energy, Inc. Securities Litigation*, No. 5:12-cv-01341-G (W.D. Okla.) (the "Litigation");

WHEREAS, Plaintiffs, on behalf of the proposed Class, having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation and Agreement of Settlement dated as of November 12, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.     The Class encompasses all Persons and entities who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, and were damaged thereby.  Excluded from the Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) members of the immediate family of Defendants; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to

- 1 -

or affiliated with any of the Defendants; (v) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

3.     Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the requirements described below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to Class Members pursuant to this Order.

4.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

5.     The Settlement Hearing shall be held before this Court on _____, 2022, at ___:___ .m. [a date that is at least one hundred twelve (112) calendar days from the date of this Order], at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, (A) to determine (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the amount of attorneys' fees, charges, and expenses that should be awarded to Lead Counsel; and (v) any award to

- 2 -

Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and (B) to hear any objections by Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate.  The Court may adjourn the Settlement Hearing without further notice to the Members of the Class.  In the event the Court requires or permits a telephonic Settlement Hearing, Lead Counsel is instructed to update the Settlement website to prominently provide such information as well as the dial-in number.

6.     The Court approves, as to form and content, the Notice and Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation, respectively.

7.     The Court approves the form of the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Stipulation.

8.     The Court finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in paragraphs 11 and 12 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the

- 3 -

Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

9.      The firm of Epiq Class Action Notice and Administration ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

10.      Within seven (7) calendar days of this Order, SandRidge shall provide or cause to be provided to Lead Counsel and the Claims Administrator, without any charge to Plaintiffs or the Class, the last known names and addresses of all holders of record of SandRidge common stock during the Class Period to the extent such information is within the possession, custody, or control of SandRidge or its transfer agent.

11.      Not later than _____, 2021 [a date fourteen (14) calendar days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed to the Stipulation, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.SandRidgeSecuritiesSettlement.com.

12.      Not later than _____, 2021 [a date seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over a national newswire service.

13.      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on the Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

- 4 -

14. The Claims Administrator shall use reasonable efforts to give Notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, as record owners but not beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days after their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to a maximum of $0.10 per Notice and Proof of Claim plus postage for the current pre-sort rate used by the Claims Administrator if they decide to notify the beneficial owners directly; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15. All fees and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees or expenses.

16. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without

4812-4265-7022.v3

limitation, by submitting a Proof of Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

17.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than seventy (70) calendar days from the Notice Date.  Any Class Member who files a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator.  Any Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Stipulation, the Judgment, and the releases therein, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

18.     The Proof of Claim submitted by each Class Member must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, include a certification of his or her current authority to act on behalf

- 6 -

of the claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury.  As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the Claim submitted.

19.    Any Class Member may enter an appearance in the Litigation, at the Class Member's own expense, individually or through counsel of the Class Member's own choice. If a Class Member does not enter an appearance, that Class Member will be represented by Lead Counsel.

20.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than _____, 2022 [a date twenty-one (21) calendar days before the Settlement Hearing].  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, including the dates, the number of shares of SandRidge common stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Class. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the

- 7 -

distribution of the Net Settlement Fund, are hereby enjoined from submitting a claim form, and shall not be bound by the Stipulation or any final judgment.

21.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to seven (7) calendar days before the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in paragraph 20 above.

22.     Lead Counsel shall cause to be provided to the Settling Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than _____, 2022 [a date seven (7) calendar days before the Settlement Hearing].

23.     Any Class Member who does not request exclusion may appear at the Settlement Hearing and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why an amount pursuant to 15 U.S.C. §78u-4(a)(4) should or should not be awarded to Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail any written objection and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2022 [a date fourteen (14) calendar days before the Settlement Hearing], by Robbins Geller Rudman & Dowd LLP, Evan J. Kaufman, 58 South Service Road, Suite 200, Melville, NY 11747, Latham & Watkins LLP, Steven M.

- 8 -

Bauer, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111, and Covington &

Burling LLP, Mark P. Gimbel, 620 Eighth Avenue, New York, NY 10018, and filed said

objections, papers, and briefs with the Clerk of the United States District Court for the

Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, on or before

_____, 2022 [a date fourteen (14) calendar days before the Settlement Hearing].   Any

objections must: (i) state the name, address, and telephone number of the objector and must

be signed by the objector even if represented by counsel; (ii) state that the objector is

objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees or

expenses in this Litigation; (iii) state the objection(s) and the specific reasons for each

objection, including any legal and evidentiary support the objector wishes to bring to the

Court's attention; (iv) state whether the objection applies only to the objector, to a subset of

the Class or to the entire Class; (v) include documents sufficient to prove the objector's

membership in the Class, such as the number of shares of SandRidge common stock

purchased or acquired during the Class Period, as well as the dates and prices of each such

purchase or acquisition; (vi) identify all other class action settlements in which the objector

or the objector's counsel has filed, or participated in the filing, an objection of any nature;

(vii) state whether the objector intends to appear at the Settlement Hearing; (viii) if the

objector intends to appear at the Settlement Hearing through counsel, state the identity of all

attorneys who will appear on the objector's behalf at the Settlement Hearing; and (ix) state

that the objector submits to the jurisdiction of the Court with respect to the objection or

request to be heard and the subject matter of the Settlement of the Litigation, including, but

not limited to, enforcement of the terms of the Settlement.  The Court will consider a Class

Member's objection only if the Class Member has complied with the above requirements. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of fees, charges, and expenses to Lead Counsel or any award to Plaintiffs, unless otherwise ordered by the Court.  Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees, charges, and expenses and award to Plaintiffs shall be filed and served by no later than _____, 2022 [a date thirty-five (35) calendar days before the Settlement Hearing], and any reply papers shall

be filed and served no later than _____, 2022 [a date seven (7) calendar days before the Settlement Hearing].

