# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) ) | Case No. CIV-12-1341-G |

## ORDER

Now before the Court is Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of Settlement (Doc. No. 563). Plaintiffs seek, on behalf of themselves and on behalf of the proposed settlement class, preliminary approval of the proposed class action settlement between themselves and defendants Tom L. Ward, James D. Bennett, and Matthew K. Grubb (collectively, the "Settling Defendants"), and approval of the form and manner of the notice of pendency and settlement of the Litigation to Class Members.[1]

Having reviewed the proposed settlement, together with its exhibits, and based upon the relevant submissions, and all prior proceedings in this matter, the Court finds that that the proposed settlement satisfies the criteria for preliminary approval, finds that that the proposed settlement class is likely to be certified for settlement purposes, and approves the

---

[1] Unless otherwise indicated, capitalized terms that are not otherwise defined herein have the same meanings ascribed to them in the Stipulation and Agreement of Settlement, dated as of November 12, 2021 ("Stipulation"). *See* Doc. No. 564-1.

proposed notice plan.  Accordingly, for good cause shown, the Court GRANTS the Motion (Doc. No. 563).

The Court therefore ORDERS as follows:

1.     The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.     The Class encompasses all Persons and entities who purchased or otherwise acquired SandRidge Energy Inc. ("SandRidge") common stock between February 24, 2011 and November 8, 2012, inclusive, and were damaged thereby. Excluded from the Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) members of the immediate family of Defendants; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (v) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the requirements described below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to Class Members pursuant to this Order.  This Settlement Class is provisionally certified for purposes of settlement only.

3.     The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of

Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient settlement of the Action.

4.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

5.     The Settlement Hearing shall be held before this Court on **October 6, 2022, at 10:00 a.m.**, at the United States District Court for the Western District of Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102, (A) to determine (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered; (iii) whether the proposed Plan of Allocation is

fair, reasonable, and adequate and should be approved; (iv) the amount of attorneys' fees, charges, and expenses that should be awarded to Lead Counsel; and (v) any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and (B) to hear any objections by Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class. In the event the Court requires or permits a telephonic Settlement Hearing, Lead Counsel is instructed to update the Settlement website to prominently provide such information as well as the dial-in number.

6.      The Court approves, as to form and content, the Notice and Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation, respectively.  *See* Doc. No. 564-1.

7.      The Court approves the form of the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Stipulation.  *See Id.*

8.      The Court finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in paragraphs 10 and 12 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all

4

applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

9.     The firm of Epiq Class Action Notice and Administration ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

10.     Within seven (7) calendar days of this Order, SandRidge shall provide or cause to be provided to Lead Counsel and the Claims Administrator, without any charge to Plaintiffs or the Class, the last known names and addresses of all holders of record of SandRidge common stock during the Class Period to the extent such information is within the possession, custody, or control of SandRidge or its transfer agent.

11.     Not later than June 10, 2022 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed to the Stipulation, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.SandRidgeSecuritiesSettlement.com.

12.     Not later than June 3, 20212, the Claims Administrator shall cause the Summary Notice to be published once in The Wall Street Journal and once over a national newswire service.

13.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on the Settling Defendants' Counsel and file with the Court proof, by

affidavit or declaration, of such mailing and publishing.

14.     The Claims Administrator shall use reasonable efforts to give Notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, as record owners but not beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days after their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to a maximum of $0.10 per Notice and Proof of Claim plus postage for the current pre-sort rate used by the Claims Administrator if they decide to notify the beneficial owners directly; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; and subject to further order of this Court with respect to any dispute concerning such reimbursement.

15.     All fees and expenses incurred in identifying and notifying Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees or expenses.

16.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without

limitation, by submitting a Proof of Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

17.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than seventy (70) calendar days from the Notice Date. Any Class Member who files a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator. Any Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Stipulation, the Judgment, and the releases therein, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

18.     The Proof of Claim submitted by each Class Member must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in

a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury. As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the Claim submitted.

19.     Any Class Member may enter an appearance in the Litigation, at the Class Member's own expense, individually or through counsel of the Class Member's own choice. If a Class Member does not enter an appearance, that Class Member will be represented by Lead Counsel.

20.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than September 15, 2022.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, including the dates, the number of shares of SandRidge common stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Class. The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the

8

Stipulation, shall not share in the distribution of the Net Settlement Fund, are hereby enjoined from submitting a claim form, and shall not be bound by the Stipulation or any final judgment.

21.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to seven (7) calendar days before the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in paragraph 19 above.

22.     Lead Counsel shall cause to be provided to the Settling Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than September 29, 2022.

23.     Any Class Member who does not request exclusion may appear at the Settlement Hearing and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why an amount pursuant to 15 U.S.C. §78u-4(a)(4) should or should not be awarded to Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail any written objection and copies of any papers and briefs such that they are received, not simply postmarked, on or before September 22, 2022, by Robbins Geller Rudman & Dowd LLP, Evan J. Kaufman, 58 South Service Road, Suite 200, Melville, NY 11747, Latham & Watkins LLP, Steven M. Bauer, 505 Montgomery Street,

Suite 2000, San Francisco, CA 94111, and Covington & Burling LLP, Mark P. Gimbel,

620 Eighth Avenue, New York, NY 10018, and filed said objections, papers, and briefs

with the Clerk of the United States District Court for the Western District of Oklahoma,

200 NW 4th Street, Oklahoma City, OK 73102, on or before September 22, 2022. Any

objections must: (i) state the name, address, and telephone number of the objector and must

be signed by the objector even if represented by counsel; (ii) state that the objector is

objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees

or expenses in this Litigation; (iii) state the objection(s) and the specific reasons for each

objection, including any legal and evidentiary support the objector wishes to bring to the

Court's attention; (iv) state whether the objection applies only to the objector, to a subset

of the Class or to the entire Class; (v) include documents sufficient to prove the objector's

membership in the Class, such as the number of shares of SandRidge common stock

purchased or acquired during the Class Period, as well as the dates and prices of each such

purchase or acquisition; (vi) identify all other class action settlements in which the objector

or the objector's counsel has filed, or participated in the filing, an objection of any nature;

(vii) state whether the objector intends to appear at the Settlement Hearing; (viii) if the

objector intends to appear at the Settlement Hearing through counsel, state the identity of

all attorneys who will appear on the objector's behalf at the Settlement Hearing; and (ix)

state that the objector submits to the jurisdiction of the Court with respect to the objection

or request to be heard and the subject matter of the Settlement of the Litigation, including,

but not limited to, enforcement of the terms of the Settlement. The Court will consider a

Class Member's objection only if the Class Member has complied with the above

requirements. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of fees, charges, and expenses to Lead Counsel or any award to Plaintiffs, unless otherwise ordered by the Court. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees, charges, and expenses and award to Plaintiffs shall be filed and served by no later than September 1, 2022, and any reply papers shall be filed and served no later than September 29, 2022.

26.     The Released Persons shall have no responsibility for the Plan of Allocation

or any application for attorneys' fees, charges, or expenses submitted by Lead Counsel or any award to Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, charges, expenses, or awards should be approved. The Court reserves the right to enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or charges and expenses.

28.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to paragraphs 2.7 or 2.8 of the Stipulation.

29.     Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

30.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the parties, if

appropriate, without further notice to the Class.

31.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante as set forth in paragraph 7.5 of the Stipulation.

32.    Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Settling Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims or Released Defendants' Claims.

33.    Except to the extent the parties may agree to resolve through mediation any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED this 27th day of May, 2022.

CHARLES B. GOODWIN
United States District Judge