**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | No. 5:12-cv-01341-G |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | DECLARATION OF EVAN J. KAUFMAN FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Evan J. Kaufman, declare as follows:

1. I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm"). I am submitting this declaration in support of the application for an award of attorneys' fees, expenses, and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2. This Firm is counsel for Plaintiffs and Class Representatives Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin.

3. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4. After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 25,289.60. A breakdown of the lodestar is provided in the attached Exhibit A. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $17,658,997.00. The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases for each individual set by the Firm. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this Firm or other firms. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5. The Firm seeks an award of $2,395,291.30 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit B.

6. The following is additional information regarding certain of these expenses:

(a) Filing, Witness and Other Fees: $12,776.05. These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who served process of the complaint or subpoenas for Plaintiffs. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b) Business Wire/PR Newswire: $1,140.50. This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c) Transportation, Hotels & Meals: $130,875.49. In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings, meet with witnesses, mediators and opposing counsel, and take or defend depositions. Plaintiffs' counsel deposed and defended the depositions of nearly 30 witnesses (some more than once), most of which required travel to Oklahoma City and other cities around the country. The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(d) Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $122,153.41. The vendors who were paid for these services are listed in the attached Exhibit E.

(e) Local Bankruptcy Counsel (Barnet B. Skelton, Jr., P.C.): $3,870.30. Barnet B. Skelton, Jr., P.C. served as local counsel in the SandRidge bankruptcy action.

(f) Experts/Consultants/Investigators: $1,330,971.86.

(i) Ammonite Resources: $761,193.90. Ammonite Resources ("Ammonite") served a critical consulting role from nearly the start of the Litigation. This case involves highly complex and specialized issues relating to oil and natural gas production and estimates of reserves. Ammonite Resources is an expert consulting group specializing in geotechnical and economic analysis of energy and mineral exploration. Robbins Geller attorneys worked with Ammonite in key facets of the case, including the investigation for the amended complaint and all iterations thereafter. Ammonite assisted with the analysis of SandRidge's business and reserves, including evaluations of the estimated ultimate recovery ("EUR"), gas to oil ratio ("GOR"), and economics of SandRidge's assets in the Mississippian play. Ammonite assisted Plaintiffs' counsel with the interpretation of Defendants' statements during the Class Period and in formulating Plaintiffs' claims. Ammonite also provided substantial assistance to Plaintiffs' counsel during discovery, including document discovery and depositions. Ammonite helped Plaintiffs' counsel analyze and interpret documents and data obtained during discovery, consisting of thousands of pages of

spreadsheets containing technical oil and gas production and reserves data. Ammonite assisted Plaintiffs in evaluating the evidence developed during discovery.

(ii) Tasta Group dba Caliber Advisors, Inc. ("Caliber Advisors"): $358,183.59. Bjorn I. Steinholt, CFA, managing director of expert valuation and economic consulting firm Caliber Advisors, served as Plaintiffs' expert in connection with (i) Plaintiffs' motion for class certification and (ii) loss causation and damages during expert discovery. Mr. Steinholt is a Chartered Financial Analyst and opined on the issues of market efficiency of SandRidge common stock, loss causation, and damages. Mr. Steinholt prepared and submitted four expert reports and was deposed twice.

(iii) Crane Energy, LLC ("Crane Energy"): $134,811.30. Mr. Steven D. Crane, of Crane Energy, served as Plaintiffs' oil and gas production and reserves expert. Mr. Crane is a highly experienced and licensed petroleum engineer with over 40 years' worth of experience in the oil and gas industry. Mr. Crane was retained by Plaintiffs to opine on the EUR and GOR of SandRidge's Mississippian wells and he prepared and submitted two expert reports, plus appendices and exhibits. Among other things, Mr. Crane performed his own decline curve analyses for 345 Mississippian wells. Mr. Crane prepared two expert reports and was deposed. Mr. Crane's reports and testimony reports provided credible and strong support for Plaintiffs' claims.

