UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) ) | Case No. CIV-12-1341-G |

# ORDER

Now before the Court is Class Representatives Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin's (collectively, "Plaintiffs") Motion for Final Approval of Class Action Settlement (Doc. No. 569). On May 27, 2022, the Court issued an Order (Doc. No. 568, the "Order") preliminarily approving the class action settlement set forth in the Stipulation and Agreement of Settlement dated November 12, 2021 ("Stipulation") between Plaintiffs and Defendants Tom L. Ward, James D. Bennett, and Matthew K. Grubb (collectively, the "Settling Defendants"), and approving of the form and manner of the notice of pendency and settlement of the Litigation to Class Members.[1]

Having considered all documents and papers submitted by the parties in support of final approval and the parties' representation and argument presented at the hearing on final approval held on October 6, 2022, the Court finds that the criteria for final approval of the class action settlement have been satisfied. Accordingly, for good cause shown, the Court GRANTS the Motion for Final Approval (Doc. No. 569).

---

[1] Unless otherwise indicated, capitalized terms that are not otherwise defined herein have the same meanings ascribed to them in the Stipulation. *See* Doc. No. 564-1.

The Court therefore ORDERS as follows:

1. This Order ("Final Approval Order") incorporates by reference: (a) the Stipulation; and (b) the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Summary Notice, and Declaration of the Claims Administrator filed on September 1, 2022. *See* Doc. No. 578.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Class encompasses all those Persons and entities who purchased or otherwise acquired SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive, and were damaged thereby. Excluded from the Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) members of the immediate family of Defendants; (iv) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (v) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are those Persons, identified in Exhibit 1 to the Judgment, who timely and validly requested exclusion from the Class pursuant to the Notice.

4. The Notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The Notice provided the best notice practicable under

the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the Order, and fully and finally approves the Settlement set forth in the Stipulation in all respects and finds that:

(a) the Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class;

(b) there was no collusion in connection with the Settlement;

(c) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel with the assistance of a third-party mediator; and

(d) the record is sufficiently developed and complete to have enabled the Plaintiffs and Settling Defendants to have adequately evaluated and considered their positions.

6. The Releases set forth in Section 4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein by reference.

(a) Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and all of their respective and/or collective Released Claims (including Unknown Claims) against the Released Persons, whether or not such Class Member executed and delivered the Proof of Claim and Release form or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

(b) Upon the Effective Date, and as provided in the Stipulation, Plaintiffs and all Class Members, and anyone claiming through or on behalf of any of them, are hereby forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

(c) Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all of their respective and/or collective claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants, except for claims relating to the enforcement of the

Settlement. For the avoidance of doubt, nothing herein or in the Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants under any policy of insurance or any claim that any of the Settling Defendants may have against any insurer under any insurance policy.

7. Upon the Effective Date, any and all Persons shall be permanently barred, enjoined, and restrained, to the fullest extent permitted by law, from bringing, commencing, prosecuting, or asserting any and all claims, actions, or causes of action for contribution or indemnity or otherwise against the Settling Defendants or any of the Released Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment, or settlement which they pay or obligated or agree to pay to the Class or any Class Member, arising out of, based upon, relating to, concerning, or in connection with any facts, statements or omissions that were or could have been alleged in the Litigation, whether arising under state, federal, local, common, or foreign law, as claims, cross-claims, counterclaims, or third-party claims, in the Litigation or any separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or any other proceeding or forum. Notwithstanding the foregoing, nothing herein shall bar any action by any of the parties to enforce or effectuate the terms of the Stipulation, the Settlement, or this Final Approval Order.

8. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling

Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settling Defendants and/or their respective Related Parties may file the Stipulation and/or this Final Approval Order and the Judgment in this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. The Court finds that during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED this 30th day of December, 2022.

_____
CHARLES B. GOODWIN
United States District Judge