**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re SANDRIDGE ENERGY, INC. SECURITIES LITIGATION | ) ) ) ) | No. 5:12-cv-01341-G <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | ) ) ) ) ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR DISMISSAL PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2) AND BRIEF IN SUPPORT**

## I.     INTRODUCTION

Plaintiffs[1] hereby move pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to voluntarily dismiss nominal defendant SandRidge Energy, Inc. ("SandRidge") from this action.  The dismissal of SandRidge from this action will cause no prejudice to the sole remaining defendant SandRidge or members of the Class.[2]  SandRidge was named a nominal defendant "to the extent necessary to recover from remaining coverage under applicable insurance policies."  *See* Third Consolidated Amended Complaint for Violations of Federal Securities Laws, ECF No. 225 at ¶28.  On December 30, 2022, the Court granted final approval of the $21,807,500 settlement (the "Settlement") for the benefit of the members of the Class.  The Settlement was funded by applicable insurance.  Accordingly, SandRidge's inclusion as a defendant is no longer necessary.

## II.     RELEVANT BACKGROUND

The Court granted final approval of the Settlement between Plaintiffs and Defendants James D. Bennett, Matthew K. Grubb and Tom L. Ward on December 30, 2022.  ECF Nos. 591, 593.  The Court held the Settlement, which was the culmination of a decade of hard-fought litigation, is "in all respects, fair, reasonable, and adequate, and in the best interest of the Class."  *See* ECF No. 591 at 3.  Since SandRidge had not been dismissed through the orders submitted by the parties to the Settlement, to "facilitate the orderly disposition of this

---

[1]     The Plaintiffs are Class Representatives Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin (collectively, "Plaintiffs").

[2]     The Class consists of purchasers of SandRidge common stock between February 24, 2011 and November 8, 2012, inclusive.

case," the Court directed Plaintiffs to file a motion for dismissal pursuant to Fed. R. Civ. Proc. 41(a)(2) to the extent Plaintiffs are seeking dismissal of SandRidge. ECF No. 589. And such motion "shall address the applicability of [Fed. R. Civ. Proc. 23(e)] to the voluntary dismissal of the claim" against SandRidge and any required procedures thereunder. ECF 589 at 1-2. To the extent Plaintiffs are not seeking dismissal of SandRidge, the Court directed Plaintiffs to submit a written status report advising the Court as to the status of that claim. As discussed herein, Plaintiffs are seeking the voluntary dismissal of SandRidge. Plaintiffs have conferred with counsel for SandRidge and SandRidge does not oppose the relief requested herein.

## III. LEGAL STANDARDS

"Rule 41(a)(2) 'permits a district court to dismiss an action . . . upon such terms and conditions as the court deems proper.'" *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* Under this framework, "absent 'legal prejudice' to the defendant," the district court normally should grant such a dismissal. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) ("*Ohlander*"). Legal prejudice is a function of practical factors including "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Frank,* 992 F.3d at 998. And "[i]n reaching its conclusion, the district court should endeavor to insure

substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.*

Federal Rule of Civil Procedure 41 is also subject to Rule 23(e). *See* Fed. R. Civ. Proc. 41(a)(1)(a). Fed. R. Civ. Proc. 23(e) provides, in pertinent part, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." For that reason, a district court must consider whether a class action plaintiff seeking dismissal under Rule 41 is permitted to do so under Rule 23(e). *See Paulson v. Two Rivers Water and Farming Co.*, 2021 WL 2660789, at *4 (D. Colo. June 29, 2021). If these considerations are met, dismissal is without prejudice unless the court order states otherwise. *See* Fed. R. Civ. Proc. 41(a)(2).

As detailed below, dismissal is permissible under both Rules.

## IV.    ARGUMENT

### A.    Dismissal is Appropriate Under Rule 41(a)(2)

SandRidge, which previously sought to be dismissed from this action in its motion on January 7, 2021 (*see* ECF No. 536), and which does not object to its dismissal pursuant to this motion, will suffer no prejudice. And none of the factors enumerating legal prejudice under *Ohlander* are present here so dismissal under Rule 41(a)(2) is appropriate.

SandRidge's unique role as a nominal defendant extinguished when the Court granted final approval of the Settlement because Plaintiffs obtained the Settlement proceeds from available insurance. As SandRidge previously represented to the Court, without the need for liability insurance, "there is no longer any reason or basis to maintain SandRidge as a defendant in this matter[.]" *See* ECF No. 536 at 1. And dismissal does not subject

SandRidge to legal prejudice because it no longer needs to participate in the case, and there is no trial it needs to prepare for.[3]  *Cf. Paulson*, 2021 WL 2660789, at *4, n3 (no legal prejudice dismissing defendant corporation where available insurance coverage funded settlement with individual defendants, and no trial date was set).

