# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | ) | |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. | ) | Case No. CIV-12-1341-G |
| SECURITIES LITIGATION | ) | |
| | ) | |

## ORDER

Now before the Court is Class Representatives Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, and Angelica Galkin's (collectively, "Plaintiffs") Unopposed Motion for Dismissal (Doc. No. 594), seeking to dismiss their sole remaining claim against Defendant SandRidge Energy, Inc. without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The Motion states that Defendant SandRidge Energy, Inc. does not oppose the requested relief. *See* Pls.' Mot. (Doc. No. 594) at 3.

### I. Background

In September 2016, the Bankruptcy Court for the Southern District of Texas limited SandRidge Energy, Inc.'s liability in this action to the remaining coverage under applicable insurance policies,[1] and Plaintiffs therefore named SandRidge Energy, Inc. as a nominal defendant in their Third Consolidated Amended Complaint ("TAC") only "to the extent necessary to recover from available remaining coverage under applicable insurance policies." *See* TAC (Doc. No. 225) at 14-15. The TAC asserts one claim against Defendant

---

[1] *See* Amended Order Confirming the Amended Joint Chapter 11 Plan of Reorganization of SandRidge Energy, Inc. and Its Debtor Affiliates, *In re SandRidge Energy, Inc.*, Case No. 16-32488 (Bankr. S.D. Tex. Sept. 20, 2016), Doc. No. 901.

SandRidge Energy, Inc. for violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder.  *See id.* at 150-154.

On December 30, 2022, the Court granted final approval of the class action settlement set forth in the Stipulation and Agreement of Settlement dated November 12, 2021 between Plaintiffs and Defendants Tom L. Ward, James D. Bennett, and Matthew K. Grubb (collectively, the "Settling Defendants").  *See* Doc. No. 591.  Plaintiffs state that the class action settlement with the Settling Defendants was funded by applicable insurance policies, and that, accordingly, "SandRidge [Energy, Inc.]'s inclusion as a defendant is no longer necessary."  *See* Pls.'s Mot. at 2.

II. *Applicable Law*

Federal Rule of Civil Procedure 41(a)(2) prescribes that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2); *see Am. Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) ("[Rule] 41(a)(2) permits a district court to dismiss an action without prejudice upon such terms and conditions as the court deems proper.") (internal quotation marks omitted).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (internal quotation marks omitted).  "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal."  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (internal quotation marks omitted).

Claims of a certified class "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). If a proposed settlement, voluntary dismissal, or compromise will bind class members, then the Court must "direct notice to in a reasonable manner to all class members" and may only approve such a proposal after a hearing and upon finding that it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)-(2).

III.  *Discussion*

Plaintiffs argue that Defendant SandRidge Energy, Inc.'s "unique role as a nominal defendant extinguished" upon final approval of the class action settlement with the Settling Defendants. Plaintiffs further argue that the cost of continuing to litigate against Defendant SandRidge Energy, Inc. will exceed any potential benefit from doing so. Defendant SandRidge Energy, Inc. has previously sought to dismiss the claim against it on the basis that there are no funds available to satisfy a potential judgment against it, *see* Doc. No. 536, and Defendant SandRidge Energy, Inc. does not oppose Plaintiff's voluntary dismissal here. Based upon these representations from the parties, the Court finds that dismissal of the sole remaining claim against Defendant SandRidge Energy, Inc. in this action is warranted and appropriate at this stage.

In addition, the Court finds that the notice and hearing requirements under Rule 23(e) do not apply here because dismissing the claim against Defendant SandRidge Energy, Inc. without prejudice will not bind class members. *See* Fed. R. Civ. P. 23(e)(1)-(2); *Paulson v. Two Rivers Water and Farming Co.*, Civil Action No. 19-cv-2639, 2021 WL 2660789, at *5 (D. Colo. June 29, 2021) ("Because dismissing [Defendant] without

3

prejudice will not bind prospective class members, notice to the proposed class is unnecessary.")

## CONCLUSION

For the foregoing reasons, Plaintiffs' Unopposed Motion for Dismissal (Doc. No. 594) is GRANTED. The sole remaining claim in this action against Defendant SandRidge Energy, Inc. is dismissed without prejudice. A separate judgment shall be entered as to Defendant SandRidge Energy Inc.

IT IS SO ORDERED this 31st day of March, 2023.

_____
CHARLES B. GOODWIN
United States District Judge