UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | ) | |
|---|---|---|
| IN RE SANDRIDGE ENERGY, INC. | ) | Case No. CIV-12-1341-G |
| SECURITIES LITIGATION | ) | |
| | ) | |

## ORDER

In this action, claims were asserted under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of all persons and entities who purchased or otherwise acquired SandRidge Energy, Inc. common stock between February 24, 2011, and November 8, 2012, inclusive, and were damaged thereby. After extensive discovery and lengthy litigation, the plaintiffs and the settling defendants entered into a stipulation and agreement of settlement. On December 30, 2022, the Court approved the stipulation and agreement of settlement (*see* Doc. No. 591) and entered judgment (*see* J., Doc. No. 593).

In the Judgment, the Court retained continuing jurisdiction over "disposition of the Settlement Fund." J. at 1. The Court further ordered: "The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court." J. at 2. Epiq Class Action and Claims Solutions, Inc. ("Epiq") was appointed by the Court to supervise the notice procedure and the processing of claims in connection with the settlement of this action. *See* Doc. No. 568.

Now before the Court is a Request for Review (Doc. No. 598) filed by lead counsel for the plaintiffs. As outlined therein and the accompanying Declaration (Doc. No. 599)

by Epiq Settlement Project Manager Joseph Mahan, lead counsel asks that the Court to review the determinations made by Epiq as to two claimants.

The first, Jiafang Sun, submitted a Proof of Claim form dated August 16, 2022. *See* Mahan Decl. ¶ 5; *id.* Ex. A-1, Sun Docs. (Doc. No. 599-1) at 3-9. The claim was rejected because: (1) it did not reflect "a Recognized Loss"—i.e., the claim did not show a loss that was eligible to receive a distribution from the settlement fund;[1] (2) it did not "balance," as there were missing transactions; and (3) it lacked "genuine and sufficient documentation" for a cited transaction. *See* Sun Docs. at 2-3; Mahan Decl. ¶¶ 6-7.

The second, Sy N. Nguyen, submitted a Proof of Claim form on January 12, 2023. Request for Review at 4; *see* Mahan Decl. ¶ 5; *id.* Ex. A-2, Nguyen Docs. (Doc. No. 599-2) at 2-17. This claim was rejected because it did not reflect a Recognized Loss and so was ineligible to receive a distribution from the settlement fund. *See* Nguyen Docs. at 16;

---

[1] Pursuant to the Plan of Allocation, "[a] Recognized Loss Amount is calculated for each Class Member who purchased or acquired SandRidge common stock during the Class Period based on when that claimant purchased, acquired and sold shares, or retained shares beyond the end of the Class Period." Notice of June 10, 2022, at 6, *available at* https://www.SandRidgeSecuritiesSettlement.com.

As to Claimant Sun, Epiq found that Claimant Sun's Class Period purchases of stock that were sold before November 9, 2012, the date of the initial corrective disclosure, should be assigned a Zero Recognized Loss. Mahan Decl. ¶ 6; *see* Notice of June 10, 2022, at 6 ("If sold prior to November 9, 2012, the claim per share is $0.00."). Epiq further found that Claimant Sun's remaining Class Period purchases "are below or at the Holding Value of $6.40 per share" and should be assigned a Gain or Zero Recognized Loss. Mahan Decl. ¶ 6; *see* Notice of June 10, 2022, at 6 ("If retained . . . , the claim per share shall be the least of: . . . (iii) the difference between the purchase price and $6.40."); *id.* ("If a Recognized Loss Amount calculates to a negative number or zero under the formula . . . , that Recognized Loss Amount will be zero.").

Mahan Decl. ¶¶ 8-9.[2]

After Epiq was unable to resolve these disputes, the claimants requested review by the Court. *See* Sun Docs. at 11-15; Nguyen Docs. at 16, 19-21. No claimant or party has responded to the Request for Review within the time allowed under this Court's local rules.

Having considered the Request for Review, the accompanying Declaration, and the case record, the Court GRANTS review of the relevant claims and AFFIRMS the rejection of both disputed claims on the grounds cited by claims administrator Epiq. Specifically, the Court finds nothing in the record inconsistent with Epiq's uncontested findings or with Epiq's conclusions that the claim submitted by Claimant Sun was deficient and ineligible for participation in the settlement and the claim submitted by Claimant Nguyen was ineligible for participation in the settlement.

IT IS SO ORDERED this 30th day of April, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] Specifically, Epic found that Claimant Nguyen sold the Class Period purchases of stock before November 9, 2012, and so the claim should be assigned a Zero Recognized Loss. Mahan Decl. ¶ 8; *see* Notice of June 10, 2022, at 6.