26.     The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, charges, or expenses submitted by Lead Counsel or any award to Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, charges, expenses, or awards should be approved.  The Court reserves the right to enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or charges and expenses.

28.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to paragraphs 2.7 or 2.8 of the Stipulation.

29.     Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

30.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all

further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Class.

31.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in paragraph 7.5 of the Stipulation.

32.    Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Settling Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims or Released Defendants' Claims.

33.    Except to the extent the parties may agree to resolve through mediation any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction

over the Litigation to consider all further matters arising out of or connected with the Settlement.

*     *     *

**O R D E R**

IT IS SO ORDERED.

DATED: _____   _____

THE HONORABLE CHARLES B. GOODWIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) | No. 5:12-cv-01341-G |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS |
| ALL ACTIONS. | ) ) | ACTION |
| | ) | EXHIBIT A-1 |

4819-2626-3294.v6

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SANDRIDGE ENERGY, INC. ("SANDRIDGE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN FEBRUARY 24, 2011 AND NOVEMBER 8, 2012, INCLUSIVE (THE "CLASS PERIOD")**

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired SandRidge common stock during the Class Period.[1]**

**NOTICE OF SETTLEMENT: Please also be advised that Plaintiffs and Class Representatives Laborers Pension Trust Fund for Northern Nevada ("Northern Nevada"), Construction Laborers Pension Trust of Greater St. Louis ("Greater St. Louis"), and Angelica Galkin (collectively, "Plaintiffs"), on behalf of the Class (as defined at page _ below), have reached a proposed settlement of the Litigation for a total of $21,807,500 in cash that will resolve all claims in the Litigation against the Released Persons (the "Settlement").**

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") THAT IS POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2022.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Western District of Oklahoma (the "Court").  This Notice serves to inform you of the pendency and proposed settlement of the above-captioned class action lawsuit for $21,807,500 in cash and the hearing ("Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation, by and between Plaintiffs, on behalf of themselves and the Class (as defined below), on the one hand, and defendants Tom L. Ward ("Ward"), James D. Bennett

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated November 12, 2021 (the "Stipulation"), which is available on the website for the Litigation at www.SandRidgeSecuritiesSettlement.com.

4819-2626-3294.v6

("Bennett"), and Matthew K. Grubb ("Grubb") (collectively, the "Settling Defendants"), on the other hand.

**This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Settling Defendants engaged in any wrongdoing.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM** | This is the only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked (if mailed) or received (if submitted online) on or before _____, 2022.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants about the legal claims related to the issues raised in this Litigation. **A written request for exclusion must be received on or before _____, 2022. If you are considering excluding yourself from the Class, please note that there is a risk that any new claims asserted against the Settling Defendants may no longer be timely and would be time-barred. You should talk to a lawyer before you request exclusion from the Class for the purpose of bringing a separate lawsuit. *See* pages __-__ below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court and explain why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Objections must be filed with the Court and served on the parties on or before _____, 2022.** |

| **ATTEND THE SETTLEMENT HEARING ON _____, 2022, AT _____, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be filed with the Court and served on the parties on or before _____, 2022. If you submit a written objection, you may (but you do not have to) attend the hearing**. |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Settling Defendants about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Description of the Litigation and the Class

      This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors in SandRidge common stock alleging, among other things, that Defendants violated the federal securities law by making materially false and misleading statements or omitting to state facts necessary to make statements made not misleading in public filings and other public statements during the Class Period.  A more detailed description of the Litigation is set forth on pages _-_ below.  The "Class" means all Persons and entities who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, and were allegedly damaged thereby.  Those excluded from the Class are described on page _ below.  The proposed Settlement, if approved by the Court, will settle claims of the Class against the Released Persons, as defined on pages __-__ below.

### Statement of Class Recovery

      Pursuant to the Settlement described herein, a $21,807,500 settlement fund has been established (the "Settlement Amount").  The Settlement Amount together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund less: (a) any Taxes and Tax Expenses; (b) any Notice and Administration Expenses; and (c) any attorneys' fees and

- 3 -

litigation charges and expenses and any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, awarded by the Court, will be distributed to Class Members under a plan of allocation that is approved by the Court. The proposed plan of allocation ("Plan of Allocation") is set forth on pages _-__ below. Based on Plaintiffs' estimate of the amount of SandRidge common stock eligible to recover, the average distribution under the Plan of Allocation is roughly $0.055 per share, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Expenses, and attorneys' fees and expenses and any award to Plaintiffs, as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable and timely Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. Please see the Plan of Allocation set forth and discussed at page _ below for more information on the calculation of your claim.

### Statement of Potential Outcome of the Case

The parties do not agree on whether Plaintiffs would have prevailed on any of their claims against the Settling Defendants. They also do not agree on the average amount of damages per share, if any, that would be recoverable if the Class prevailed on the claims alleged. The Settling Defendants deny that they have engaged in any wrongdoing as alleged by Plaintiffs, deny any liability whatsoever for any of the claims alleged by Plaintiffs, and deny that the Class has suffered any injuries or damages. The Settling Defendants also have denied and continue to deny, among other allegations, that the price of SandRidge common stock was artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise. The Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel (as defined on page __ below) will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount, plus charges and expenses not to exceed $2.7 million, plus interest earned on these amounts at the same rate as earned by the Settlement Fund. Since the appointment of Plaintiffs, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. If the Court approves the attorneys' fees, charges, and expenses in full, the average amount of fees, charges, and expenses will amount to an average cost of $0.025 per share. The average cost per damaged share will vary depending on the number of acceptable and timely Proofs of Claim submitted. In addition, Plaintiffs may apply for an award of no more than $20,000, in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

## Further Information

For further information regarding the Litigation or this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-855-675-2851, or visit the website www.SandRidgeSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please DO NOT Call the Court or Settling Defendants with Questions About the Settlement.**

## Reasons for the Settlement

Plaintiffs' principal reason for entering into the Settlement is the substantial cash benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial, and likely appeals, a process that could last several years into the future.