(iv) L.R. Hodges & Associates, Ltd. ("LRH&A"): $39,689.10. Over a 13-month period (August through October 2015, March 2016, August and

October through December 2017, October and December 2018, April 2019 and February and June 2020) in which LRH&A provided investigative services to Robbins Geller, LRH&A expended 184.4 hours for combined fees of $37,422.50 and incurred related expenses of $2,266.60 for a total of $39,689.10. LRH&A's research staff expended 22.5 hours to research, identify, and confirm the employment status of prospective witnesses, locating all key targets, as well as maintaining and updating an evolving witness list to support other investigative individuals. This also involved research, retrieval, and analysis of relevant documents, including SEC filings, media articles, court filings, as well as other materials related to case issues. The case manager and interviewing investigators expended a combined 161.9 hours to research, review and analyze materials in preparation for the investigation; contacting and conducting interviews with targeted third-party witnesses; and thereafter, preparing comprehensive interview summaries and other case reports. In addition, these individuals were involved in analyzing key case issues, as well as establishing and executing the joint litigation-investigation plan and participating in numerous strategy sessions and investigation briefings with Robbins Geller.

(v) Freiberger Haber LLP/Jeffrey M. Haber ("Freiberger Haber"): $29,235.47. Freiberger Haber served as independent legal counsel to several former employees referenced in Plaintiffs' amended complaints. Defendants sought discovery, including depositions, from those individuals and Robbins Geller provided access to, and paid the expenses of, Freiberger Haber to provide independent third-party counsel for those former employees who wanted the assistance of counsel.

(vi) Gerson Lehrman Group, Inc. ("Gerson Lehrman Group"): $7,500.00. Gerson Lehman Group is a service which assists counsel in identifying appropriate experts. Plaintiffs identified and retained the services of Crane Energy, LLC through Gerson Lehman Group and paid a finder's fee for that service.

(vii) Jackfork Land, Inc. ("Jackfork Land"): $358.50. Plaintiffs alleged that Defendant Ward owned various drilling leases and other assets in the Mississippian. Plaintiffs retained Jackfork Land to retrieve, analyze, and report on local land records in connection with Plaintiffs' claims about the holdings of Defendant Ward.

(g) Photocopies: $4,674.01. In connection with this case, the Firm made 5,761 black and white copies. Robbins Geller requests $0.15 per copy for a total of $864.15. In addition, the Firm made 2,036 color copies. Robbins Geller requests $0.50 per copy for a total of $1,018.00. Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation. The Firm also paid $2,791.86 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in the attached Exhibit F.

(h) Online Legal and Financial Research: $60,069.35. This category includes vendors such as LexisNexis, Courtlink, PACER, Thomson Financial, Transunion Risk and Alternative Data Solutions, Inc., and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for cite-checking of briefs. This expense represents the expenses incurred by Robbins

Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(i) eDiscovery Database Hosting: $569,638.56. Robbins Geller requests $569,638.56 for hosting eDiscovery related to this Litigation. Robbins Geller has installed top tier database software, infrastructure, and security. The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200. Over 30 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 16 Type II data center with automatic replication to a datacenter located in a different geographic location. By hosting in-house, Robbins Geller can charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.

Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more). Robbins Geller is able to provide all these services for a rate that is typically much lower than outsourcing to a third-party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently and has reduced the time and expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over 3.5 million pages of documents produced by parties and non-parties in this action.

(j) Mediation Fees (Phillips ADR Enterprises, P.C.): $136,312.80. These are the fees of the mediator, the Honorable Layn R. Phillips, a former federal judge from the Western District of Oklahoma. Judge Phillips oversaw three in person mediations involving Plaintiffs and Defendants, reviewed the mediation statements and other materials provided by counsel, participated in numerous follow-up discussions with counsel, and presided over an arbitration between Plaintiffs in this Litigation and plaintiffs in the related *Lanier* action to determine the allocation of the global settlement proceeds between the two cases. The efforts of Judge Phillips were instrumental in the settlement of the Litigation.

(k) Miscellaneous Client Costs (Board of Trustees Laborers Pension Trust Fund for Northern Nevada ("Northern Nevada")): $5,153.60. This expense reimbursed Northern Nevada for travel to attend the deposition on April 19, 2018.

7. The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8. The identification and background of my Firm and its partners is attached hereto as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of September, 2022, at Melville, New York.

s/ Evan J. Kaufman
EVAN J. KAUFMAN

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I electronically transmitted the attached Declaration of Evan J. Kaufman Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses using the ECF system for filing, which will send notification of such filing to all counsel registered through the ECF System.

s/ Evan J. Kaufman
EVAN J. KAUFMAN