There has also been no delay on the part of Plaintiffs seeking this relief.  At the October 6, 2022 Settlement hearing, Plaintiffs explained that the Settlement disposes of all remaining claims, including claims against SandRidge.  *See* ECF No. 589 at 1.  Then Plaintiffs promptly filed the instant motion as directed on December 30, 2022.  *See Brown v. Halliburton Energy Services, Inc.*, 2022 WL 17869279, at *2 (W.D. Okla. Dec. 22, 2022) (even when defendant engaged in fact discovery, no legal prejudice where motion was timely filed and plaintiff sufficiently explained the good faith basis for voluntary dismissal).

Dismissal would accord substantial justice to Plaintiffs and SandRidge.  Plaintiffs have obtained a meaningful recovery for the Class and even though SandRidge was not a signatory to the Settlement, it was Plaintiffs' intention to dismiss SandRidge once the Settlement was approved.  Furthermore, Plaintiffs incurred nearly $2.4 million in expenses litigating this case.  *See* ECF No. 579 at 2.  To require Plaintiffs to incur additional expenses litigating against SandRidge, when most of the insurance has been depleted, subjects them to undue burden and expense.  Likewise, requiring SandRidge to defend itself, when much of the available insurance coverage has been depleted, similarly incurs undue expense and burden.  Dismissal is therefore in the best interest of both parties.  *See Paulson*, 2021 WL

---

[3]     Per the scheduling order in place during settlement negotiations, no trial date has been set. *See, e.g.*, ECF No. 546.

2660789, at *4 (affirming substantial justice dismissal for non-settling defendant where $2 million of insurance coverage was used to fund a $1.5 million settlement entered into with co-defendants).  When viewed holistically, these unique contours readily support dismissal. *See Brown*, 2022 WL 17869279, at *2 (granting Rule 41(a)(2) motion where *Ohlander* factors, in the aggregate, "tip the scale" in favor of dismissal).

### B.   Dismissal Is Appropriate Under Rule 23(e) and Notice is Not Required

Since the dismissal of SandRidge does not alter any of the settled claims, issues or defenses, dismissal is also appropriate under Rule 23(e).  *See Paulson*, 2021 WL 2660789, at *5 (no Rule 23(e) implications where maintaining claims against a defendant "would afford no benefit or protection to the class members").

Furthermore, "notice to class members [is] not required under Rule 23(e) where voluntary dismissal of fewer than all defendants [is] without prejudice and 'there is no resolution of any of the claims on the merits that would bind the class members.'"  *Id; see also LaVigne v. First Community Bancshares, Inc.*, 2021 WL 4477921, at *4 (D.N.M. Sept. 30, 2021) ("[w]here . . . the proposal is to dismiss the claims without prejudice and the class is not bound by any determination, notice may not be required.").  Since Plaintiffs are seeking the dismissal of SandRidge without prejudice and there will be no resolution of any of the claims on the merits that would bind the members of the Class, notice is not required.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order dismissing SandRidge from the action without prejudice pursuant to Rule 41(a)(2).   A [Proposed] Order is filed herewith.

DATED:  January 10, 2023                    ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                            SAMUEL H. RUDMAN (admitted *pro hac vice*)
                                            EVAN J. KAUFMAN (admitted *pro hac vice*)
                                            CHRISTOPHER T. GILROY (admitted *pro hac vice*)


                                            /s/ Evan J. Kaufman
                                            EVAN J. KAUFMAN

                                            58 South Service Road, Suite 200
                                            Melville, NY  11747
                                            Telephone:  631/367-7100
                                            631/367-1173 (fax)
                                            srudman@rgrdlaw.com
                                            ekaufman@rgrdlaw.com
                                            cgilroy@rgrdlaw.com

                                            *Lead Counsel for Plaintiffs*

                                            DERRYBERRY & NAIFEH, LLP
                                            DARREN B. DERRYBERRY (OBA No. 14542)
                                            4800 North Lincoln Blvd.
                                            Oklahoma City, OK  73105
                                            Telephone:  405/708-6784
                                            405/528-6462 (fax)
                                            dderryberry@derryberrylaw.com

                                            *Liaison Counsel*

- 6 -

HAEGGQUIST & ECK, LLP
AMBER L. ECK
225 Broadway, Suite 2050
San Diego, CA 92101
Telephone:  619/342-8000
619/342-7878 (fax)
ambere@haelaw.com

*Additional Plaintiffs' Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2023, I electronically transmitted the attached

Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) Dismiss using the

ECF system for filing, which will send notification of such filing to all counsel registered

through the ECF System.

*/s/ Evan J. Kaufman*
EVAN J. KAUFMAN