Settling Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Litigation. Settling Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. For Settling Defendants, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation.

## WHAT IS THIS LAWSUIT ABOUT?

## THE ALLEGATIONS

The Litigation is currently pending in the United States District Court for the Western District of Oklahoma before the Honorable Charles B. Goodwin (the "Court"). The initial complaint in this action was filed on December 5, 2012. On March 6, 2013, the Court appointed Plaintiffs and Robbins Geller Rudman & Dowd LLP as Lead Plaintiffs and Lead Counsel, respectively.

Plaintiffs filed the Third Consolidated Amended Complaint (the "TAC") on October 21, 2016. This case arises from allegations that defendants made materially false and misleading statements and omissions in violation of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. Specifically, Plaintiffs allege that defendants misrepresented and omitted material facts concerning the production, reserves, and economics of SandRidge's core holdings in an area referred to as the Mississippian

- 5 -

play (the "Mississippian") throughout the Class Period (February 24, 2011 through November 8, 2012, inclusive). Plaintiffs allege these misrepresentations and omissions caused the price of SandRidge common stock to trade at artificially inflated prices and when the market learned of the false and misleading statements and omissions the Company's share price declined significantly. Settling Defendants contend that they are not liable for any such alleged false or misleading statements and that all information required to be disclosed by the federal securities laws was so disclosed.

**THE COURT HAS NOT RULED AS TO WHETHER ANY DEFENDANT IS LIABLE TO PLAINTIFFS OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PENDENCY AND PROPOSED SETTLEMENT OF THIS LITIGATION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## PROCEDURAL HISTORY

This case has been vigorously litigated. After Plaintiffs filed the TAC on October 21, 2016, the parties extensively briefed arguments raised in defendants' motion to dismiss. After thorough briefing, the Court sustained the §10(b) claims against all defendants except Bennett, and sustained the §20(a) claims against all defendants. Following the Court's denial of the motion to dismiss, the parties engaged in a second arm's-length negotiation (the first was held on March 27, 2015) mediated by the Honorable Layn R. Phillips (Ret.) ("Judge Phillips") on February 9, 2018, but were unable to resolve the Litigation. On February 16, 2018, Plaintiffs (then referred to as "Lead Plaintiffs") moved for class certification and the Court granted Plaintiffs' class certification motion on September 30, 2019. Thereafter, the parties conducted extensive fact, class certification and expert discovery, including 29 depositions, the production and review of over 2.4 million pages of documents and the exchange of multiple expert reports. The parties then held a third mediation on December 13, 2019, but were again unable to resolve the Litigation.

On September 22, 2020, briefing was completed on defendants' two summary judgment motions, two motions to exclude Plaintiffs' expert witnesses, one motion to reconsider the denial of defendants' motion to dismiss the TAC, and Plaintiffs' motion to exclude one of defendants' expert witnesses (collectively, the "Dispositive Motions"). With the Dispositive Motions pending before the Court, the parties engaged in further prolonged arm's-length negotiations. First, Plaintiffs negotiated with all defendants as a group. After that was unsuccessful, Plaintiffs negotiated with Settling Defendant Ward separately from Settling Defendants Bennett and Grubb. On June 4, 2021, Plaintiffs executed a confidential term sheet memorializing their agreement with Settling Defendant Ward. The agreement included, among other things, an agreement to settle the Litigation and *Duane & Virginia Lanier Trust v. SandRidge Mississippian Trust I*, 15-cv-00634-G

- 6 -

(W.D. Okla.) ("*Lanier* Litigation") on a global basis with Settling Defendant Ward in return for a cash payment of $18,750,000, on behalf of Settling Defendant Ward, for the benefit of the classes, subject to the negotiation of the terms of the Stipulation of Settlement and approval by the Court.  Separately, on June 18, 2021, Plaintiffs reached an agreement in principle to settle the Litigation and the *Lanier* Litigation on a global basis with Settling Defendants Bennett and Grubb for a cash payment of $17,000,000.  In total, Plaintiffs in this Litigation and the *Lanier* Litigation reached a global settlement of $35,750,000 with Settling Defendants Ward, Bennett, and Grubb for the resolution of both cases.  After the global settlement was reached, the Plaintiffs participated in an Arbitration with the plaintiffs in the *Lanier* Litigation and the Plaintiffs in this Litigation were awarded $21,807,500 for this Litigation out of the $35,750,000 global settlement.  The Settlement reflects a compromise of all matters that are in dispute between the parties.

## HOW DO I KNOW IF I AM A CLASS MEMBER?

If you purchased or otherwise acquired SandRidge common stock during the period between February 24, 2011 and November 8, 2012, inclusive, and are not otherwise excluded, you are a Class Member.  As set forth in the Stipulation, excluded from the Class are: (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) members of the immediate family of Defendants; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (v) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth on pages __-__ below.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (if mailed) or submitted online on or before _____, **2022**.

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $21,807,500.  This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, including Taxes and Tax Expenses, as well as attorneys' fees and expenses, and any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.SandRidgeSecuritiesSettlement.com.

The Plan of Allocation is intended to compensate Class Members who purchased or otherwise acquired SandRidge common stock during the Class Period and were damaged thereby under the Exchange Act. In this case, Plaintiffs allege that defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of SandRidge common stock. As a result of the alleged corrective disclosure, alleged artificial inflation was removed from the price of SandRidge common stock on November 8, 2012.

## ALLOCATION OF THE NET SETTLEMENT FUND

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for Class Member's Exchange Act damages, which will be calculated based on the claimant's purchases or acquisitions of SandRidge common stock during the Class Period.[2]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

For each Class Period purchase or acquisition of SandRidge common stock that is properly documented, a "Recognized Loss Amount" will be calculated for that stock according to the formula described below. Such "Recognized Loss Amount" will be aggregated across all purchases to determine the "Recognized Claim" for each Class Member.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the

---

[2]     Unless otherwise indicated, any transactions in SandRidge stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## RECOGNIZED LOSS AMOUNTS

Estimated damages and the Plan of Allocation were developed based on event study analysis, which determines how much artificial inflation Plaintiffs allege was in the price of SandRidge common stock on each day during the Class Period by measuring how much the prices declined as a result of disclosure that Plaintiffs claim corrected the alleged misrepresentations and omissions.  A Recognized Loss Amount is calculated for each Class Member who purchased or acquired SandRidge common stock during the Class Period based on when that claimant purchased, acquired and sold shares, or retained shares beyond the end of the Class Period.

Based on the formula presented below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of SandRidge common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

For shares of SandRidge common stock purchased, or acquired, on or between February 24, 2011 through and including November 8, 2012, the claim per share shall be as follows:

     (a)    If sold prior to November 9, 2012, the claim per share is $0.00.

     (b)    If retained at the end of November 8, 2012, and sold on or before February 6, 2013, the claim per share shall be the least of: (i) the inflation per share at the time of purchase of $0.60; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

     (c)    If retained at the close of trading on February 6, 2013, or sold thereafter, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and $6.40.

**Table A**

| Date | Price | Average Closing Price |
|---|---|---|
| 11/9/2012 | $5.51 | $5.51 |
| 11/12/2012 | $5.39 | $5.45 |

| | | |
|---|---|---|
| 11/13/2012 | $5.60 | $5.50 |
| 11/14/2012 | $5.19 | $5.42 |
| 11/15/2012 | $5.32 | $5.40 |
| 11/16/2012 | $5.34 | $5.39 |
| 11/19/2012 | $5.62 | $5.42 |
| 11/20/2012 | $5.72 | $5.46 |
| 11/21/2012 | $5.62 | $5.48 |
| 11/23/2012 | $5.72 | $5.50 |
| 11/26/2012 | $5.73 | $5.52 |
| 11/27/2012 | $5.57 | $5.53 |
| 11/28/2012 | $5.60 | $5.53 |
| 11/29/2012 | $5.67 | $5.54 |
| 11/30/2012 | $5.85 | $5.56 |
| 12/3/2012 | $6.08 | $5.60 |
| 12/4/2012 | $6.11 | $5.63 |
| 12/5/2012 | $6.45 | $5.67 |
| 12/6/2012 | $6.79 | $5.73 |
| 12/7/2012 | $7.29 | $5.81 |
| 12/10/2012 | $6.78 | $5.85 |
| 12/11/2012 | $6.85 | $5.90 |
| 12/12/2012 | $6.84 | $5.94 |
| 12/13/2012 | $6.67 | $5.97 |
| 12/14/2012 | $6.70 | $6.00 |
| 12/17/2012 | $6.42 | $6.02 |
| 12/18/2012 | $6.48 | $6.03 |
| 12/19/2012 | $6.50 | $6.05 |
| 12/20/2012 | $6.19 | $6.06 |
| 12/21/2012 | $6.26 | $6.06 |
| 12/24/2012 | $6.25 | $6.07 |
| 12/26/2012 | $6.25 | $6.07 |
| 12/27/2012 | $6.41 | $6.08 |
| 12/28/2012 | $6.23 | $6.09 |
| 12/31/2012 | $6.35 | $6.10 |
| 1/2/2013 | $6.48 | $6.11 |
| 1/3/2013 | $6.46 | $6.12 |
| 1/4/2013 | $6.56 | $6.13 |
| 1/7/2013 | $6.80 | $6.14 |
| 1/8/2013 | $6.97 | $6.17 |
| 1/9/2013 | $6.93 | $6.18 |
| 1/10/2013 | $6.87 | $6.20 |
| 1/11/2013 | $6.86 | $6.22 |
| 1/14/2013 | $6.66 | $6.23 |
| 1/15/2013 | $6.73 | $6.24 |

4819-2626-3294.v6

| | | |
|---|---|---|
| 1/16/2013 | $6.79 | $6.25 |
| 1/17/2013 | $6.99 | $6.26 |
| 1/18/2013 | $7.02 | $6.28 |
| 1/22/2013 | $7.18 | $6.30 |
| 1/23/2013 | $7.24 | $6.32 |
| 1/24/2013 | $7.05 | $6.33 |
| 1/25/2013 | $7.07 | $6.35 |
| 1/28/2013 | $7.00 | $6.36 |
| 1/29/2013 | $7.18 | $6.37 |
| 1/30/2013 | $7.13 | $6.39 |
| 1/31/2013 | $7.08 | $6.40 |
| 2/1/2013 | $6.62 | $6.40 |
| 2/4/2013 | $6.28 | $6.40 |
| 2/5/2013 | $6.25 | $6.40 |
| 2/6/2013 | $6.15 | $6.40 |

## ADDITIONAL PROVISIONS

If a Class Member held SandRidge common stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales of SandRidge common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Loss Amount is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, SandRidge common stock sold during the Class Period will be matched, in chronological order, first against SandRidge common stock held at the beginning of the Class Period. The remaining sales of SandRidge common stock during the Class Period will then be matched, in chronological order against the respective SandRidge common stock purchased or acquired during the Class Period.

Purchases or acquisitions and sales of SandRidge common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of SandRidge common stock during the Class Period shall not be deemed a purchase, acquisition or sale of SandRidge common stock for the calculation of Recognized Loss Amount, unless (i) the donor or decedent purchased or otherwise acquired such SandRidge common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such SandRidge common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

If a claimant had a market gain with respect to his, her, or its overall transactions in SandRidge common stock during the Class Period, the value of the claimant's Recognized Loss Amount shall be zero. Such claimants shall be bound by the Settlement. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in SandRidge common stock during the Class Period, but that market loss was less than the

- 11 -

total Recognized Loss Amount calculated above, then the claimant's Recognized Loss Amount shall be limited to the amount of the actual market loss.

An Authorized Claimant's Recognized Loss Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Loss Amount of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be  the Authorized Claimant's Recognized Loss Amount divided by the total of the Recognized Loss Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the Howard University School of Law Investor Justice & Education Clinic.

## DO I NEED TO CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE NET SETTLEMENT FUND?

No.  If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Lead Counsel.  If your address changes, please contact the Claims Administrator at:

*SandRidge Securities Settlement*
c/o Epiq
P.O. Box 6909
Portland, OR 97228-6909
Email: info@SandRidgeSecuritiesSettlement.com
www.SandRidgeSecuritiesSettlement.com
Telephone: 1-855-675-2851

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Litigation will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after contested motion practice directed to the sufficiency of Plaintiffs' claims. The parties also completed certain document discovery. Nevertheless, the Court has not reached any final decisions in connection with Plaintiffs' claims against the Settling Defendants. Instead, Plaintiffs and Settling Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator. In reaching the Settlement, the parties have avoided the cost, delay and uncertainty of further litigation.

As in any litigation, Plaintiffs and the Class would face an uncertain outcome if they did not agree to the Settlement. If Plaintiffs succeeded at trial, Settling Defendants would likely file appeals that would postpone final resolution of the case. Continuation of the Litigation against the Settling Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Lead Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Class.

Settling Defendants are entering into this Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in any litigation. Settling Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

4819-2626-3294.v6

Evan J. Kaufman
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  1-800-449-4900

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Lead Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

*SandRidge Securities Settlement*
c/o Epiq
P.O. Box 6909
Portland, OR 97228-6909
Email: info@SandRidgeSecuritiesSettlement.com
www.SandRidgeSecuritiesSettlement.com
Telephone: 1-855-675-2851

## HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Hearing.  Lead Counsel will apply for an attorneys' fee award on behalf of Plaintiffs' Counsel in an amount not to exceed one-third of the Settlement Amount, plus payment of Plaintiffs' Counsel's charges and expenses incurred in connection with this Litigation in an amount not to exceed $2.7 million, plus interest earned on these amounts at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek an award of no more than $20,000 in the aggregate, pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees, charges and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this outstanding Settlement and for their risk in undertaking this representation on a wholly contingent basis.  The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement.  The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Counsel.

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

You may request to be excluded from the Class.  To do so, you must mail a written request stating that you wish to be excluded from the Class to:

- 14 -

*SandRidge Securities Settlement*
c/o Epiq
P.O. Box 6909
Portland, OR 97228-6909

The request for exclusion must be signed and state: (1) your name, address, and telephone number; (2) all purchases, acquisitions and sales of SandRidge common stock made between February 24, 2011 and November 8, 2012, inclusive, including the dates, the number of shares of SandRidge common stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (3) that you wish to be excluded from the Class. ***YOUR EXCLUSION REQUEST MUST BE RECEIVED ON OR BEFORE _____, 2022***. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, are enjoined from submitting a claim form, and shall not be bound by the Stipulation or the Judgment.

Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against the Settling Defendants or any of the other Released Persons concerning the Released Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by applicable statutes of limitations or statutes of repose.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Class Member and do not exclude yourself from the Class, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, charges, and expenses, Plaintiffs' request for awards for representing the Class, and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Lead Counsel and Settling Defendants' Counsel, at the addresses listed below **such that it is received, not simply postmarked, on or before _____, 2022**. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *SandRidge Securities Settlement*. Include your name, address, telephone number, and your signature (even if you are represented by counsel), state whether you will be represented by counsel, and, if so, the name, address, and telephone number of your counsel, identify the date(s), price(s), and number of shares of SandRidge common stock you purchased, acquired, and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. The objection must identify any other actions in

- 15 -

which the objector or the objector's counsel has filed, or participated in the filing, of an objection of any nature. The objection must also state that the objection submits to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement of the Litigation, including, but not limited to, enforcement of the terms of the Settlement. The Court's address is United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102; Lead Counsel's address is Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747, c/o Evan J. Kaufman; Settling Defendants' Counsel's addresses are Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111, c/o Steven M. Bauer, and Covington & Burling LLP, 620 Eighth Avenue, New York, NY 10018, c/o Mark P. Gimbel. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice. A Proof of Claim is enclosed with this Notice and also may be downloaded at www.SandRidgeSecuritiesSettlement.com. Read the instructions carefully; fill out the Proof of Claim; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than _____, 2022**. The Proof of Claim may be submitted online at www.SandRidgeSecuritiesSettlement.com. If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes Final pursuant to the terms of the Stipulation, all Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Persons from all Released Claims and Plaintiffs and Plaintiffs' Counsel from all Released Defendants' Claims.

- 16 -

- "Related Parties" means each of the Settling Defendants' respective family members, agents, servants, attorneys, accountants, advisors, insurers, and partners; any entity in which any Settling Defendant has or had a controlling interest, including all partners, principals, officers, employees, subsidiaries, affiliates, divisions, predecessors, successors, assigns, attorneys, stockholders, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of those entities, in their respective capacities as such;  any trust of which any Settling Defendant is the settler or which is for any Settling Defendant's benefit and/or that of any Settling Defendant's family members; and the predecessors, successors, administrators, personal representatives and assigns of each of the foregoing.  For the avoidance of doubt, the Related Parties for purposes of this Settlement include, among others, WCT Resources, L.L.C; 192 Investments, L.L.C; and TLW Land & Cattle, L.P. Notwithstanding the foregoing, in no event shall the term "Related Parties" include any nominal or active defendant in the Litigation or the *Lanier* Litigation other than the Settling Parties themselves.

- "Released Claims" means all rights, liabilities, suits, debts, obligations, demands, damages, costs, expenses, fees, injunctive relief, attorneys' fees, expert consulting fees, prejudgment interest, indemnities, duties, losses, judgments, matters, issues, claims (including Unknown Claims), obligations, and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, known or unknown, whether or not concealed or hidden, anticipated or unanticipated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, that arise out of or in connection with, or otherwise relate to both:

  > (a) the purchase or other acquisition of SandRidge common stock during the period from February 24, 2011 through November 8, 2012, inclusive; and

  > (b) any of the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation.

  Released Claims do not include claims to enforce the Settlement.

- "Released Defendants' Claims" means any and all claims that arise out of, are based upon, or relate to in any way any of the institution, prosecution, or settlement of the claims against the Settling Defendants in the Litigation,

except for claims relating to the enforcement of the Settlement. For the avoidance of doubt, nothing in this Settlement shall be deemed to release or discharge any rights of any of the Settling Defendants under any policy of insurance or any claim that any of the Settling Defendants may have against any insurer under any insurance policy. The Settling Defendants' releases also shall not apply to any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court. For the avoidance of doubt, nothing in this Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants or any insurer of the Settling Defendants against SandRidge or any predecessor, successor, parent, subsidiary or affiliate of SandRidge.

- "Released Persons" means the Settling Defendants and their Related Parties.

- "Unknown Claims" means: (a) any Released Claims that Plaintiffs or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement or decisions with respect to the Settlement, including, but not limited to, whether to release the Released Claims, object to, or opt out of this Settlement; and (b) any Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class Members and Plaintiffs' Counsel, which if known by him, her or it, might have affected his, her or its settlement and release of Plaintiffs, the Class Member and Plaintiffs' Counsel. With respect to: (a) any and all Released Claims against the Released Persons; and (b) any and all Released Defendants' Claims against Plaintiffs, the Class Members and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory of the United States or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and

Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever settle and release, and each other Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

## THE SETTLEMENT HEARING

The Court will hold a Settlement Hearing, which the Court may require or permit to be conducted telephonically, on _____, 2022, at _____ .m., before the Honorable Charles B. Goodwin at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $21,807,500 in cash should be approved by the Court as fair, reasonable and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to award Plaintiffs an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Hearing without further notice to Members of the Class.

Any Class Member may appear at the Settlement Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Class and with copies of all other papers and briefs with the Court no later than _____, 2022, and showing proof of service on the following counsel:

- 19 -

Evan J. Kaufman
ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747

*Attorneys for Plaintiffs*

Steven M. Bauer
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 200
San Francisco, CA 94111

*Attorneys for Settling Defendant Ward*

Mark P. Gimbel
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018

*Attorneys for Settling Defendants Bennett and Grubb*

**The Court may require or permit attendance at the Settlement Hearing by telephone**.  If the Court requires or permits telephonic participation in the Settlement Hearing, the dial-in number for the Settlement Hearing will be posted on www.SandRidgeSecuritiesSettlement.com.  Class Members who intend to appear at the Settlement Hearing are advised to visit www.SandRidgeSecuritiesSettlement.com for updates.

Unless otherwise directed by the Court, any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2022.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Persons, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this Litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the United States District Court for the Western District of Oklahoma.  For a fee, all papers filed in this Litigation

are available at www.pacer.gov.  In addition, the Settlement-related documents, including the Stipulation, this Notice, the Proof of Claim and proposed Judgment may be obtained by contacting the Claims Administrator at:

*SandRidge Securities Settlement*
c/o Epiq
P.O. Box 6909
Portland, OR 97228-6909
Email: info@SandRidgeSecuritiesSettlement.com
www.SandRidgeSecuritiesSettlement.com
Telephone: 1-855-675-2851

In addition, you may contact Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1(800)449-4900, if you have any questions about the Litigation or the Settlement.

**DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

If you hold any SandRidge common stock purchased or acquired during the Class Period, as a nominee for a beneficial owner, then, within seven (7) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*SandRidge Securities Settlement*
c/o Epiq
P.O. Box 6909
Portland, OR 97228-6909
Email: info@SandRidgeSecuritiesSettlement.com
www.SandRidgeSecuritiesSettlement.com
Telephone: 1-855-675-2851

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection

4819-2626-3294.v6

with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____          BY ORDER OF THE COURT
                                UNITED STATES DISTRICT COURT
                                WESTERN DISTRICT OF OKLAHOMA

4819-2626-3294.v6

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) | No. 5:12-cv-01341-G |
| | ) | <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) ) ) | EXHIBIT A-2 |

4846-5419-9550.v5

## I.  GENERAL INSTRUCTIONS

1.  To recover as a Member of the Class based on your claims in the action entitled *In re SandRidge Energy, Inc. Securities Litigation*, No. 5:12-cv-01341-G (W.D. Okla.) (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.  YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2022, ADDRESSED AS FOLLOWS:

> *SandRidge Securities Settlement*
> c/o Epiq
> P.O. Box 6909
> Portland, OR 97228-6909
> Online Submissions:
> www.SandRidgeSecuritiesSettlement.com

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.  If you are a Member of the Class and you do not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the

Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.   CLAIMANT IDENTIFICATION

If you purchased or acquired SandRidge Energy, Inc. ("SandRidge") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, you purchased or acquired SandRidge common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of SandRidge common stock that forms the basis of this claim, as well as the purchaser or acquirer of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE SANDRIDGE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in SandRidge Common Stock" to supply all required details of your transaction(s) in SandRidge common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **all** of your purchases or acquisitions and **all** of your sales of SandRidge common stock which took place during the period from February 24, 2011 through February 6, 2013, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to **all** of the SandRidge common stock you held at the close of trading on February 23, 2011, November 8, 2012, and February 6, 2013.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of SandRidge common stock.  The date of a "short sale" is deemed to be the date of sale of SandRidge common stock.

Copies of broker confirmations or other documentation of your transactions in SandRidge common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

- 3 -

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-855-675-2851 or info@SandRidgeSecuritiesSettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

*In re SandRidge Energy, Inc. Securities Litigation*,

No. 5:12-cv-01341-G

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later Than:**

**_____, 2022**

<u>Please Type or Print</u>

PART I:　　　CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____　　_____

City　　　　　　　　　　　　　　　State or Province

_____　　_____

Zip Code or Postal Code　　　　　　Country

_____　　_____　　Individual

Social Security Number or　　　　　_____　　Corporation/Other
Taxpayer Identification Number

_____　_____

Area Code　　　　　　　Telephone Number (work)

_____　_____

Area Code　　　　　　　Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 5 -

4846-5419-9550.v5

PART II:      SCHEDULE OF TRANSACTIONS IN SANDRIDGE COMMON STOCK

    A.    Number of shares of SandRidge common stock held at the close of trading on February 23, 2011: _____

    B.    Purchases or acquisitions of SandRidge common stock (February 24, 2011 – February 6, 2013, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Purchase or Acquisition Price per Share | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

**IMPORTANT:** If any purchase listed covered a "short sale," please mark Yes.  ☐ Yes

    C.    Sales of SandRidge common stock (February 24, 2011- February 6, 2013, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Sale Price per Share | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

    D.    Number of shares of SandRidge common stock held at the close of trading on November 8, 2012: _____

    E.    Number of shares of SandRidge common stock held at the close of trading on February 6, 2013: _____

If you require additional space, attach extra schedules in the same format as above.

Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGES __-__; FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Western District of Oklahoma, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other SandRidge securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of SandRidge common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as the Settling Defendants and their Related Parties.

2.    "Related Parties" means each of the Settling Defendants' respective family members, agents, servants, attorneys, accountants, advisors, insurers, and partners; any

- 7 -

entity in which any Settling Defendant has or had a controlling interest, including all partners, principals, officers, employees, subsidiaries, affiliates, divisions, predecessors, successors, assigns, attorneys, stockholders, accountants, auditors, advisors, trustees, administrators, fiduciaries, consultants, representatives, insurers, and agents of those entities, in their respective capacities as such; any trust of which any Settling Defendant is the settler or which is for any Settling Defendant's benefit and/or that of any Settling Defendant's family members; and the predecessors, successors, administrators, personal representatives and assigns of each of the foregoing.  For the avoidance of doubt, the Related Parties for purposes of this Settlement include, among others, WCT Resources, L.L.C; 192 Investments, L.L.C; and TLW Land & Cattle, L.P.  Notwithstanding the foregoing, in no event shall the term "Related Parties" include any nominal or active defendant in the Litigation or the *Lanier* Litigation other than the Settling Parties themselves.

3.     "Released Claims" means all rights, liabilities, suits, debts, obligations, demands, damages, costs, expenses, fees, injunctive relief, attorneys' fees, expert consulting fees, prejudgment interest, indemnities, duties, losses, judgments, matters, issues, claims (including Unknown Claims), obligations, and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, direct or indirect, known or unknown, whether or not concealed or hidden, anticipated or unanticipated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or

regulation, and whether class and/or individual in nature, that arise out of or in connection with, or otherwise relate to both:

(a) the purchase or other acquisition of SandRidge common stock during the period from February 24, 2011 to November 8, 2012, inclusive; and

(b) any of the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation.

Released Claims do not include claims to enforce the Settlement.

4. "Unknown Claims" means: (a) any Released Claims that Plaintiffs or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement or decisions with respect to the Settlement, including, but not limited to, whether to release the Released Claims, object to, or opt out of this Settlement; and (b) any Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class Members and Plaintiffs' Counsel, which if known by him, her or it, might have affected his, her or its settlement and release of Plaintiffs, the Class Member and Plaintiffs' Counsel. With respect to: (a) any and all Released Claims against the Released Persons; and (b) any and all Released Defendants' Claims against Plaintiffs, the Class Members and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and

4846-5419-9550.v5

benefits conferred by the law of any state or territory of the United States or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

The Settling Parties or the Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims and Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever settle and release, and each other Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

- 10 -

5.      This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Settlement and the Settlement becomes effective on the Effective Date (as defined in the Stipulation and Agreement of Settlement).

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in SandRidge common stock which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this Proof of Claim.

8.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.  (Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____
(Month/Year)

in _____
(City)                                    (State/Country)

_____
(Sign your name here)

4846-5419-9550.v5

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. If this claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates or other documentation as they will not be returned.

5. Keep a copy of your Proof of Claim and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

## THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2022 ADDRESSED AS FOLLOWS:

*SandRidge Securities Settlement*
c/o Epiq
P.O. Box 6909
Portland, OR 97228-6909
Online Submissions:
www.SandRidgeSecuritiesSettlement.com

4846-5419-9550.v5

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) | No. 5:12-cv-01341-G |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | SUMMARY NOTICE |
| ALL ACTIONS. | ) ) ) | EXHIBIT A-3 |

4844-4009-3438.v3

TO:  ALL PERSONS AND ENTITIES THAT PURCHASED OR ACQUIRED SANDRIDGE ENERGY, INC. ("SANDRIDGE") COMMON STOCK DURING THE PERIOD BETWEEN FEBRUARY 24, 2011 AND NOVEMBER 8, 2012, INCLUSIVE (THE "CLASS PERIOD")

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Western District of Oklahoma, that a hearing, which the Court may require or permit to be conducted as a telephonic hearing, will be held on _____, **2022**, at __ _.m., before the Honorable Charles B. Goodwin, United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned litigation (the "Litigation"), as set forth in the Stipulation and Agreement of Settlement ("Stipulation") reached between the parties, consisting of Twenty-One Million Eight Hundred Seven Thousand Five Hundred Dollars ($21,807,500) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (4) whether the application by Lead Counsel for an award of attorneys' fees, charges, and expenses and the award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class should be approved; and (5) whether the Judgment, in the form attached to the Stipulation, should be entered.

Please note that the date, time and location of the Settlement Hearing are subject to change without further notice.  The Court may require or permit attendance at the Settlement Hearing by telephone.  If the Court requires or permits telephonic participation in the

Settlement Hearing, the dial-in number for the Settlement Hearing will be posted on www.SandRidgeSecuritiesSettlement.com.  Class Members who intend to appear at the Settlement Hearing are advised to visit www.SandRidgeSecuritiesSettlement.com for updates.

IF YOU PURCHASED OR ACQUIRED ANY OF THE COMMON STOCK OF SANDRIDGE DURING THE PERIOD BETWEEN FEBRUARY 24, 2011 AND NOVEMBER 8, 2012, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies by writing to *SandRidge Securities Settlement*, c/o Epiq, P.O. Box 6909, Portland, OR 97228-6909, or on the internet at www.SandRidgeSecuritiesSettlement.com.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail (***postmarked no later than _____, 2022***) or if submitted electronically ***no later than _____, 2022***, establishing that you are entitled to recovery.  Unless the deadline is extended, your failure to submit your Proof of Claim by the above deadline will preclude you from receiving any payment from the Settlement.

If you are a Class Member and you desire to be excluded from the Class, you must submit a request for exclusion such that it is ***received no later than _____, 2022***, in the manner and form explained in the detailed Notice, referred to above.  All Members of the

- 2 -

Class who do not timely and validly request exclusion from the Class will be bound by any

judgment entered in the Litigation pursuant to the Stipulation.

Any objection to the Settlement, the Plan of Allocation, or the fee and expense

application must be mailed to each of the following recipients, ***received no later than _____,***

***2022***:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> WESTERN DISTRICT OF
> OKLAHOMA
> 200 NW 4th Street
> Oklahoma City, OK 73102
>
> *Lead Counsel:*
>
> ROBBINS GELLER
>  RUDMAN & DOWD LLP
> EVAN J. KAUFMAN
> 58 South Service Road, Suite
> 200 Melville, NY 11747
>
> *Counsel for Settling Defendants:*
>
> LATHAM & WATKINS LLP
> STEVEN M. BAUER
> 505 Montgomery Street, Suite
> 2000 San Francisco, CA 94111
>
> COVINGTON & BURLING LLP
> MARK P. GIMBEL
> 620 Eighth Avenue
> New York, NY 10018

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR**

**SETTLING DEFENDANTS REGARDING THIS NOTICE.** If you have any questions

about the Settlement, you may contact Lead Counsel at the address listed above.

 DATED: _____          BY ORDER OF THE COURT
                                 UNITED STATES DISTRICT COURT
                                 WESTERN DISTRICT OF OKLAHOMA

4844-4009-3438.v3

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) | No. 5:12-cv-01341-G <br><br> <u>CLASS ACTION</u> |
| | ) | |
| This Document Relates To: | ) ) | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH |
| ALL ACTIONS. | ) ) | PREJUDICE |
| | ) | EXHIBIT B |

WHEREAS, this matter came before the Court pursuant to the Order Preliminarily Approving Settlement Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class ("Order") dated _____, 2021, on the application of Plaintiffs for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated as of November 12, 2021 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference: (a) the Stipulation; and (b) the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Summary Notice, and Declaration of the Claims Administrator filed with this Court on _____, 2021.  All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.    The Class encompasses all those who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, and were damaged thereby.  Excluded from the Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) members of the immediate family Defendants; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (v) Defendants' liability insurance carriers and any affiliates

- 1 -

or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

4.      The Notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  The Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

5.      [There have been ___ objections to the Settlement, each of which was addressed by the Court at the Settlement Hearing.]

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that:

(a)      the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class;

(b)      there was no collusion in connection with the Settlement;

- 2 -

(c)      the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of a third-party mediator; and

(d)      the record is sufficiently developed and complete to have enabled the Plaintiffs and Settling Defendants to have adequately evaluated and considered their positions.

7.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice. The parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.      The Releases set forth in Section 4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference.  Accordingly, this Court orders that:

(a)      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and all of their respective and/or collective Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executed and delivered the Proof of Claim and Release

- 3 -

form or shares in the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

(b)     Upon the Effective Date, and as provided in the Stipulation, Plaintiffs and all Class Members, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

(c)     Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all of their respective and/or collective claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants, except for claims relating to the enforcement of the Settlement.  For the avoidance of doubt, nothing herein or in the Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants under any policy of insurance or any claim that any of the Settling Defendants may have against any insurer under any insurance policy.

9.     Upon the Effective Date, any and all Persons shall be permanently barred, enjoined, and restrained, to the fullest extent permitted by law, from bringing,

- 4 -

commencing, prosecuting, or asserting any and all claims, actions, or causes of action for contribution or indemnity or otherwise against the Settling Defendants or any of the Released Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or obligated or agree to pay to the Class or any Class Member, arising out of, based upon, relating to, concerning, or in connection with any facts, statements or omissions that were or could have been alleged in the Litigation, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Litigation or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or any other proceeding or forum. Notwithstanding the foregoing, nothing herein shall bar any action by any of the parties to enforce or effectuate the terms of the Stipulation, the Settlement, or this Judgment.

10.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fees, charges, and expense application or an award to the Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling

- 5 -

Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settling Defendants and/or their respective Related Parties may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, charges, and expenses, and interest in the Litigation, as well as any award to the Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation; (e) the Class Members for all matters relating to the Litigation; and (f) other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

13.    The Court finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

4843-9310-4382.v5

14.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Fund shall be returned in accordance with the Stipulation.

15.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.   The Court directs immediate entry of this Judgment by the Clerk of the Court.

*    *    *

**O R D E R**

IT IS SO ORDERED.

DATED: _____    _____
                              THE HONORABLE CHARLES B. GOODWIN
                              UNITED STATES DISTRICT JUDGE

4843-9310-4382.v5